UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE DEFENDANTS IDENTIFIED IN SCHEDULE A<br><br>Defendant. | Case No.: 1:22-cv-2259 |

# COMPLAINT

Plaintiff INTERFOCUS INC. ("Plaintiff" or "InterFocus") hereby brings the present action against the DEFENDANTS IDENTIFIED IN SCHEDULE A ("Defendants") and alleges as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and §1400, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants work jointly to directly targets business activities toward consumers in the United States, including Illinois, through at least a fully interactive e-commerce store operating as that offers to sell and sells infringing and counterfeit goods in this District. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers, offers shipping to the United States, including Illinois, accepts

payment in U.S. dollars and has sold products using infringing and counterfeit versions of Plaintiff's copyrighted designs using Plaintiff's copyrighted images (collectively, the "Counterfeit InterFocus Products") to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat an e-commerce store operator who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale Counterfeit InterFocus Products. Plaintiff is forced to file this action to combat Defendants' infringement of its registered copyrighted images, and in some instances original designs, as well as to protect unknowing consumers from purchasing counterfeit and Counterfeit InterFocus Products over the Internet. Plaintiff has been and continues to be irreparably damaged through infringement of its copyrighted images and its designs as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

### A. Plaintiff

4. Plaintiff InterFocus is a California Corporation having its principal place of business in Mountain View, California, that does business in Illinois.

5. Since 2014, InterFocus has operated an online store that markets high quality adult and children's clothing available to the public. Interfocus' online store is available on its website, https://us.patpat.com/.

6. Many items of clothing InterFocus sells on its "patpat.com" website are its own designs, which are or include original works of authorship fixed in a tangible medium of

2

expression, which protected under U.S. Copyright law, and which include non-functional design features.. Selected examples of Interfocus' copyrighted designs are shown in **Exhibit 1** attached hereto (the "InterFocus Designs").

7. Plaintiff has taken professional photos of its products and registered many of its photos with the United States Copyright Office. Those registrations include the more than thirty registered images (the "InterFocus Copyrighted Images") referenced in **Exhibit 2** attached hereto.

8. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, sell copies of, and display the InterFocus Copyrighted Images to the public. 17 U.S.C. § 106.

9. Since first publication, the InterFocus Copyrighted Images have been used to sell the InterFocus Products, and are featured on InterFocus' website at its online store at https://us.patpat.com/.

**B. The Defendants**

10. On information and belief, Defendants are companies organized in, and that reside in and operate from, Hong Kong and China to take advantage of the relatively lax intellectual property enforcement systems in place there, so as to facilitate the sale of counterfeit and infringing InterFocus and other goods to the U.S. and Illinois consuming public. One Defendant is a China-based company that owns the website selling such products. The other Defendant is related to the first Defendant and owns the mobile apps linked to the website to sell such products and the mobile apps are downloadable by U.S. consumers from Apple app store and Google Play.

11. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12. Defendants are identified in Schedule A, which has been filed under seal to prevent the defendants from hiding evidence and/or assets if given notice of this lawsuit.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

13. The success of InterFocus' genuine products on its "patpat.com" website has resulted in significant copying of dozens of the InterFocus Copyrighted Images and Designs by Defendant, and sales of dozens of those products on Defendants' website. Further, Plaintiff has discovered that Defendants are also selling what appear to be counterfeit products purporting to come from other prominent brands such as Nike, Burberry, Batman, Shark baby, and Disney. InterFocus is unaware of any genuine products sold through Defendants' site, and is informed and believes that Defendants operate their website to sell counterfeit and infringing products.

14. Defendants target consumers in this Judicial District and throughout the United States through these efforts. According to U.S. Customs and Border Protection (CBP), most counterfeit products now come through international mail and express courier services (as opposed to containers) due to increased sales from offshore online counterfeiters. The Counterfeit Silk Road: Impact of Counterfeit Consumer Products Smuggled Into the United States prepared for The Buy Safe America Coalition by John Dunham & Associates (**Exhibit 3**). The bulk of counterfeit products sent to the United States "come from China and its dependent territories," accounting for over 90.6% of all cargo with intellectual property rights (IPR) violations. Id. Of the $1.23 billion in total IPR violations intercepted, $1.12 billion was from China. Id. Counterfeit and pirated products account for billions in economic losses, resulting in

tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. Id.

15. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 5**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 4** at 186–187.

16. Defendants have targeted sales to Illinois residents by setting up and operating their website that targets United States consumers offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and it has sold Counterfeit InterFocus Products to residents of Illinois.

17. Defendants concurrently employ and benefit from advertising and marketing strategies substantially similar to InterFocus' strategies. In addition, Defendants facilitate sales by using source code from InterFocus and designing its website so that it appears to unknowing consumers to be similar to Plaintiff's "patpat.com" site, as well as those of other authorized online retailers, outlet stores, or wholesalers. Defendants' website appears sophisticated and

accepts payment in U.S. dollars via Visa, Master, and American Express credit cards, Diners Club International, JCB, Maestro, OXXO, and/or PayPal. It includes unauthorized InterFocus Copyrighted Images and other content that make it very difficult for consumers to distinguish its online store from that of an authorized retailer. Sometimes the unauthorized use of InterFocus Copyrighted Images is so blatant that the PatPat log on the clothes in the photo is still visible. Plaintiff has not licensed or authorized Defendants to use, copy or distribute any of the unauthorized InterFocus Copyrighted Images, and it is not an authorized retailer of genuine InterFocus products.

18. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully used and continues to use copies of hundreds of InterFocus Copyrighted Images in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit InterFocus Products into the United States and Illinois over the internet.

19. Defendants' sale of Counterfeit InterFocus Products using InterFocus Copyrighted Images into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 et seq AND 501)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-19, above.

21. The InterFocus Copyrighted Images constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, et seq.

22. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the InterFocus Copyrighted Images. The InterFocus Copyrighted Images at issue herein, some of

which also depict InterFocus's original designs, are protected by the U.S. Copyright Registration numbers shown in the attached **Exhibit 2**. At all relevant times, InterFocus has been and still is the owner of all rights, title, and interest in the InterFocus Copyrighted Images, which have never been assigned, licensed, or otherwise transferred to Defendants.

23. The InterFocus Copyrighted Images are published on the internet and available to Defendants online. As such, Defendant had access to the InterFocus Copyrighted Images via the internet.

24. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, sold, reproduced and/or made derivate works incorporating the InterFocus Copyrighted Images and Designs on Defendants' website. Defendants' images are identical to the InterFocus Copyrighted Images, and InterFocus's Designs, except that the images on Defendant's website are of lower resolution, typical of copying. Such conduct infringes and continues to infringe the InterFocus Copyrighted Images and Designs in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

25. Defendants reap the benefits of the unauthorized copying and distribution of the InterFocus Copyrighted Images and Designsin the form of revenue and other profits that are driven by the sale of Counterfeit InterFocus Products depicting by these images.

26. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating counterfeit and Counterfeit InterFocus Products that are virtually identical to InterFocus Copyrighted Images and Designs.

27. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

28. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

29. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the InterFocus Copyrighted Images and Designs.

## COUNT II

### VIOLATION OF LANHAM ACT SECTION 43(a), 15 U.S.C. 1125(a)

30. Plaintiff realleges and incorporates by reference paragraphs 1-29, above.

31. Defendants have marketed through websites that have offered for sale counterfeit versions of Plaintiff's products in a manner that is likely to cause confusion and, in fact, has caused confusion with respect to the origin, sponsorship or approval of such products in violation of 15 U.S.C. § 1125(a).

32. Defendants, through the operation of their websites have caused the importation of counterfeit goods in violation of 15 U.S.C. § 1125(b).

33. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

34. Plaintiff is entitled to recover three times the Defendants' profits, any damages sustained by Plaintiff, and the costs of this action under 15 U.S.C. § 1117(a).

35. Plaintiff is entitled to an injunction under 15 U.S.C. § 1116.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, principals, confederates, and all persons acting for, with, by, through under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

 a. reproducing, distributing copies of, making derivative works of, or publicly displaying the InterFocus Copyrighted Images in any manner without the express authorization of Plaintiff;

 b. passing off, inducing, or enabling others to sell or pass off any product bearing the InterFocus Designs as a genuine InterFocus Product that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for such sale;

 c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit InterFocus Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

 d. further infringing the InterFocus Copyrighted Images and Designs and damaging Plaintiff's goodwill; and

 e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, using the InterFocus Copyrighted Images or any substantially similar derivative thereof;

2)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any payment platforms such as credit cards, PayPal, JCB, Maestro, OXXO, and Diners' Club International, (collectively, the "Third Party Payment Providers") shall disable the accounts used by or associated with Defendants in connection with the sale of counterfeit and infringing goods which bear the InterFocus Designs and using InterFocus Copyrighted Images or any substantially similar derivative thereof;

3)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any internet app stores, including Apple App Store, Google Play, etc.(collectively, the "Third Party App Stores") shall remove Defendants' apps used by or associated with Defendants in connection with the sale of counterfeit and infringing goods which bear the InterFocus Designs and using InterFocus Copyrighted Images or any substantially similar derivative thereof;

4)     That Defendant account for and pay to Plaintiff all damages Plaintiff suffered and all profits Defendants realized by reason of Defendants' infringement of the InterFocus Designs and InterFocus Copyrighted Images pursuant to 17 U.S.C.§ 504(b) and 15 U.S.C. § 1125(a);

5)     Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

6)     Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

7)     Award any and all other relief that this Court deems just and proper.

Date: April 29, 2022								Respectfully submitted,

										RIMON, P.C.

										/s/ Eric C. Cohen
										Eric C. Cohen
										Ill. ARDC No. 0473685
										Rimon P.C.
										980 N. Michigan Ave., Suite 1400
										Chicago, IL 60611
										Telephone: (984) 960-2860
										Email: eric.cohen@rimonlaw.com

										Mark S. Lee
										Rimon, P.C.
										2029 Century Park East, Suite 400N
										Los Angeles, CA 90067
										Telephone: 310.561.5776
										Email: mark.lee@rimonlaw.com

										Zheng Liu
										Rimon P.C.
										800 Oak Grove Ave., Suite 250
										Menlo Park, CA 94025
										Telephone: (650) 382-4546
										Email: zheng.liu@rimonlaw.com

										Attorneys for Plaintiff, INTERFOCUS INC.