UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., A California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>The Defendants Identified in SCHEDULE A,<br><br>        Defendant. | Case No.: 1:22-cv-2259 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

**I.    INTRODUCTION**

Plaintiff INTERFOCUS INC. ("InterFocus" or "Plaintiff") moves *ex parte* for a temporary restraining order to prevent the Defendants identified in Schedule A of the Complaint ("Defendants")[1] from selling counterfeits of Plaintiff's copyrighted products and from transferring assets to avoid liability.

Defendants are Chinese or Hong Kong entities that misappropriated Plaintiff's website source code to create an interactive website that is using Plaintiff's copyrighted images to sell counterfeit versions of Plaintiff's products (the "Counterfeit InterFocus Products"), in violation

---

[1] InterFocus does not publicly identify that Defendants in this *ex parte* application because of the risk that, should Defendant learn of this action before being served with appropriate orders to preserve evidence and otherwise as requested herein, there is a significant risk that it would destroy evidence and/or begin its counterfeiting operations from new online foreign locations and reduce or eliminate the effectiveness of the remedies requested herein. InterFocus identifies that Defendant in the Schedule A to the Complaint it concurrently requests be filed under seal for this reason.

of Plaintiff's rights under the Copyright Act, 17 U.S.C. §§ 106, 501, and under Lanham Act 43(a), 15 U.S.C. § 1125(a).

Through their website, Defendants run a sophisticated counterfeiting operation, which targets sales to Illinois residents, including residents in this District. InterFocus seeks a temporary restraining order to immediately halt Defendants' infringement of dozens of its registered copyrights, as well as to protect unknowing Illinois and other consumers from purchasing Counterfeit InterFocus Products. Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue a Temporary Restraining Order *ex parte*.

## II.     STATEMENT OF FACTS

### A.     Plaintiff's Copyrights and Products

InterFocus is a California corporation and online store that since 2015 has made high quality, high value children's clothing available to the public on its website at https://us.patpat.com/. Many of the products it sells are its own, unique designs. Declaration of Sandi Graham (the "Graham Decl." ¶ 5, Ex. 1)

Plaintiff has registered images depicting those designs, along with other products it sells on its website, with the United States Copyright Office. The registrations include, but are not limited to, those attached as Exhibit 2 to Plaintiff's Complaint. Plaintiff's copyright registrations are *prima facie* evidence of Plaintiff's exclusive rights to reproduce, prepare derivative works of, distribute copies of, sell and display those and other genuine InterFocus Copyrighted Products to the public, and to use its copyrighted images to sell that merchandise. 17 U.S.C. §§ 106, 410(c).

### B.     Defendants' Unlawful Activities

Plaintiff Interfocus outsourced some of its backend services, including management of the patpat.com website, to a China-based vendor. A few former employees of this vendor

misappropriated the source code and other trade secrets to establish one or more websites dedicated to the sale of counterfeit merchandise, including counterfeit Interfocus merchandise. Graham Decl. ¶ 20. Defendants have sold counterfeit Interfocus merchandise to Illinois residents, including residents in this District. Graham Decl. ¶ 11, Ex. 4; Golden Decl. ¶¶ 3-6, Exs. 1-5.

Plaintiff has discovered that Defendants are copying and using without permission hundreds of InterFocus' Copyrighted Images to sell counterfeit InterFocus Products. Graham Decl. ¶ 14, Ex. 8. Defendants conduct their counterfeiting activities entirely in the Far East. However, Defendants have assets from their ill-gotten gains from the sales of counterfeit merchandise in the form of funds in the hands of payment services located in the U.S. Graham Decl. ¶ 11, Ex. 4; Golden Decl. ¶¶3, 6, Exs. 1, 6.

Further, although InterFocus only brings this action on its own behalf, it also discovered that Defendants are selling what appear to be counterfeit products purporting to come from Nike, Spiderman, Burberry and various other well-known brands. Graham Decl. ¶ 12, Exs. 5-7; Golden Decl. ¶ 4, Ex. 2. InterFocus is unaware of any genuine products sold though Defendant's website, which appears to sell only counterfeit, pirated goods Graham Decl. ¶ 12.

### III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and the goodwill symbolized by the InterFocus' Copyrighted Designs. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* temporary restraining order where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would

immediately stop the Defendants from benefiting from the sale of Counterfeit InterFocus Products, their wrongful copying and distribution of the InterFocus Copyrighted Designs and Images and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will reorganize and migrate to new websites under new names, as well as move any U.S. assets to off-shore bank accounts outside the jurisdiction of this Court. See Declaration of Mark Lee (the "Lee Decl.") at ¶¶ 5-10. Courts have recognized that civil actions against such infringers present special challenges that justify proceeding on an *ex parte* basis. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). As such, Plaintiff respectfully requests that this Court issue the requested *ex parte* temporary restraining order.

