UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERFOCUS INC., a California
Corporation

                Plaintiff,

v.

THE DEFENDANTS IDENTIFIED IN
SCHEDULE A,

                Defendant.

Case No.: 1:22-cv-2259

**DECLARATION OF SANDI GRAHAM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

## DECLARATION OF SANDI GRAHAM

I, Sandi Graham, declare and state as follows:

1.     This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2.     I have worked in the fashion garment industry for more than twenty years. For more than eight years I was a Director of Merchandising within the Gap Inc. organization, including the Baby Gap and Old Navy divisions.  I then became the Chief Merchant for Naartjie Kids, overseeing a large team of merchants and international designers. I have a wide-reaching knowledge of the apparel industry and the key players within the industry. Through my experience, I have become familiar with genuine goods made by various well-known brands and have learned to recognize "fake" or counterfeit goods that purport to be from those same brands.

3.     I am currently employed as the Vice President of Design and Merchandising at InterFocus Inc. (the "Plaintiff" or "InterFocus") and I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of InterFocus, including, but not limited to, its trademarks, copyrights, other intellectual property, its design of garments, licensing of intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge except where otherwise stated.

4.     Plaintiff InterFocus Inc. is a Delaware Corporation having its principal place of business at 650 Castro St., Suite 120-458, Mountain View, CA 94041.

5.     InterFocus was founded in 2015 to sell fast fashion garments for adults and children. The goal is to provide affordable and good-looking garments with good quality to

customers in the U.S., Europe and other markets. The employees, including myself, work on marketing, sales, promotion, licensing, garment design and various other functions. For back-office support such as IT, administration, warehouse, shipping, InterFocus outsourced to various vendors in Asia. The garments are sold at the website www.PatPat.com. A true and correct copy of excerpts of the official website are attached as **Exhibit 1**.

6. I joined InterFocus first in 2015. At that time InterFocus was just formed, and there were not sufficient resources for me to focus solely on the design of unique clothing. Instead, I focused on helping InterFocus source products from various Asian suppliers for sale on the PatPat website. I also helped train a young team at one of InterFocus' vendors on how to spot counterfeit products. I left in 2016 and rejoined InterFocus in 2018, after the company had grown substantially and could afford to hire an experienced designer like me. I was hired specifically to create a new line for PatPat called "Mosaic." Most of my efforts were focused on growing the business of "family matching" clothing. Up until that point, there was virtually no full family matching clothing that is not sleepwear in the retail world, that included father and son in addition to the traditional mother/daughter in matching clothing. I created this new business for InterFocus, and it quickly overtook sales of the existing mommy/daughter family-matching clothing. I create designs for garments and supervise a young design team at one of InterFocus' vendors to finish the design process and locate a manufacturer to create samples. I inspect and approve the final designs. In 2019, I also established the licensed product division at InterFocus and I currently oversee the merchandising and design teams for 25+ licensed characters, including Paw Patrol, DC Super Heroes, Harry Potter and Peppa Pig, to name a few.

7. Through the hard work and persistence, our products have become popular and recognizable in the past several years. Because we were the only company doing expanded family matching, many companies started to look at what we were doing so they could imitate it.

3

8.     InterFocus hires professional photographers to take high quality photos of our garments, including paying for models to have professional photos of our clothing taken on the models.  These photos are uploaded to the PatPat website to sell the products.  InterFocus also applies for copyright protections for many of the photos. Some of the copyrighted photos feature garments of my design. A true and correct copy of select designs I created by myself or with my team is attached as **Exhibit 2**.

9.     InterFocus has filed over 450 copyright applications with the U.S. copyright Office, most of them group registrations for more than 700 unpublished photographs, and thus has registered tens of thousands of photographs with the U.S. Copyright Office. A list of the registered copyrights of InterFocus is attached as **Exhibit 3**.

10.    The success of our design and business effort has, unfortunately, resulted in significant copying of both our designs and photographic images. Consequently, I pay attention to such copying regularly, and investigate suspicious sellers. There really is nothing worse than seeing that another company has stolen my design.  I also ask members of the design team that I supervise to inform me if they see any infringing products.

11.    Recently, Plaintiff has identified a number of e-commerce stores, in particular one seller, identified as Defendants in Schedule A of the Complaint, which was offering for sale and selling unauthorized and unlicensed InterFocus products, often even copying images from the PatPat website directly to sell counterfeit InterFocus products to consumers in this Judicial District and throughout the United States from its website. In addition, this e-commerce company offered shipping to the United States, including Illinois. Moreover, this company's website appears to be sophisticated and accepts payment in U.S. dollars via Visa, Master, and American Express credit cards, Diners Club International, JCB, Maestro, OXXO, and/or PayPal.

