UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., a California Corporation<br><br>        Plaintiff,<br><br>v.<br><br>DEFENDANTS IDENTIFIED IN SCHEDULE A,<br><br>        Defendant. | Case No.: 1:22-cv-2259<br><br>Hon. Steven C. Seeger |

**PLAINTIFF'S *EX PARTE* MOTION FOR IMMEDIATE ENTRY OF TEMPORARY RESTRAINING ORDER**

Plaintiff Interfocus Inc. ("Plaintiff") moves for immediate entry of the temporary restraining order sought by Plaintiff in its May 3, 2022, *ex parte* motion for a temporary restraining order. Dkt. 9, 10. Plaintiff's motion seeks to restrain the Defendants Identified in Schedule A of the Complaint from transferring assets and secreting evidence of their counterfeiting of Plaintiff's copyrighted works. *Id.*

Plaintiff recently became aware of news reports in China, warning potential defendants of Plaintiff's lawsuit. *See*, exhibits A, B, and C, attached hereto. Exhibits A-C, which are published in Chinese, are accompanied by Google Translate versions in English. It is clear that the purpose of those news reports is to aid Chinese counterfeiters to avoid this Court's jurisdiction by secreting evidence of their counterfeiting and secreting assets. Among other things, Exhibits A-C identify the case number of this action, Plaintiff's name, Plaintiff's trademark "patpat," the list of copyright registrations underlying the Complaint, and various photos from some of Plaintiff's copyright registrations. When Plaintiff filed this lawsuit, it was

concerned that Defendants, who run a website that markets counterfeit goods that infringe Plaintiff's copyrights, are likely to take steps to dispose of assets and hide evidence they become aware of the pendency of this lawsuit against them prior to the issuance of the temporary restraining order sought in this case. Dkt. 10. Plaintiff made clear in its motion papers that if Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Dkt. 10.

It is clear from the attached news reports that the counterfeiting industry in China has organized to attempt to avoid consequences of anti-counterfeiting enforcement in the United States. An immediate temporary restraining order is necessary to preserve this Court's jurisdiction and to provide effective relief against the Chinese counterfeiters. 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

For these reasons, Plaintiff respectful moves this Court to immediately enter an order granting Plaintiff's motion for temporary restraining order.

Counsel for Plaintiff is available for a telephone call or Zoom hearing at the Court's early convenience, if necessary.

| | |
|---|---|
| Date: May 27, 2022 | Respectfully submitted, |
| | RIMON, P.C. |
| | /s/ Eric C. Cohen |
| | Eric C. Cohen |
| | Ill. ARDC No. 0473685 |
| | Rimon P.C. |
| | 980 N. Michigan Ave., Suite 1400 |
| | Chicago, IL 60611 |
| | Telephone: (984) 960-2860 |
| | Email: eric.cohen@rimonlaw.com |
| | |
| | Mark S. Lee |
| | Rimon, P.C. |
| | 2029 Century Park East, Suite 400N |
| | Los Angeles, CA 90067 |
| | Telephone: 310.561.5776 |
| | Email: mark.lee@rimonlaw.com |
| | |
| | Zheng Liu |
| | Rimon P.C. |
| | 800 Oak Grove Ave., Suite 250 |
| | Menlo Park, CA 94025 |
| | Telephone: (650) 382-4546 |
| | Email: zheng.liu@rimonlaw.com |
| | |
| | Attorneys for Plaintiff, INTERFOCUS INC. |