# Exhibit M

# 广东省深圳市南山区人民法院

# 民事判决书

（2021）粤 0305 民初 6725 号

原告：深圳盈富斯科技有限公司，住所地深圳市南山区西丽街道朗山路 19 号源政创业大厦 B 座 4 楼 401，统一社会信用代码 9144030033510109XJ。

法定代表人：王灿。

委托诉讼代理人：刘婷，北京市金杜（深圳）律师事务所律师。

委托诉讼代理人：黄丹丹，北京市金杜（深圳）律师事务所律师。

被告：黄飞龙，男，1986 年 12 月 3 日出生，汉族，身份证住址杭州市江干区多立方公寓 11 幢 3 单元 601 室，身份证号码 352202198612036330。

委托诉讼代理人：杨琪，广东梦海律师事务所律师。

委托诉讼代理人：陈南，广东梦海律师事务所实习律师。

原告深圳盈富斯科技有限公司诉被告黄飞龙竞业限制纠纷一案，本院于 2021 年 3 月 12 日立案受理后，根据《全国人民

代表大会常务委员会关于授权最高人民法院在部分地区开展民事诉讼程序繁简分流改革试点工作的决定》,依法由审判员褚觅适用普通程序独任审理,于 2021 年 5 月 8 日公开开庭进行了审理。原告的委托诉讼代理人刘婷、黄丹丹,被告的委托诉讼代理人杨琪、陈南到庭参加了诉讼。本案现已审理终结。

原告与被告因竞业限制违约金等争议向深圳市南山区劳动人事争议仲裁委员会提出仲裁申请,原告的仲裁请求:1、请求被告支付原告因违反《劳动合同》、《深圳盈富斯科技有限公司保密、竞业限制及知识产权保护协议》约定的竞业限制条款违约金 8018352 元;2、请求被告赔偿原告因违反竞业限制条款而给原告造成的损失 100 万元;3、请求被告继续履行与原告签订的《劳动合同》、《深圳盈富斯科技有限公司保密、竞业限制及知识产权保护协议》约定遵守竞业限制及保密义务;4、请求被告停止经营或与他人合作经营与原告经营范围相同或相似或相近的企业或在该企业中任职;5、请求被告就违反竞业禁止义务的行为向原告作出书面道歉并刊登在《深圳特区报》、《深圳商报》、《深圳晚报》上。仲裁委于 2020 年 11 月 26 日作出深南劳人仲裁【2020】1030 号仲裁裁决书,裁决如下:驳回原告的全部仲裁请求。原告不服上述仲裁裁决,向我院提起诉讼。原告在本案的诉讼请求与之前的仲裁请求一致,又当庭减少诉讼请求 1 的违约金数额为 1265182.39 元、减少诉讼请求 2 的损失金额为 193900 元,并撤回了诉讼请求 3,又于庭后提交书面申请

2

撤回了诉讼请求 4、5。本院以其最终确定的诉求为准。

原告主张,原告成立于 2015 年 4 月 7 日,成立后运营 Patpat 品牌,是原告运营的新一代跨境出口移动电商 APP,专注母婴服饰。被告于 2017 年 6 月 19 日入职原告担任运营总监,主要负责管理供应链及子公司的运营。双方有签订书面《劳动合同》和《深圳市盈富斯科技有限公司保密、竞业限制及知识产权保护协议》,劳动合同期限自 2017 年 6 月 19 日起至 2020 年 6 月 30 日止。竞业限制协议第 3 条约定了竞业限制条款,竞业期限为 1 年。2019 年 6 月 29 日被告从原告处离职。后经原告调查得知,被告存在严重违反竞业限制条款的行为,先是在职期间于 2017 年 8 月 29 日至 2019 年 1 月 17 日期间陆续投资设立杭州屯客科技有限公司、上海沛聪实业有限公司、上海品萃供应链管理有限公司、浙江越音科技有限公司、杭州蔚蔚贸易科技有限公司、杭州佑你科技有限公司、广州富霞咨询有限公司、杭州繁简品牌管理有限公司,以上公司在经营范围中的信息技术开发、计算机软硬件、技术服务、技术咨询、母婴用品等与申请人经营范围类似;被告在职期间利用杭州繁简企业管理咨询有限公司,由其配偶郑媛设立的上海小锄头电子商务有限公司、立葡(上海)贸易有限公司、杭州嗨宝贝科技有限公司,以及杭州二严电子商务有限公司与原告公司进行关联交易,利用职务便利,向原告提现货款。由被告配偶设立的三家公司与原告经营同类产品、从事同类业务;被告离职后又于 2019 年 8

