# Exhibit N

# People's Court of Nanshan District, Shenzhen, Guangdong Province
# Civil Judgment

(2021) Yue 0305 Minchu No. 6725

Claimant: Shenzhen Yingfusi Technology Co., Ltd., domiciled at 401, 4F, Block B, Yuanzheng Venture Building, No. 19 Langshan Road, Xili Sub-district, Nanshan District, Shenzhen, Unified Social Credit Code: 9144030033510109XJ.

Legal Representative: WANG Can

Attorney Ad Litem: LIU Ting, solicitor of Beijing King & Wood Mallesons (Shenzhen) Law Firm.

Attorney Ad Litem: HUANG Dandan, solicitor of Beijing King & Wood Mallesons (Shenzhen) Law Firm.

Defendant: HUANG Feilong, male, born on December 3, 1986, Han ethnicity, ID card residential address: Room 601, Unit 3, Building 11, Duolifang Apartment, Jianggan District, Hangzhou, ID Card No.: 352202198612036330.

Attorney Ad Litem: YANG Qi, solicitor of Guangdong Menghai Law Firm.

Attorney Ad Litem: CHEN Nan, trainee solicitor of Guangdong Menghai Law Firm.

The Claimant, namely, Shenzhen Yingfusi Technology Co., Ltd., is suing the Defendant, HUANG Feilong, regarding a non-compete dispute. Upon this court accepting the case on March 12, 2021, pursuant to the *Decision of the Standing Committee of the National People's Congress on Authorizing the Supreme People's Court for Pilot Work of the Reform of Separating Complex and Simple Civil Procedure in Certain Regions*, the judge, namely, CHU Mi, applied the ordinary procedure to the

1

sole trial according to the law. A public hearing was held on May 8, 2021. The Claimant's Attorneys Ad Litem, LIU Ting and HUANG Dandan, and the Defendant's Attorneys Ad Litem, YANG Qi and CHEN Nan, attended the lawsuit. The case has now been concluded.

The Claimant and the Defendant filed an arbitration application with the Shenzhen Nanshan District Labor and Personnel Dispute Arbitration Commission due to a non-compete liquidated damages, etc. dispute. Claimant's Arbitration Claim: 1. Request the Defendant to pay the Claimant RMB8,018,352 in liquidated damages for the non-compete clause stipulated in the *Labor Contract*, as well as the *Shenzhen Yingfusi Technology Co., Ltd. Confidentiality, Non-compete, and Intellectual Property Protection Agreement*; 2. Request the Defendant to compensate the Claimant for their loss of RMB1 million due to the violation of the non-compete clause; 3. Request the Defendant to continue to perform the *Labor Contract*, as well as the *Shenzhen Yingfusi Technology Co., Ltd. Confidentiality, Non-compete, and Intellectual Property Protection Agreement* concluded with the Claimant and to abide by the non-compete and confidentiality obligations; 4. Request the Defendant to cease operating or cooperating with others to operate a company with the same, similar, or like business scope as the Claimant or hold a position in such a company; 5. Request the Defendant to make a written apology to the Claimant for violating the non-compete obligation and publish it in the *Shenzhen Special Economic Zone News*, *Shenzhen Commercial Daily,* and *Shenzhen Evening News*. The Arbitration Commission issued Shen Nan Lao Ren Arbitration [2020] No. 1030 Arbitration Award on November 26, 2020. Verdict as follows: The Claimant's full claim for arbitration is dismissed. The Claimant refused to accept the aforesaid arbitral award and brought a lawsuit to our court. The Claimant's claim in this case is consistent with the previous arbitration claim. In court, the liquidated damages amount for claim 1 was reduced to RMB1,265,182.39, the loss amount for claim 2 was reduced to RMB193,900, and claim 3 was withdrawn. After the court review, a written application was submitted to withdraw claims 4 and 5. The final confirmed appeal shall prevail in this Court.

