# Exhibit P

**Li, Sean**

| | |
|---|---|
| **From:** | Eric Cohen <eric.cohen@rimonlaw.com> |
| **Sent:** | Tuesday, October 25, 2022 9:22 AM |
| **To:** | Li, Sean |
| **Cc:** | Zheng Liu; Mark Lee; Sluch, Shandice; Dircks, Rebecca; Shah, Kal |
| **Subject:** | Re: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.) |

Sean, I am not available then or any time today. I am in meetings the rest of today. Tomorrow morning at 9 am CT would work for us.

Please provide a list of topics you would like to discuss.

Eric

**Eric Cohen** | Special Counsel
**RIMÔN** PC
Office: +1 984.960.2860 | Direct: +1 984.960.2860 | eric.cohen@rimonlaw.com
P.O. Box B113, 150 Fayetteville St., Suite 2800, Raleigh, NC 27601-2960
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**

*This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.*

**From:** Li, Sean <SLi@beneschlaw.com>
**Sent:** Tuesday, October 25, 2022 12:07:09 PM
**To:** Eric Cohen <eric.cohen@rimonlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>; Sluch, Shandice <SSluch@beneschlaw.com>; Dircks, Rebecca <RDircks@beneschlaw.com>; Shah, Kal <KShah@beneschlaw.com>
**Subject:** RE: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Thank you, Eric. We are available for a meet and confer 1:00 pm – 3:00 pm CT. Let me know your availability.

Best,
Sean



Sean Li
(he/him/his)
Partner | Innovations, Information Technology & Intellectual Property (3iP)
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Eric Cohen <eric.cohen@rimonlaw.com>
**Sent:** Tuesday, October 25, 2022 6:36 AM

**To:** Li, Sean <SLi@beneschlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>; Sluch, Shandice <SSluch@beneschlaw.com>; Dircks, Rebecca <RDircks@beneschlaw.com>; Shah, Kal <KShah@beneschlaw.com>
**Subject:** RE: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Please see the attached letter.

---

**Eric Cohen** | Special Counsel
**RIMÔN** PC
Office: +1 984.960.2860 | Direct: +1 984.960.2860 | eric.cohen@rimonlaw.com
P.O. Box B113, 150 Fayetteville St., Suite 2800, Raleigh, NC 27601-2960
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**
This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.

**From:** Li, Sean <SLi@beneschlaw.com>
**Sent:** Friday, October 21, 2022 7:54 PM
**To:** Eric Cohen <eric.cohen@rimonlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>; Sluch, Shandice <SSluch@beneschlaw.com>; Dircks, Rebecca <RDircks@beneschlaw.com>; Shah, Kal <KShah@beneschlaw.com>
**Subject:** RE: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Hi Eric,

Please see Defendants' responses to Plaintiff's email below:

1. **Outdated Evidence**

Plaintiff obtained the TRO based on misleading evidence it filed with the Court. Specifically, Plaintiff's evidence in support of the underlying TRO was based on website data collected in late 2021 and early 2022 and was no longer accurate when Plaintiff filed its lawsuit and its TRO motion. Plaintiff failed to inform the Court of such changes in evidence. In fact, Plaintiff had multiple chances to provide the Court with updated information before the TRO was granted on October 4, 2022, including when Plaintiff renewed its TRO motion on May 27, 2022, and when Plaintiff responded to the Court's question regarding asset freeze on August 19, 2022. In fact, by August 19, 2022, two thirds of the accused products identified by Mr. Robert Rosenblum were no longer listed on Hibobi's website. *See* HIBOBI-INTERFOCUS-0000100—0000139. Plaintiff not only failed to update the Court with accurate evidence, but also chose to rely on the same outdated evidence collected almost one year ago to support its Motion for Preliminary Injunction and Extension of the TRO filed on October 13, 2022. See Dkt. 26 at 1 ("The grounds for this motion are set forth in Plaintiff's ***previously*** filed motions for an ex parte temporary restraining order, the memorandum of law filed in support, and in the declarations of . . . **Robert Rosenblum**. Dkts. 9-15.") (emphasis added).