### A. This Court Has Jurisdiction Over Defendants

This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act, 17 U.S.C. § 501, et seq., 28 U.S.C. §§ 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois, through at least their fully interactive website. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, and accept payment in U.S. dollars. In fact, Defendants have sold Counterfeit InterFocus Products to residents of Illinois. See Golden Decl. ¶ 3, Ex. 1; Graham Decl. ¶ 11, Ex. 4. *See, e.g., Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal

jurisdiction proper over defendants offering to sell alleged infringing product to United States residents, including in Illinois). Defendants are committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

In this case, this Court has specific jurisdiction over Defendants. Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). Specific jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir.2014) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). "The exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *Id*. (citing *Tamburo*, 601 F.3d at 702).

"Displaying photos of an item for sale and inviting potential purchasers to place an order and buy the product through an Internet store is an offer for sale." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015) (finding "defendants' offers to sell counterfeit Monster Energy Products on their internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction over both defendants in this court"). Further, "specific jurisdiction is proper where [as here] a company 'h[olds] itself out as open to do business with every state' and is 'ready and willing to do business with [that state's] residents.'" *Id.* at 906, quoting *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 758 (7th Cir. 2010).

**B.     Standard for Temporary Restraining Order and Preliminary Injunction**

District Courts within this Circuit hold that the standard for granting a temporary restraining order and the standard for granting a preliminary injunction are the same. *See, e.g.*

5

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (*quoting Abbott Lab'ys. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id*.

### C. Plaintiff Will Likely Succeed on the Merits of Its Copyright Infringement and Lanham Act Claims

The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501. Among these exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the InterFocus Copyrighted Images to the public. 17 U.S.C. § 106.

To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted).

6

Copying can be shown through direct evidence, or it can be inferred where a defendant had access to the copyrighted work and the accused work is substantially similar. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). To determine whether there is a substantial similarity that indicates infringement, Courts use the "ordinary observer" test which asks whether "an ordinary reasonable person would conclude that the defendant unlawfully appropriated protectable expression by taking material of substance and value." *Id*. A work may be deemed infringing if it captures the "total concept and feel of the copyrighted work." *Id*.

1. **Plaintiff's Copyright Registrations are *Prima Facie* Evidence that Plaintiff Owns Valid Copyrights**

With respect to the first element, Plaintiff is the owner of at least twenty six relevant federally registered copyrights, which are *prima facie* evidence of the validity of the copyright and the facts stated in the copyright certificate. 17 U.S.C. § 410(c). *Estate of Maier v. Goldstein*, No. 17 C 2951, 2017 WL 5569809 at *5 (N.D. Ill. Nov. 20, 2017); *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 884 (N.D. Ill. 2005).

2. **Copyright Infringement is Evident from Defendant's Virtual Identical Copies**

As to the second element, Defendants are willfully and deliberately reproducing the Interfocus Copyrighted Images and Designs in their entirety. Defendants' unauthorized copies are virtually identical to the InterFocus Copyrighted Images and Designs. On occasions, Defendants did not even disguise the PatPat logo that are still on InterFocus Copyrighted Images. Graham Decl. ¶¶15e, 17; Declaration of Robert Rosenblum (the "Rosenblum Decl.") Exs. 4D, 8D. Such blatant copying infringes upon Plaintiff's exclusive rights under 17 U.S.C. §§ 106. As such, Plaintiff has proved it has a reasonable likelihood of success on the merits for its copyright infringement claim.

### 3. **Defendants' Marketing of Counterfeit Products Violates Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

In addition to infringing Plaintiff's copyrights, Defendants' marketing of counterfeit products violates Lanham Act § 43(a), which imposes civil liability on

> [a]ny person who, on or in connection with any goods . . . uses in commerce any word, term, name [or] symbol . . . or any false or misleading description of fact, or false or misleading representation of fact, which __ (A) is likely to cause confusion, or to cause mistake, or to deceive as to . . . the origin, sponsorship, or approval of his or her goods . . . by another person.

15 U.S.C. § 1125(a). Section 43(a) "goes beyond § 32 in making certain types of unfair competition federal statutory torts, whether or not they involve infringement of a registered trademark." *Famous Horse, Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 110 (2d Cir. 2010), quoting, *Ives Lab'ys., Inc. v. Darby Drug Co.*, 601 F.2d 631, 641 (2d Cir.1979); *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204 (7th Cir. 1990).