Finally, this company has mobile apps linked to its website and such apps are available in Apple app store and Google Play. It also provides an email address for contact. **Exhibit 4.**

12.     During the investigation, I also discovered that Defendants' website was purporting to offer for sale products from other famous brands, including brands such as Nike, Disney, D.C. Comics, Baby Shark etc., that I recognized as counterfeit.  The differences between the "Nike," "Spiderman," "Superman," "Burberry" and other purported brand name goods offered on the Defendant website and genuine Nike, Spiderman, etc. goods, although not necessarily apparent to the average consumer, was obvious to someone with the experience in the garment industry that I have.  This conclusion was reached through visual inspection of the products listed for sale by the e-commerce store, the substandard quality of the artwork used in the products, the price at which the unauthorized products were offered for sale, other features commonly associated with e-commerce stores selling counterfeit products, and my years of working experience in the garment and fashion industry.  Indeed, I did not see any brand name clothing offered on Defendants' website that I recognized as genuine goods. And, all of the counterfeit InterFocus, Nike, Disney, and other branded products I saw were offered for sale in the United States, including in the State of Illinois. InterFocus procured a few examples of such counterfeit goods to illustrate what Defendants are doing.  A true and correct copy of a photo of a counterfeit garment sold by Defendants on their website, bearing a "Batman" design that was sold to Ms. Amanda Richardson-Golden in this Judicial District, is attached. *See* **Declaration of Amanda Richardson-Golden (**the **"Golden Decl.") Ex. 2.**  A true and correct copy of a photo of a counterfeit "Sharkbaby" product sold by Defendant on its website, bearing a "Sharkbaby" design that was sold Ms. Amanda Richardson-Golden in this Judicial District, is attached. *See* **Id. Ex. 2.**

13. During the investigation, InterFocus also found that Defendants use platforms such as Facebook and Instagram to sell their counterfeit products. A true and correct copy of the same "Batman" design garment in paragraph 12 being sold on Facebook is attached as **Exhibit 5**. A true and correct copy of a counterfeit "Burberry" design being sold is attached as **Exhibit 6**. A true and correct copy of counterfeit Marvel's "Spiderman" and "Superman" designs being sold on Instagram is attached as **Exhibit 7**.

14. InterFocus found that Defendants have used InterFocus' copyrighted photos to sell products that look exactly like our products, without permission, at least for thirty-one (31) products. Below is an incomplete list of the registered InterFocus copyrights with the United States Copyright Office that have been used, without permission, by Defendants. See **Exhibit 8**.

15. Among these thirty-one incidences of Defendants using InterFocus' copyrighted photos to sell the same products that we have discovered so far, at least the following are of the designs created by myself and my team:

    a. InterFocus product # 17296179. Please see **Exhibits 2A** and **3A** of the Robert Rosenblum Declaration (the "**Rosenblum Decl.**") for the Copyright Registration sent to InterFocus by the Copyright office, the deposit photos InterFocus submitted to the Copyright Office (**Rosenblum Decl. Exs. 2B** and **3B**), the record of such photos on the PatPat website (**Id. Exs. 2C** and **3C**), and the record of Defendants using such photos on its website (**Id. Exs. 2D** and **3D**). Defendants' infringement is particularly egregious. One call tell easily that the photos were taken from the PatPat website, the clothing, the human models and the photos are all exactly the same. In addition, this product was ordered from Defendants' website and it arrived in this Judicial District. **Golden Decl. ¶ 5. Ex. 4**.

b.      InterFocus product #17272545. Please see the Copyright Registration
(**Rosenblum Decl. Ex. 5A**), the deposit photos InterFocus submitted to the Copyright
Office (**Id. Ex. 5B**), the record of such photos on the PatPat website (**Id. Ex. 5C**), and
the record of Defendants using such photos on its website (**Id. Ex. 5D**).  One call also
tell easily that the photos were taken from the PatPat website, the clothing and the
photos are exactly the same.

c.      InterFocus product # 17273247.  Please see the Copyright Registration (**Id. Ex.
7A**), the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 7B**),
the record of such photos on the PatPat website (**Id. Ex. 7C**), and the record of
Defendants using such photos on its website (**Id.  Ex. 7D**).  One call also tell easily
that the photos were taken from the PatPat website, the clothing and the photos are
exactly the same.

d.      InterFocus product # 17258714. Please see the Copyright Registration (**Id. Ex.
36A**), the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 36B**),
the record of such photos on the PatPat website (**Id. Ex. 36C**), and the record of
Defendants using such photos on its website (**Id Ex. 36D**).  One call also tell easily
that the photos were taken from the PatPat website, the clothing, the photos are
exactly the same.

e.      InterFocus product #17260034. Please see the Copyright Registration (**Id. Ex.
8A**), the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 8B**),
the record of such photos on the PatPat website (**Id. Ex. 8C**), and the record of
Defendants using such photos on its website (**Id. Ex. 8D**).  One call also tell easily
that the photos were taken from the PatPat website, the clothing and the photos are

exactly the same. If one looks carefully, one can even see the PatPat logo is still visible on some of the infringing photos.

    f.       InterFocus product #17296789. Please see the Copyright Registration (**Id. Ex. 37A),** the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 37B**), the record of such photos on the PatPat website (**Id. Ex. 37C**), and the record of Defendants using such photos on its website (**Id. Ex. 37D**). One call also tell easily that the photos were taken from the PatPat website, the clothing and the photos are exactly the same.