3

月 23 日投资设立杭州嗨堡科技有限公司、杭州久龙科技有公司，并担任两家公司高管，该两家公司经营范围包括服饰、鞋帽等与原告经营范围类似；被告还存在促使其团队工作人员陈婷婷、叶刚等 7 人从原告子公司离职；被告以上行为严重违反双方之间约定的竞业限制条款及保密义务，致使原告遭受重大损失，故请求被告支付违反竞业限制违约金 1081485 元，按离职前 12 个月的平均工资 46402.5 元×30%×3 倍×24 个月+46402.5 元×30%×3 倍×24 个月×7 个人计算。被告在劳动合同期限内违反忠诚义务，擅自经营与原告存在竞争关系的业务，原告可根据被告的过错程度，对原告造成的损失要求被告承担相应的赔偿责任，故依法诉求被告支付原告相应经济损失数额。

被告辩称：1、原告与被告之间不存在劳动关系，被告系与原告的子公司杭州盈富斯科技有限公司存在劳动关系，在该公司工作，发放工资并缴纳社会保险；2、被告不属于高级管理人员和高级技术人员，没有掌握公司的商业秘密，不符合竞业限制人员的规定；3、《劳动合同》中关于第二职业限制的规定，已违反法律规定，应属于无效条款。《劳动合同法》第三十九条第四项规定，"劳动者同时与其他用人单位建立劳动关系，对完成本职工作有严重影响，或经用人单位提出，拒不改正的，用人单位可以解除劳动关系。"根据该规定，劳动者在劳动合同期限内，只要从事的第二职业并非与他人建立劳动关系，或

4

者不影响本职工作的，用人单位无权干涉，更无权干涉劳动者的非劳动行为，如投资行为等；4、杭州屯客科技有限公司、上海沛聪实业有限公司、上海品萃供应链管理有限公司、浙江越音科技有限公司、杭州蔚蔚贸易科技有限公司、杭州佑你科技有限公司、杭州繁简品牌管理有限公司、杭州嗨堡科技有限公司、杭州久龙科技有限公司与原告的经营模式、经营范围不相同，不存在竞争关系。首先，原告的经营模式为国内找供应链，定位为欧洲及美国市场，而这三家企业无涉及欧洲与美国业务；其次，原告系跨境出口电商平台，上述公司并非电商平台，不涉及跨境业务，双方不存在竞争关系；再次，如原告所述，上述公司的经营范围涉及服饰、母婴用品等，但原告的经营仅有计算机软件硬件、数码产品、日用百货，并没有服饰、母婴用品等，因此双方不可能存在竞争关系；5、《竞业限制协议》的范围、地域约定不明确，原告专注于跨境出口电商平台，市场在美国和欧洲，因此，竞业限制范围应为美国和欧洲等销售国家，而非国内；6、被告离职后，原告从未向其支付过竞业限制补偿金，故该竞业限制协议对劳动者不具有约束力，原告无权要求被告承担竞业限制义务。

原告根据其主张向本院提交了以下证据：1、杭州屯客科技有限公司、上海沛聪实业有限公司、上海品萃供应链管理有限公司、浙江越音科技有限公司、杭州蔚蔚贸易科技有限公司、杭州佑你科技有限公司、广州富霞咨询有限公司、杭州繁简企