The Claimant contends that the Claimant was established on April 7, 2015. It operated under Patpat brand upon establishment, which is a new generation, cross-border, export, mobile, e-commerce APP operated by the Claimant with their core business in maternal and infant apparel. On June 19, 2017, the Defendant joined the Claimant as the Operation Director mainly responsible for managing the supply chain and operations of the subsidiaries. Both Parties have concluded a written *Labor Contract* and the *Shenzhen Yingfusi Technology Co., Ltd. Confidentiality, Non-compete, and Intellectual Property Protection Agreement*. The Labor Contract period was from June 19, 2017 to June 30, 2020. Article 3 of the Non-competition Agreement stipulates the non-compete clause for a non-compete period of 1 year. On June 29, 2019, the Defendant resigned from the Claimant. Upon the Claimant's investigation, it was discovered that the Defendant had seriously violated the non-compete clause. From August 29, 2017 to January 17, 2019, he successively invested in the establishment of Hangzhou Tunke Technology Co., Ltd., Shanghai Peicong Industrial Co., Ltd., Shanghai Pincui Supply Chain Management Co., Ltd., Zhejiang Yueyin Technology Co., Ltd., Hangzhou Weiwei Trading Technology Co., Ltd., Hangzhou Youni Technology Co., Ltd., Guangzhou Fuxia Consulting Co., Ltd., and Hangzhou Fanjian Brand Management Co., Ltd. The aforesaid companies are in the scope of business of information technology development, computer software and hardware, technical services, technical consultation, maternal and infant products, etc., which is similar to the scope of business of the Claimant. During his term in office, the Defendant took advantage of his position and exploited Hangzhou Fanjian Enterprise Management Consulting Co., Ltd.; his spouse, ZHENG Yuan, established Shanghai Xiaochutou E-Commerce Co., Ltd., Lipu (Shanghai) Trading Co., Ltd., Hangzhou Haibaobei Technology Co., Ltd., and Hangzhou Eryan E-Commerce Co., Ltd., to connect and conduct transactions with the Claimant's company and withdraw payment of goods from the Claimant. The three companies established by the Defendant's spouse engage in the same category of products and type of business as the Claimant. After the Defendant's resignation, on August 23, 2019, he invested in and established Hangzhou Haibao Technology Co., Ltd. and Hangzhou Jiulong Technology Co., Ltd. and served

3

as the senior manager of the two companies. The business scope of such two companies, including apparel, shoes and hats, etc. is similar to the Claimant. The Defendant also urged 7 staff members, such as CHEN Tingting, YE Gang, etc., to resign from the Claimant's subsidiary. The aforesaid behavior of the Defendant seriously violated the non-compete clauses and confidentiality obligations agreed between both Parties, which caused the Claimant to have a material loss. Hence, the Defendant is requested to pay RMB1,081,485 liquidated damages for violating the non-compete restrictions, based on the average salary of RMB46,402.5 × 30% × 3 times × 24 months + RMB46,402.5 × 30% × 3 times × 24 months × 7 staff in the 12 months before leaving the company. The Defendant violated the duty of loyalty within the term of the Labor Contract, by operating a business that competes with the Claimant without authorization. The Claimant may, according to the extent of the Defendant's fault, request the Defendant to bear the corresponding compensation liability for the losses caused to the Claimant. Hence, according to the law, the Defendant is required to pay the Claimant the corresponding financial losses.

    The Defendant argued the following: 1. There was no labor relationship between the Claimant and the Defendant. The Defendant has a labor relationship with the Claimant's subsidiary, namely, Hangzhou Yingfusi Technology Co., Ltd.; he worked in such company, received wages, and paid for the social insurance; 2. The Defendant is not classified as the senior manager and senior technician. He does not possess the company's trade secrets, which does not comply with the regulations on non-compete personnel; 3. The regulations on the second occupation restriction in the *Labor Contract* violate the law, and this clause shall be invalid. Article 39(4) of the *Labor Contract Law* stipulates, "The employer may discharge the labor relationship when the employee simultaneously establishes labor relationships with other employers which have a serious impact on the completion of their own work, or the case is raised by the employer but fails to be rectified." According to such regulation, during the term of the labor contract, as long as the laborer's second occupation is not a labor relationship with others or does not affect the work, the employer has no right to interfere, nor any right to interfere with the non-labor behavior of the laborer, such as investment behavior,