Attorneys have an affirmative duty to "conduct a reasonable inquiry into the facts . . . before filing." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991); *see also City of Livonia Employees' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 182 (N.D. Ill. 2014) (same). If Plaintiff did not make an inquiry before the relevant filings, Defendants request Plaintiff immediately move to withdraw the TRO and Preliminary Injunction motions. Defendants reserve their right to seek damages caused by Plaintiff's misleading evidence.

2. **Alleged TRO Violation**

Plaintiff alleges that Defendants "had not removed all advertisements for products that infringe Plaintiff's rights until today, thus violating the TRO entered by the Court from the date Plaintiff served [Defendants] until the advertisements were removed." In other words, Plaintiff intends to hold Defendants liable for not removing few accused images from

2

the website between Oct. 7 to Oct. 21 for violating the TRO Plaintiff obtained based on misleading evidence. In fact, such delay was also caused by Plaintiff's misleading tactics. Plaintiff misled the Court to allow Plaintiff to serve Defendants through Defendants' customer service email, which delayed the notice. According to FRCP 4, the service method must be "a method that is reasonably calculated to give notice." When requesting an alternative service, Plaintiff failed to inform the Court that Plaintiff and Defendants had a long history of disputes in China, and **Plaintiff could even locate Defendants' CEO's home address with the precision of building, floor, and unit number in China**. Instead, Plaintiff concealed this information from the Court and attempted to create a false impression that Defendants could not be found in more reasonable ways. Right after being aware of the TRO in the customer service email box, Defendants made good faith efforts to locate the images at issue and removed them timely with limited resources. The alleged technical violation is of Plaintiff's own making.

In addition, Defendants have reason to believe that Plaintiff is using the TRO abusively to harass Defendants' operations in other countries. Thus, Defendants request Plaintiff immediately provide all third parties whom Plaintiff has contacted, and what instructions Plaintiff has given to them. To the extent Plaintiff has been using the TRO outside its scope, Defendants reserve their right to seek damages caused by Plaintiff's abusive litigation strategies.

In Plaintiff's email, it asks whether Defendants "would [] be willing to enter into a stipulation or agreement not to infringe any additional InterFocus copyrighted images, until either the Court decides Plaintiff's preliminary injunction motion or the parties reach an overall settlement." This statement is inappropriate because it assumes infringement of unspecified "additional InterFocus copyrighted images." To the extent Plaintiff has specific images that it believes Defendants are still infringing, Defendants request Plaintiff immediately provide those images, and Defendants will make good faith efforts to remove them as soon as feasible. However, since the TRO and preliminary injunction motions are based on misleading evidence, Defendants demand Plaintiff withdraw them immediately.

3. **Protective Order**

Plaintiff alleges that it "believe[s] [Defendants] would designate all documents it is producing as Attorney Eyes Only Information, preventing our client from seeing any of it." This argument is pure speculation. Plaintiff and Defendants are competing e-commerce platforms, and there are many competition and business sensitive documents other than financial documents, if disclosed, would hurt the producing party's business interests. An example is the license agreements Defendants produced today. Defendants recommend Plaintiff considering accepting Defendants' proposed language to benefit both parties during the litigation. If Plaintiff refuses, Defendants do not believe a reasonable approach is to file a motion to have the Court enter Plaintiff's proposed protective order. Rather, Defendants propose filing a joint proposed protective order with both parties' language for the Court to consider, and parties could discuss it with the Court during the case management conference.

Again, Defendants request a meet and confer to discuss the above issues. Please let us know Plaintiff counsel's availability. In addition, We ask that all future correspondence or verbal communication be directed to our office and that there be no direct contact with our client.