To establish a violation of section 43(a) Plaintiff must show (1) that Defendants "used in connections with goods or services a false designation of origin or false description or representation, (2) that Defendants caused such goods to enter into commerce in this country, (3) that Plaintiff is likely damaged as the result of Defendants actions. *Web Printing*, 906 F.2d at 1204. In this case, Defendants used a false designation or origin or false description by selling counterfeits of InterFocus' Designs, often with InterFocus' PatPat logo, which is a classic form of passing off. Defendants' counterfeit products have entered interstate commerce in this country, and Plaintiff has been damaged.

### D. **There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief**

This Court may grant an *ex parte* temporary restraining order and a preliminary injunction if it finds that InterFocus will suffer irreparable harm from Defendants' ongoing

8

infringement. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097 (N.D. Ill. 2005). Harm to Plaintiff's reputation, goodwill, marketing plan and the possible diversion of customers are all irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997) (irreparable harm to copyright owner's marketing plan caused by defendants' copyright infringement, supporting injunctive relief); *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law); see also, *Robinson v. Delicious Vinyl Records Inc.*, No. CV 13-4111-CAS PLAX, 2013 WL 3983014, at *7 (C.D. Cal. Aug. 1, 2013) ("Courts have repeatedly found that losing control of one's reputation and goodwill in the marketplace supports the issuance of an injunction.") Further, Defendants' location in China and Hong Kong, and its lack of a physical presence or assets in the U.S., weighs in favor of immediate injunctive relief to mitigate the risk that Defendants will simply ignore this Court's orders and set up shop elsewhere to frustrate effective judicial relief.

Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* TRO is not issued in accordance with Federal Rule of Civil Procedure 65(b). Monetary damages alone is not sufficient as plaintiff also suffers from harm such as loss of control of its reputation and goodwill, loss of future sales and customer base, etc. Graham Decl. at ¶¶ 22-28.

       **E.**    **The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm that Plaintiff will

9

suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. As willful infringers, Defendants are entitled to little equitable consideration. "Loss of profits from infringing products warrant little consideration in the balancing of harms analysis." *Ty, Inc.*, 959 F. Supp. at 945. Defendants should not consider it a burden to follow the law, and any purported harm to Defendants that could result from issuance of injunctive relief should not preclude an injunction. See *Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868, 888 (N.D. Ill. 2008) ("In assessing any irreparable harm that [the infringing party] may suffer, this Court 'excludes any burden it voluntarily assumed by proceeding in the face of a known risk.'") "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement…" *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*, 929 F. Supp. 473, 478 (D.D.C. 1996).

  As Plaintiff has demonstrated, Defendants have been profiting from their infringement of InterFocus' copyrights and sale of Counterfeit InterFocus Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Defendants are operating an internet store with Plaintiff's approval and endorsement. In this case, the injury to the public is significant, and the injunctive relief Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

### A. A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of InterFocus' Copyrighted Images and Designs Is Appropriate

Plaintiff requests a temporary injunction requiring Defendants to immediately cease all copying and distribution of the InterFocus Copyrighted Images and Designs by Defendants, on Defendants' website or elsewhere. Such relief is necessary to stop the ongoing harm to the InterFocus and associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized copying and distribution of the InterFocus Designs using InterFocus Copyrighted Images. The need for *ex parte* relief is magnified in today's global economy where counterfeiters can operate anonymously over the Internet. Many courts have authorized immediate injunctive relief in similar cases. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. April 21, 2015) (unpublished) (Order granting Ex Parte Motion for Temporary Restraining Order); *Mercis B.V., v. The Partnerships et al*, No. 1:21-CV-00872, 2021 WL 4699007 (N.D. Ill. Mar. 19, 2021) (same); *Peanuts Worldwide LLC v. The Partnerships et al.*, No. 22-cv-00793 (N.D. Ill. Mar.18, 2022) (same); *Kids Ride Shotgun Limited v. The Partnerships et al*, No. 1:22-cv-01368 (March 29, 2022) (Order extending temporary restraining order granted earlier based on copyright infringement)

### B. Preventing the Fraudulent Transfer of Assets Is Appropriate

Plaintiff requests an *ex parte* restraint of Defendants' assets so Plaintiff's right to an equitable accounting of Defendants' profits from sales of Counterfeit InterFocus Products is not impaired.[2] Issuing an *ex parte* restraint will ensure Defendants' compliance with this Court's

---

[2] Plaintiff has filed a Motion for Leave to File Under Seal certain documents for this same reason.

11

orders. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to other overseas accounts before a restraint is ordered. It has occurred multiple times previously in front of this Court that overseas e-commerce operator defendants moved their assets overseas after learning about a lawsuit as such.