16.      InterFocus product # 17237031. Please see the Copyright Registration (**Rosenblum Decl. Ex. 1A**), the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 1B**), the record of such photos on the PatPat website (**Id. Ex. 1C**), and the record of Defendants using such photos on its website (**Id. Ex. 1D**). This is another example where the infringing act is very blatant. One call tell easily that the photos were taken from the PatPat website, the clothing, the human models and the photos are all exactly the same! In addition, this product was ordered from Defendants' website and it arrived in this Judicial District. **Golden Decl**. **¶ 5, Ex. 3**.

17.      InterFocus product #17300843. Please see the Copyright Office Certificate (**Rosenblum Decl. Ex. 4A**), the deposit photos InterFocus submitted to Copyright Office (**Id. Ex. 4B**), and the record of Defendants using such photos on its website (**Id. Ex. 4D**). One can also easily tell that the photos were taken from the PatPat website, the clothing and the photos are exactly the same. If one looks carefully, one can still see the PatPat logo on the photo from Defendants' website. **Id. Ex**. **4D**. In addition, this product was ordered from Defendants' website and it arrived in this Judicial District. **Golden Decl**. **¶ 5, Ex. 5**.

18.     InterFocus product 17314065.  Please see the Copyright Registration (**Rosenblum Decl. Ex. 14A**), the deposit photos InterFocus submitted to the Copyright Office (**Id. Ex. 14B**), the record of such photos on the PatPat website (**Id. Ex. 14C**), and the record of Defendants using such photos on its website (**Id. Ex**. **14D**).  This is another example where the infringing act is very blatant.  One call tell easily that the photos were taken from the PatPat website, the clothing, the human models and the photos are all exactly the same!

19.     At least another twenty-two InterFocus products were sold by Defendants, without permission, and Defendant used InterFocus' copyrighted photos to sell such products. They are described in detail in the **Rosenblum Decl.**, paragraphs 4 to 44.

20.     During out investigation, we also discovered that Defendants appear to have been established by several former employees of one of InterFocus' vendors, and they took source code, supplier names and contact information, pricing information etc. when leaving our vendor. The infringement by Defendants is therefore deliberate, willful, and in bad faith.

21.     Plaintiff has expended substantial time, money, and other resources in design, copyright registration, advertising and promoting the PatPat name and the garments sold on the PatPat website.

22.     Monetary damages alone cannot adequately compensate Plaintiff for ongoing infringement because monetary damages fail to address the loss of control of and damage to Plaintiff's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to Plaintiff reputation and goodwill by acts of infringement.

23.     Plaintiff has been irreparably damaged when plaintiff 's design and copyrighted photos are reproduced, distributed, and displayed to the public without its permission. Moreover,

9

consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to Plaintiff reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

24. Plaintiff is further irreparably harmed by the unauthorized use of plaintiff's designs and copyrighted photos because counterfeiters take away Plaintiff's ability to control the nature and quality of the unauthorized products. Loss of quality control over goods offered for sale or sold that copy the plaintiff's design and copyrighted photos and, in turn, loss of control over Plaintiff reputation is neither calculable nor precisely compensable.

25. Plaintiff is further irreparably harmed by the shoddy customer service provided by Defendants'. The first order of garments took more than three weeks to arrive in Chicago, Illinois. See **Golden Decl**, **¶¶ 3, 4**. The second order of garments never arrived, not even after about seven weeks and multiple phone calls to the customer service hotline. See **Id., ¶6**. Such service is undoubtably commonplace. Due to the use of PatPat images and designs on Defendants' website, InterFocus may also be tainted by such shoddy services.

26. The use of the PatPat copyrighted images with PatPat designs in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by Plaintiff is likely causing and will continue to cause consumer confusion, which weakens Plaintiff brand recognition and reputation. Consumers who mistakenly believe that the unauthorized products he or she has purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine PatPat products, resulting in a loss or undermining of Plaintiff reputation and goodwill. Indeed, there is damage to Plaintiff reputation and goodwill even if a consumer knows that the goods he or she is purchasing are counterfeit. Prospective consumers

who see inferior unauthorized PatPat products worn or used by others may mistakenly believe such goods to be genuine and may consequently develop a poor impression of Plaintiff and its products. Such post-sale confusion results in damage to Plaintiff reputation and correlates to a loss of unquantifiable future sales.

27.    Plaintiff is further irreparably damaged due to a loss of exclusivity. Our copyrighted images are meant to be exclusive. Plaintiff extensive marketing efforts and distribution of its own designs and using high quality images are aimed at growing and sustaining sales of such products. When counterfeiters use our copyrighted images to offer for sale or sell goods without Plaintiff authorization, the exclusivity of Plaintiff products, as well as Plaintiff reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

28.    Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 3rd th day of May, 2022 at Mission Viejo, California.

Sandi Graham

11