5

业管理咨询有限公司、杭州嗨堡科技有限公司、杭州久龙科技有限公司的商事登记信息,证明被告在2017年8月29日至2019年1月17日期间投资设立了以上公司。2、《hibobi融资计划书》证明被告离职后在杭州嗨宝贝科技有限公司担任供应链运营VP(副总裁),2019年11月12日该公司获得数百万美元的天使融资。3、员工姜梦琦、路晴、王彦玲、周洋、朱莹臻的面试评估表、劳动合同、转正申请表及离职记录,证明被告促使其团队人员在原告处离职后,入职杭州嗨宝贝科技有限公司。4、被告配偶郑媛收款记录,三单导出记录,证明被告在职期间利用杭州繁简企业管理咨询有限公司、上海小锄头电子商务有限公司、杭州二严电子商务有限公司与原告进行关联交易,提现货款。被告对上述证据的质证意见:1、商事登记信息的真实性认可,但对关联性和证明对象有异议。杭州屯客科技有限公司不是跨境电商平台,没有涉外业务,于2019年5月23日经营范围才增加母婴用品,被告于2019年12月2日已转让股份。杭州蔚蔚贸易科技有限公司已注销,被告已于2019年3月19日转账股份。被告已于2019年4月11日退出杭州佑你科技有限公司。广州富霞咨询有限公司并非被告注册的公司,仅是股东名字与被告相同。被告已于2019年2月22日退出杭州繁简品牌管理有限公司。以上公司及杭州二严电子商务有限公司、杭州嗨堡科技有限公司、杭州久龙科技有限公司均不是跨境电商平台,没有涉外业务,且原告工商登记范围没有服装、母婴

6

用品等内容，原告与上述公司不存在业务竞争关系。上海沛聪实业有限公司、上海品萃供应链管理有限公司、浙江越音科技有限公司均未实际经营过，且均已注销。上海小锄头电子商务有限公司、立葡(上海)贸易有限公司、杭州嗨宝贝科技有限公司均不是被告设立的，被告没有实施竞业限制行为，原告在仲裁申请书中也并未提及该三家公司，该三家公司与原告也不存在业务竞争。2、《hibobi融资计划书》没有原始载体，真实性不予认可。3、员工姜梦琦、路晴、王彦玲、周洋、朱莹臻的材料中除了离职证明真实性无法核实，其余予以认可。第一，从这些员工的劳动合同中可看出这些员工均是杭州盈富斯公司员工，不是原告员工，而原告在证明对象中的陈述证明了被告与这些员工是一个团队的，也间接证明了被告是杭州盈富斯科技有限公司的员工，而非原告员工；第二，被告未怂恿这些员工离职；第三，这些员工离职是否因被告的原因均与本案无关，这些行为并不是竞业限制行为。4、郑媛收款记录、三单导出收款记录的真实性认可，关联性不认可。杭州繁简企业管理咨询有限公司、上海小锄头电子商务有限公司、杭州二严电子商务有限公司不是被告成立的，被告没有实施竞业限制行为。原告与三家公司是互利关系，非竞争关系，相当于淘宝与入驻商家的关系。