4

etc.; 4. Hangzhou Tunke Technology Co., Ltd., Shanghai Peicong Industrial Co., Ltd., Shanghai Pincui Supply Chain Management Co., Ltd., Zhejiang Yueyin Technology Co., Ltd., Hangzhou Weiwei Trading Technology Co., Ltd., Hangzhou Youni Technology Co., Ltd., Hangzhou Fanjian Brand Management Co., Ltd., Hangzhou Haibao Technology Co., Ltd., and Hangzhou Jiulong Technology Co., Ltd. and the Claimant's business model and scope of business are different. Hence, there is no competitive relationship. First, the Claimant's business model is to find a domestic supply chain. It is positioned in the European and US markets. These three companies have no business in Europe and the United States. Second, the Claimant' is a cross-border, export, e-commerce platform. The aforesaid companies are not e-commerce platforms and are not involved in cross-border business. There exists no competition between the Parties. Furthermore, as stated by the Claimant, the scope of business of the aforesaid companies involves apparel, maternal and infant products, etc., but the Claimant's business only includes computer software and hardware, digital products, and daily necessities, which does not include apparel, maternal and infant products, etc.; hence, it is impossible to have a competitive relationship between both Parties; 5. The scope and territory agreed in the *Non-competition Agreement* are unclear. The Claimant focused on cross-border, export, e-commerce platforms' markets in the US and Europe. Hence, the scope of non-compete should be sales countries like the United States and Europe rather than the domestic market; 6. Upon the Defendant's resignation, the Claimant never paid him non-compete compensation. Hence, the Non-competition Agreement is not binding on laborers. The Claimant has no right to require the Defendant to undertake non-compete obligations.

The Claimant submitted the following evidence to this Court in accordance with its assertion: 1. The business registration information of Hangzhou Tunke Technology Co., Ltd., Shanghai Peicong Industrial Co., Ltd., Shanghai Pincui Supply Chain Management Co., Ltd., Zhejiang Yueyin Technology Co., Ltd., Hangzhou Weiwei Trading Technology Co., Ltd., Hangzhou Youni Technology Co., Ltd., Guangzhou Fuxia Consulting Co., Ltd., Hangzhou Fanjian Enterprise Management Consulting Co., Ltd., Hangzhou Haibao Technology Co., Ltd., and Hangzhou Jiulong Technology Co.,

5

Ltd. proves that the Defendant invested and established the aforesaid companies during the period from August 29, 2017 to January 17, 2019. 2. *hibobi's Financing Plan* proves that the Defendant worked as the VP (Vice President) of the supply chain operation in Hangzhou Haibaobei Technology Co., Ltd upon resignation. On November 12, 2019, such company received a multi-million US dollar business angel financing. 3. The interview evaluation form, labor contract, transfer application form, and resignation records of employees JIANG Mengqi, LU Qing, WANG Yanling, ZHOU Yang, and ZHU Yingzhen proves that the Defendant urged his team to leave the Claimant to join Hangzhou Haibaobei Technology Co., Ltd. 4. The collection record of the Defendant's spouse, ZHENG Yuan, contains exported records of three bills to prove that the Defendant exploited Hangzhou Fanjian Enterprise Management Consulting Co., Ltd., Shanghai Xiaochutou E-Commerce Co., Ltd., and Hangzhou Eryan E-Commerce Co., Ltd. to connect and conduct transactions with the Claimant during his term of office to withdraw payment of goods. The Defendant's cross-examination opinions on the aforesaid evidence: 1. Recognized the authenticity of the business registration information, but objected to the relevance and proof of the targeted individual. Hangzhou Tunke Technology Co., Ltd. is not a cross-border, e-commerce platform and is not involved in foreign business. On May 23, 2019, it expanded its scope of business to maternal and infant products. The Defendant transferred their shares on December 2, 2019. Hangzhou Weiwei Trading Technology Co., Ltd. has been canceled. The Defendant transferred their shares on March 19, 2019. The Defendant withdrew from Hangzhou Youni Technology Co., Ltd. on April 11, 2019. Guangzhou Fuxia Consulting Co., Ltd. is not a company registered by the Defendant. Only the shareholder's name is the same as the Defendant. The Defendant withdrew from Hangzhou Fanjian Brand Management Co., Ltd. on February 22, 2019. The aforesaid companies and Hangzhou Eryan E-Commerce Co., Ltd., Hangzhou Haibao Technology Co., Ltd., and Hangzhou Jiulong Technology Co., Ltd. are not cross-border, e-commerce platforms and are not involved in foreign business. Furthermore, the Claimant's industrial and commercial registration scope does not contain apparel, maternal and infant products, etc. There is no business competition between the