Best regards,
Sean



Sean Li
(he/him/his)
Partner | Innovations, Information Technology & Intellectual Property (3iP)
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com

> www.beneschlaw.com
> 100 Pine Street, Suite 3100, San Francisco, CA 94111
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Eric Cohen <eric.cohen@rimonlaw.com>
**Sent:** Friday, October 21, 2022 11:04 AM
**To:** Li, Sean <SLi@beneschlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>; Sluch, Shandice <SSluch@beneschlaw.com>; Dircks, Rebecca <RDircks@beneschlaw.com>; Shah, Kal <KShah@beneschlaw.com>
**Subject:** Re: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Sean,

1. We cannot agree to a telephone conference to discuss your vague allegations that "the TRO was obtained based on misleading evidence . . . [that] included outdated website information." Please send us an email identifying in detail the alleged "misleading evidence" and the reasons why you contend that such evidence was "misleading." Also, please identify the alleged "outdated website information" and explain why it was "outdate[d]."
2. Based on our review of your clients' website(s), it appears that your clients had not removed all advertisements for products that infringe Plaintiff's rights until today, thus violating the TRO entered by the Court from the date Plaintiff served your client until the advertisements were removed. However, given that your client has finally (apparently) removed the infringing products from its website, would your client be willing to enter into a stipulation or agreement not to infringe any additional InterFocus copyrighted images, until either the Court decides Plaintiff's preliminary injunction motion or the parties reach an overall settlement?
3. We cannot agree to the form of protective order you proposed. Attached is a redline of your proposed revision of the protective order I sent you yesterday. In short, your proposed definition of Attorney Eyes Only Information is so expansive that we believe your client would designate all documents it is producing as Attorney Eyes Only Information, preventing our client from seeing any of it. In my experience, the Northern District of Illinois does not permit blanket designation of documents as Attorney Eyes Only Information. *See, NEXT Payment Solutions, Inc. v. CLEAresult Consulting, Inc.*, 2018 WL 3637356 (N.D. Ill. 2018) at * 15 (rejecting defendant's attempt to batch-designate over 76,000 documents as Attorney Eyes Only Information). Please advise me if you will agree to the attached order. If not, we will file a motion early next week to have the Court enter Plaintiff's proposed protective order.

Eric Cohen

---

**Eric Cohen** | Special Counsel
**RIMÔN** PC
Office: +1 984.960.2860 | Direct: +1 984.960.2860 | eric.cohen@rimonlaw.com
P.O. Box B113, 150 Fayetteville St., Suite 2800, Raleigh, NC 27601-2960
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**
*This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.*

**From:** "Li, Sean" <SLi@beneschlaw.com>
**Date:** Friday, October 21, 2022 at 10:51 AM
**To:** Eric Cohen <eric.cohen@rimonlaw.com>

**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>, Mark Lee <mark.lee@rimonlaw.com>, "Sluch, Shandice" <SSluch@beneschlaw.com>, "Dircks, Rebecca" <RDircks@beneschlaw.com>, "Shah, Kal" <KShah@beneschlaw.com>
**Subject:** RE: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Hi Eric,

The TRO was obtained based on misleading evidence that Defendants will further brief to the Court.  Such evidence included outdated website information.  Please let us know your availability today for a meet and confirm to resolve this potential Rule 11 issue amicably.

Defendants confirm that they will produce the documents today according to the 2-day extension you provided over the phone on October 19.  Retroactively, we also agree that the TRO will expire today instead of two days ago on Oct. 19, 2022, but Defendants reserve their rights to claim damages caused by Plaintiff's abusive use of the TRO.

We disagree with your characterization of us being lack of cooperation and delay tactics.

Best regards,
Sean



Sean Li
(he/him/his)
Partner | Innovations, Information Technology & Intellectual Property (3iP)
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Eric Cohen <eric.cohen@rimonlaw.com>
**Sent:** Friday, October 21, 2022 7:35 AM
**To:** Li, Sean <SLi@beneschlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>
**Subject:** Re: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Sean,

Your client is delinquent in its responses to the document requests we served. You have not responded in a timely manner to the scheduling proposals we sent, waiting until the last minute.  This evidences bad faith and your client's intent not to comply with the TRO. Unless you agree, unequivocally, to produce those documents by close of business today, we will file a motion to compel.