For example, in *Volkswagen AG, et al. v. hkseller* 2011, et al.*, No. 18-cv-07621 (N.D. Ill. May 6, 2019), the Court found that defendants took deliberate action to avoid the asset restraint. At Plaintiffs' motion for an asset restraint hearing, defendants' counsel represented that at least $26,000 would remain in the PayPal account at issue until the next hearing a week later. However, between December 6, 2018 and December 12, 2018, defendants' PayPal accounts balance was reduced from $61,200 to approximately $26,500. The asset restraint was reinstated at the December 12, 2018 hearing. Shortly after the December 12, 2018 hearing and before plaintiffs could effectuate the reinstated asset restraint, defendants withdrew $20,000 from the PayPal account. Defendants' counsel later withdrew from representation, and defendants did not file a response to plaintiffs' motion for summary judgment. Judgment in the amount of $200,000 was entered. Defendants have not satisfied the judgment beyond the restrained funds.

In *PopSockets LLC v. Xuebo50, et al.*, No. 17-cv-06101 (N.D. Ill. Oct. 12, 2017), a defendant's PayPal account was restrained with an initial balance of $1,611,921. The PayPal account was released with the expectation that defendant would not be able to withdraw several hundred thousand dollars that were being held for potential consumer chargebacks. However, there appeared to be a misunderstanding with PayPal, and defendant reduced the account balance from $1,611,921 to $36,469 after receiving notice of the lawsuit. That defendant did not appear in the case, and default and default judgment were entered against it.

12

Even when defendants are not able to withdraw funds from the accounts, defendants employ other tactics to evade asset restraints. For example, in the case *Monster Energy Company v. Zuichudesecai, et al.*, No. 19-cv-00551 (N.D. Ill. Aug. 8, 2019), the defendant's PayPal account was restrained with an initial balance of $72,370. Defendant obtained counsel and filed a motion to dismiss. Defendant's motion to dismiss was denied, and subsequently defendant's counsel withdrew from the case. When defendant failed to obtain new counsel or file an answer as ordered by the Court, default and default judgment were entered against the defendant. However, it appears that during the lawsuit defendant covertly coordinated with buyers to initiate chargebacks that reduced the account to a negative balance of -$17,657.

Specifically, on information and belief, the Defendants in this case hold much of their assets in offshore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its copyright infringement claim, and therefore Plaintiff is entitled to recover "… any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

The Northern District of Illinois in *Lorillard Tobacco Co. v. Montrose Wholesale Candies* entered an asset restraining order in a trademark infringement case brought by a tobacco

company against owners of a store selling counterfeit cigarettes. *Lorillard*, No. 03 C 4844, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005). The Court recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief. Id. (*citing Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund*, 527 U.S. 308, 325 (1999)). Because the tobacco company sought a disgorgement of the storeowner's profits, an equitable remedy, the Court found that it had the authority to freeze the storeowner's assets. *Id*.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, an asset restraint is proper.

## C. Plaintiff Is Entitled to Expedited Third Party Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id*. (citation omitted). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2)).

Plaintiff respectfully requests expedited discovery to discover banks and payment system accounts Defendants use for their counterfeit sales operations. The expedited discovery requested in Plaintiff's Proposed TRO is limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. *See, e.g., Deckers Outdoor Corporation v. The*

14

*Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. April 21, 2015) (unpublished). Plaintiff's seizure and asset restraint may have little meaningful effect without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a TRO or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989). Because of the strong and unequivocal nature of Plaintiff's evidence of counterfeiting, trademark infringement, copyright infringement, and false designation of origin, Plaintiff respectfully requests this Court require Plaintiff to post a bond of no more than ten thousand U.S. dollars ($10,000.00). *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. April 21, 2015) (unpublished) ($10,000 bond).

## VI. CONCLUSION

Defendants' unlawful operations are irreparably harming Plaintiff's business. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court enter a TRO in the form submitted herewith.

Date: May 3, 2022						Respectfully submitted,

								RIMON, P.C.


								/s/ Eric C. Cohen

								Ill. ARDC No. 0473685
								Rimon P.C.
								980 N. Michigan Ave., Suite 1400
								Chicago, IL 60611
								Telephone: (984) 960-2860
								Email: eric.cohen@rimonlaw.com

								Mark S. Lee
								Rimon, P.C.
								2029 Century Park East, Suite 400N
								Los Angeles, CA 90067
								Telephone: 310.561.5776
								Email: mark.lee@rimonlaw.com

								Zheng Liu
								Rimon P.C.
								800 Oak Grove Ave., Suite 250
								Menlo Park, CA 94025
								Telephone: (650) 382-4546
								Email: zheng.liu@rimonlaw.com


								Attorneys for Plaintiff, INTERFOCUS INC.