　　被告向本院提交了以下证据：1、原告及杭州盈富斯科技有限公司的商事登记信息，证明上述两公司的经营许可范围里并

7

无服装服饰、母婴用品等内容；2、钉钉记录及名片，证明被告的用人单位系杭州盈富斯科技有限公司；3、工资支付记录，证明原告的月工资为 8200 元，由杭州盈富斯科技有限公司发放工资；4、邀请函，证明被告的实际用人单位系杭州盈富斯科技有限公司；5、《离职证明》，证明被告的实际用人单位系杭州盈富斯科技有限公司；6、应诉通知书，证明实际用人单位杭州盈富斯科技有限公司向杭州市江干区劳动人事争议仲裁委员会对被告团队成员提出劳动仲裁，证明被告的实际用人单位系杭州盈富斯科技有限公司；7、网页截图，证明原告的销售市场在美国和欧洲，被告在国内从事任何行业均不存在竞争关系。原告对上述证据的质证意见：1、商事登记信息的真实性予以确认，但对证明内容和证明对象不予确认，原告的经营范围中日用百货批发、进出口及相关配套业务中已包含服装、服饰、母婴用品。2、名片的真实性予以确认，但该名片上显示被告的联系方式包括杭州、深圳两地，进一步说明被告是基于原告的工作安排被派驻到杭州办公，其劳动关系在原告处。钉钉记录三性均不予确认，原告无法核实证据的来源及内容的真实性。3、工资支付记录的三性不予确认，仅为截图，无法核实真实性。4、《邀请函》的真实性予以确认，对证明内容和证明目的和关联性不予确认，该证据的内容无法推翻原告与被告的劳动关系。5、《离职证明》的真实性予以确认，被告是与原告建立劳动关系之后被派驻至杭州盈富斯科技有限公司处工作，该离职证明系被告

8

在离职时为方便而就近在其所派驻的杭州盈富斯科技有限公司所开具。6、应诉通知书的真实性予以确认，证明目的和证明内容不予确认，应诉通知书中路晴、王彦玲、朱莹臻为被告派驻至杭州盈富斯科技有限公司后的团队成员，但被告与该三人的劳动关系存在本质区别，因为与被告办理入职手续签订劳动合同的是深圳公司，而与该三人办理入职手续、签订劳动合同的是杭州公司。7、网页截图的真实性予以确认，证明目的和证明内容不予确认，该证据所显示的是原告其中一项产品平台的宣传内容，不能以此认定原告的销售市场仅限于美国和欧洲，也不能以此排除被告的竞业限制义务。

经审理查明，双方当事人于 2017 年 6 月 19 日签署了《劳动合同》及《保密、竞业禁止及知识产权保护协议》，劳动合同期限自 2017 年 6 月 19 日起至 2020 年 6 月 30 日止。《保密、竞业禁止及知识产权保护协议》第 3 条"竞业限制禁止"约定："3.1 除公司与员工另有书面约定外，在受雇于公司期间以及员工与公司的劳动关系结束后一年内，在中国法律允许的最大范围内，员工不得直接或者间接地设立、经营、参与任何与公司或者任何关联公司直接或间接竞争的实体，不得直接或间接地为该实体或个人工作、提供财务支持、担保或任何建议、亦不得直接或间接地从事任何与公司或者其他管理公司业务相类似的活动。3.2 鉴于员工在劳动关系结束后对公司负有不竞争的义务，在员工与公司的劳动关系解除或终止后，在签署 3.1

条约定的竞业禁止期限内，公司应按月向员工支付补偿金。每月补偿金数额为员工与公司的劳动关系因劳动合同终止或者解除等原因结束前该员工月收入的 30%。为避免疑问，此处的"收入"包括基本工资、奖金以及公司以金钱形式支付给员工的、在中国法律规定下被视为公司支付给员工工资的一部分的任何其他款项；但不包括员工从公司处取得的或将要取得的股票期权和股权。尽管有上述规定，如果在员工与公司劳动关系终止或解除后，公司自行选择免除员工的不竞争义务，员工兹此同意，公司有权不支付上述补偿金。为避免歧义，公司是否支付竞业限制补偿金与员工履行本协议第 2 条的保密义务无关，除非经公司书面批准，员工在任何情况下均不得向任何其他公司或者个人披露保密信息。如果一方违反本协议竞业禁止规定的，除甲方或其他关联公司根据其与乙方签署的其他文件中规定的或法律赋予的救济外，应当向甲方支付违约金，数额为甲方应向其支付的每月竞业限制补偿费的 3 倍。"

被告于 2019 年 6 月 29 日离职。在双方约定的 1 年竞业期限内，原告未向被告支付竞业限制补偿金。2019 年 6 月 21 日，被告与另案被告叶刚、陈婷婷共同成立了杭州久龙科技有限公司，该公司的经营范围包括：服务：计算机软硬件、网络技术、电子商务技术、信息技术的技术开发、技术服务、技术咨询、成果转让、服装设计；批发、零售（含网上销售）：服装、皮具、鞋帽、纺织品、床上用品、箱包、母婴用品、玩具、化妆品、

10

文化用品等。2019 年 8 月 23 日，被告与叶刚、陈婷婷共同成立了杭州嗨堡科技有限公司，该公司的经营范围包括：服务：计算机软硬件、网络技术、电子商务技术、信息技术的技术开发、技术服务、技术咨询、成果转让，服装设计；批发、零售(含网上销售)：服装，皮具，鞋帽，纺织品，床上用品，箱包，母婴用品(不含婴幼儿奶粉)，玩具，化妆品，文化用品，家具，灯具，家居用品，数码产品及配件，通讯设备，电子产品(除电子出版物)，计算机软硬件，汽车用品及配件，家用电器，厨房用具，运动器材，户外用品，乐器，日用百货，办公用品；货物进出口等。

上述事实，有《劳动合同》、《深圳盈富斯科技有限公司保密、竞业限制及知识产权保护协议》、商事登记信息查询单、网页截图、离职证明等证据材料以及庭审笔录、当事人陈述在卷佐证，足以认定。

本院认为，原告与被告签订了书面劳动合同，并将被告派往子公司杭州盈富斯科技有限公司工作，故双方之间的劳动合同关系合法有效，双方的合法权益均应受到法律保护。用人单位可以在劳动合同或者保密协议中与劳动者约定竞业限制条款，并约定在解除或者终止劳动合同后，在竞业限制期限内给予劳动者经济补偿。劳动者违反竞业限制约定的，应当按照约定向用人单位支付违约金。本案中，原告与被告签订的《深圳盈富斯科技有限公司保密，竞业限制及知识产权保护协议》系

11

双方真实意思表示，内容未违反法律法规的禁止性规定，合法有效，双方均应遵照执行。该协议约定了被告在离职后一年内承担竞业限制义务，原告每月向被告支付竞业限制补偿金。同时约定如果在被告与原告劳动关系解除后，原告自行选择免除被告的不竞争义务，有权不支付上述补偿金。若被告违反竞业限制义务，应当按照原告应向其支付的每月竞业限制补偿费的3倍向原告支付违约金。由此可见，双方约定被告离职后承担竞业限制义务系以原告支付竞业限制补偿金为前提。而在被告自原告处离职后，原告并未实际支付过竞业限制补偿金，对此亦未能作出合理的解释。依据双方协议的约定，原告以其不支付竞业限制补偿金的行为，自行选择免除被告的不竞争义务，故在原告未向被告支付竞业限制补偿金的前提下，原告要求被告承担竞业限制违约金，依据不足，本院不予支持。关于经济损失的问题。原告未能举证证明因被告违反竞业限制义务给原告造成实际经济损失，故对被告的该项诉求，依据不足，本院不予支持。

综上，根据《中华人民共和国劳动合同法》第二十三条、第二十四条，《中华人民共和国民事诉讼法》第六十四条第一款之规定，判决如下：

驳回原告深圳盈富斯科技有限公司的全部诉讼请求。

本案原告起诉的案件受理费10元，由原告负担。

如不服本判决，可以在判决书送达之日起十五日内，向本

12

院递交上诉状，并按对方当事人的人数或者代表人的人数提出
副本，上诉于广东省深圳市中级人民法院。

审　判　员　　褚　觅



二〇二一年七月十九日

书　记　员　　文凤云

13