6

Claimant and the aforesaid companies. Shanghai Peicong Industrial Co., Ltd., Shanghai Pincui Supply Chain Management Co., Ltd., and Zhejiang Yueyin Technology Co., Ltd. have not actually operated and have been canceled. Shanghai Xiaochutou E-Commerce Co., Ltd., Lipu (Shanghai) Trading Co., Ltd., and Hangzhou Haibaobei Technology Co., Ltd. were not established by the Defendant. The Defendant did not implement non-compete actions. The Claimant did not mention such three companies in the arbitration application. Such three companies do not compete with the Claimant. 2. *hibobi's Financing Plan* has no original carrier. No recognition of its authenticity exists. 3. The materials of employees JIANG Mengqi, LU Qing, WANG Yanling, ZHOU Yang, and ZHU Yingzhen cannot be verified except for the proof of resignation. The rest are recognized. First, from the labor contracts of these employees, it indicates that these employees are employees of Hangzhou Yingfusi Company rather than the Claimant's employees. The Claimant's statement regarding the proof proves that the Defendant and these employees are a team, which indirectly proves that the Defendant was an employee of Hangzhou Yingfusi Technology Co., Ltd., rather than the Claimant's employee. Second, the Defendant never induced the employees to resign. Third, it is irrelevant to this case whether these employees resigned due to the Defendant. These actions are not non-compete actions. 4. The authenticity of ZHENG Yuan's collection records and the three bills collection records are recognized but the relevance is not recognized. Hangzhou Fanjian Enterprise Management Consulting Co., Ltd., Shanghai Xiaochutou E-Commerce Co., Ltd., and Hangzhou Eryan E-Commerce Co., Ltd. were not established by the Defendant. The Defendant did not implement non-compete actions. The relationship between the Claimant and the three companies is one of mutual benefit and non-competition, which is equivalent to the relationship between Taobao and its merchants.

    The Defendant presented the following evidence to this court: 1. The business registration information of the Claimant and Hangzhou Yingfusi Technology Co., Ltd. proves that there is no such content as apparel and accessories, maternal and infant products, etc. in the scope of the business license of the aforesaid two companies; 2. DingTalk records and business cards prove that the Defendant's employer was

7

Hangzhou Yingfusi Technology Co., Ltd.; 3. Pay stub records prove that the Claimant's monthly salary was RMB8,200 and was paid by Hangzhou Yingfusi Technology Co., Ltd.; 4. The Invitation Letter proves that the Defendant's actual employer was Hangzhou Yingfusi Technology Co., Ltd.; 5. The *Resignation Certificate* proves that the Defendant's actual employer was Hangzhou Yingfusi Technology Co., Ltd.; 6. The Notice of Response proves that the actual employer, Hangzhou Yingfusi Technology Co., Ltd., submitted a labor arbitration case with the Defendant's team members to Jianggan District Labor and Personnel Dispute Arbitration Committee of Hangzhou City, which proves that the Defendant's actual employer was Hangzhou Yingfusi Technology Co., Ltd.; 7. Web page screenshots prove that the Claimant's sales market is in the United States and Europe. The Defendant has no domestic competitive relationship in any industry. The Claimant's cross-examination opinions on the aforesaid evidence: 1. Confirm the authenticity of the business registration information. However, the proof of content and the targets are not confirmed. The Claimant's scope of business includes the wholesale, import and export of daily necessities, and the related ancillary businesses, including clothing, apparel, and maternal and infant products. 2. Confirmed the authenticity of the business card. However, the business cards show that the Defendant's contact details include Hangzhou and Shenzhen, which further indicates that the Defendant was assigned to work in Hangzhou based on the work arrangement of the Claimant. His labor relationship is at the Claimant. The authenticity, relevance, and legitimacy of DingTalk records were not confirmed. The Claimant could not verify the source of the evidence and the authenticity of the content. 3. The authenticity, relevance, and legitimacy of the pay stub records are not confirmed and the truthfulness cannot be verified as they are just screenshots. Unable to verify their authenticity. 4. Confirm the authenticity of the *Invitation Letter*. The content of the certificate, the purpose, and the relevance are not confirmed. The content of such evidence cannot overturn the labor relationship between the Claimant and the Defendant. 5. Confirm the authenticity of the *Resignation Certificate*. The Defendant was assigned to work at Hangzhou Yingfusi Technology Co., Ltd. upon establishing a labor relationship with the Claimant. The Resignation Certificate was issued by the

8

Defendant at the nearest Hangzhou Yingfusi Technology Co., Ltd. where he was stationed for convenience when he resigned. 6. Confirm the authenticity of the Notice of Response. The purpose and the content of the proofs are not confirmed. In the Response of Notice, LU Qing, WANG Yanling, and ZHU Yingzhen were the team members of the Defendant after they were dispatched to Hangzhou Yingfusi Technology Co., Ltd. However, the labor relationship between the Defendant and such three persons is substantially different, as it was the Shenzhen company that handled the labor contract with the Defendant through the entry procedure; whereas, the Hangzhou company was the company who handled the entry procedure and concluded the labor contract with such three people. 7. Confirm the authenticity of the screenshots from the webpage. The purpose and the content of the proofs are not confirmed. Such evidence shows that the promotional content of one of the Claimant's product platforms, and it cannot be concluded that the Claimant's sales market is limited to the United States and Europe, nor can it preclude the Defendant's non-compete obligation.

It was found after the trial that both Parties entered into the *Labor Contract* and the *Confidentiality, Non-compete, and Intellectual Property Protection Agreement* on June 19, 2017. The Labor Contract period was from June 19, 2017 to June 30, 2020. Article 3 regarding the "Prohibition of Non-compete" under the *Confidentiality, Non-compete, and Intellectual Property Protection Agreement* stipulates, "3.1 Unless otherwise agreed in writing between the company and its employees, during employment with the company and within one year after the employee's employment relationship with the company ends, to the maximum extent permitted by Chinese law, employees shall not directly or indirectly establish, operate, or participate in any entity that competes directly or indirectly with the company or any affiliated company, nor work, offer financial support, sponsorship, or any advice, directly or indirectly, for that entity or individual, nor directly or indirectly engage in any activity that is similar to the business of the company or other management company. 3.2 In view of the employee's non-competitive obligation to the company after the end of the labor relationship, upon the employee's labor relationship with the company being discharged or terminated, within the non-compete period stipulated in Article 3.1, the

9

company shall compensate the employee on a monthly basis. The monthly compensation amount is 30% of the employee's monthly income before the labor relationship ends between the employee and the company due to the termination or cancellation, etc. of the labor contract. For the avoidance of doubt, "Income" herein includes basic salary, bonuses, and any other sums paid by the company in monetary form to employees that are deemed to be part of the wages paid by the company to employees under Chinese law. However, it excludes stock options and equity that the employee has acquired or will acquire from the company. Notwithstanding the foregoing, after the employee's labor relationship with the company is discharged or terminated, if the company, at its option, exempts an employee from their non-compete obligations and the employee agrees hereby, the company reserves the right not to pay the aforesaid compensation. To avoid ambiguity, whether the company pays non-compete compensation has nothing to do with the employee's performance of the confidentiality obligations in Article 2 herein. Unless approved in writing by the company, under no circumstances should the employees disclose confidential information to any other company or individual. If a party violates the non-compete provisions herein, except for the remedies provided by Party A or other affiliates in accordance with other documents signed by Party A or Party B or conferred by law, the liquidated damages shall be paid to Party A. The amount shall be 3 times the monthly non-compete compensation that Party A should pay out."

The Defendant resigned on June 29, 2019. Within the one-year non-compete period agreed by both Parties, the Claimant did not pay the Defendant non-compete compensation. On June 21, 2019, the Defendant and other defendants, YE Gang and CHEN Tingting, jointly established Hangzhou Jiulong Technology Co., Ltd. Such company's scope of business includes the following: Services: computer software and hardware, network technology, e-commerce technology, information technology development, technical services, technical consultation, achievement transfer, clothing design; wholesale, retail (including online sales): clothing, leather goods, shoes and hats, textiles, bedding, bags and luggage, maternal and infant products, toys, cosmetics, cultural supplies, etc. On August 23, 2019, the Defendant and YE Gang and CHEN

10

Tingting jointly established Hangzhou Haibao Technology Co., Ltd. Such company's scope of business includes the following: Services: computer software and hardware, network technology, e-commerce technology, information technology development, technical services, technical consultation, achievement transfer, clothing design; wholesale and retail (including online sales): clothing, leather goods, shoes and hats, textiles, bedding, bags and luggage, maternal and infant products (excluding formula milk powder), toys, cosmetics, cultural supplies, furniture, lighting, household supplies, digital products and accessories, communication equipment, electronic products (except e-publications), computer software and hardware, automobile supplies and accessories, household appliances, kitchen utensils, sports equipment, outdoor supplies, musical instruments, daily necessities, office supplies; import and export of goods, etc.

The aforesaid facts including the *Labor Contract*, *Shenzhen Yingfusi Technology Co., Ltd. Confidentiality, Non-compete, and Intellectual Property Protection Agreement*, business registration information inquiry form, web page screenshots, resignation certificates, and other evidential materials, as well as court transcripts and the Parties' statements are supporting evidence and are sufficient for confirmation.

This Court believes that the Claimant and the Defendant concluded a written labor contract, and the Claimant sent the Defendant to work in its subsidiary, namely, Hangzhou Yingfusi Technology Co., Ltd. Hence, the labor contract relationship between both Parties is legal and valid. The legitimate rights and interests of both Parties should be protected by the law. Employers may agree non-compete clauses with employees in labor contracts or confidentiality agreements and agree that after the discharge or termination of the labor contract, there will be an offer of financial compensation to employees within the non-compete period. If an employee violates the non-compete agreement, liquidated damages shall be paid to the employer as agreed. In this case, the *Shenzhen Yingfusi Technology Co., Ltd. Confidentiality, Non-compete, and Intellectual Property Protection Agreement*, concluded between the Claimant and the Defendant, is an expression of the true intentions of both Parties. The content does not violate the prohibitive provisions of the laws and regulations and is legally valid. Both Parties shall abide by it. Such agreement stipulates that the Defendant shall

11

undertake non-compete obligations within one year after resignation. The Claimant shall pay the Defendant non-compete compensation on a monthly basis. Simultaneously, it is agreed that if the labor relationship between the Defendant and the Claimant is discharged, the Claimant, at its own option, may relieve the Defendant of its non-compete obligation and is then entitled not to pay the aforesaid compensation. If the Defendant violates the non-compete obligation, it shall follow the Claimant's request, pay the Claimant a liquidated damage which is 3 times the monthly non-compete compensation to the Claimant. As such, both Parties agreed that the Defendant's non-compete obligations upon resignation were premised on the Claimant's payment of non-compete compensation. Upon the Defendant resigning from the Claimant, the Claimant did not actually pay the non-compete compensation. No reasonable explanation has been given. According to the agreement of both Parties, the Claimant's non-payment of the non-compete compensation, which was at its own option, relieves the Defendant's non-compete obligation; hence, on the premise that the Claimant did not pay non-compete compensation to the Defendant, the Claimant requiring the Defendant to pay the non-compete penalty has insufficient basis. This court does not support this claim. Regarding the financial losses: The Claimant failed to provide evidence to prove that the Defendant's violation of the non-compete obligation caused actual financial losses to the Claimant. Hence, such a claim against the Defendant has insufficient basis. This court does not support this claim.

In summary, pursuant to Articles 23 and 24 of the *Labor Contract Law of the People's Republic of China* and paragraph 1 of Article 64 of the *Civil Procedure Law of the People's Republic of China*, the judgment is as follows:

All claims of the Claimant, namely, Shenzhen Yingfusi Technology Co., Ltd., were rejected.

The case acceptance fee of RMB10 raised by the Claimant in this case shall be borne by the Claimant.

If you do not accept this judgment, within fifteen days from the date of service of the judgment, file an appeal with the Court and submit copies according to the number

12

of the other parties or the number of representatives to Shenzhen Intermediate People's Court of Guangdong Province.

        Judge      CHU Mi

        July 19, 2021

        Clerk      WEN Fengyun

[Seal: People's Court of Nanshan District, Shenzhen]



**T** 718.384.8040
**W** TargemTranslations.com
**E** projects@targemtranslations.com
**A** 185 Clymer St. Brooklyn, NY 11211

## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 185 Clymer Street in Brooklyn, New York, a language service with a firm track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Chinese to English and vice versa; and they have professionally translated the document referenced as "20221021- 3 黄飞龙 法院裁决书" from Chinese to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: October 24, 2022

_____
Wolf Markowitz

_____
Signature of Notary Public
ROCHAL WEISS
NOTARY PUBLIC-STATE OF NEW YORK
No 01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2025