We will advise the Court forthwith of your lack of cooperation and delay tactics.

Eric Cohen

Get Outlook for iOS

5

**Eric Cohen** | Special Counsel
**RIMÔN** PC
Office: +1 984.960.2860 | Direct: +1 984.960.2860 | eric.cohen@rimonlaw.com
P.O. Box B113, 150 Fayetteville St., Suite 2800, Raleigh, NC 27601-2960
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**
This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.

**From:** Li, Sean <SLi@beneschlaw.com>
**Sent:** Friday, October 21, 2022 10:28:30 AM
**To:** Eric Cohen <eric.cohen@rimonlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>
**Subject:** RE: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Hi Eric,

Thank you for the counterproposal. Unfortunately, since the preliminary injunction hearing date is unknown and November is an important month for our client's e-commerce business, we will have to turn down your counterproposal and keep the original schedule, so that this dispute is resolved expeditiously.

Best regards,
Sean



Sean Li
(he/him/his)
Partner | Innovations, Information Technology & Intellectual Property (3iP)
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Eric Cohen <eric.cohen@rimonlaw.com>
**Sent:** Wednesday, October 19, 2022 12:42 PM
**To:** Li, Sean <SLi@beneschlaw.com>
**Cc:** Sluch, Shandice <SSluch@beneschlaw.com>; Zheng Liu <zheng.liu@rimonlaw.com>; Mark Lee <mark.lee@rimonlaw.com>
**Subject:** Re: Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Sean:

Our client will agree to the schedule you proposed if your client will agree to extend the TRO until the date of the preliminary injunction hearing.

Eric Cohen

**Eric Cohen** | Special Counsel

**RIMÔN** PC

Office: +1 984.960.2860 | Direct: +1 984.960.2860 | eric.cohen@rimonlaw.com
P.O. Box B113, 150 Fayetteville St., Suite 2800, Raleigh, NC 27601-2960
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**

This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.

**From:** "Li, Sean" <SLi@beneschlaw.com>
**Date:** Wednesday, October 19, 2022 at 2:55 PM
**To:** Eric Cohen <eric.cohen@rimonlaw.com>, Zheng Liu <zheng.liu@rimonlaw.com>, Mark Lee <mark.lee@rimonlaw.com>
**Cc:** "Sluch, Shandice" <SSluch@beneschlaw.com>
**Subject:** Interfocus Inc. v. Hibobi, Case No.: 1:22-cv-02259 (N.D. Ill.)

Hi Eric,

It was nice speaking with you this morning, and thank you for providing Defendants with a two-day extension for the discovery requests. Since we were just retained earlier this morning and received many documents under seal, we propose an extended schedule to allow us to analyze the materials. Our client is also considering an extension of the TRO to Nov. 1, as proposed by Plaintiff. Please let us know if Plaintiff objects to the schedule below. In addition, Defendants cannot locate Exhibit 2 of the Complaint in the service link. Could you please double check?

| Item | Current schedule proposed by Plaintiff | Revised schedule proposed by Defendants |
|---|---|---|
| Response to Discovery Request | Oct. 19, 2022 (plus 2 days) | Oct. 28, 2022 |
| Response to PI Motion | Oct. 25, 2022 | Oct. 28, 2022 |
| Responsive Pleading | Oct. 28, 2022 (based on service, double check Exhibit 2 of the complaint) | Nov. 28, 2022 |
| Joint Initial Status Report | Nov. 3, 2022 | Same |
| TRO | Oct. 19, 2022 | Nov. 1, 2022 |

Best regards,
Sean



Sean Li
(he/him/his)
Partner | Innovations, Information Technology & Intellectual Property (3iP)
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice