## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., a California Corporation, *Plaintiff*, v. The Defendants Identified in Schedule A, *Defendants*. | Case No.: 1:22-cv-02259 Honorable Steven C. Seeger |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiff InterFocus, Inc. ("InterFocus" or "Plaintiff") sued Defendants Hangzhou Hibaby Technology Co., Ltd. and Hibobi Technology Limited, ("Hibobi" or "Defendants") for copyright infringement.  In its Complaint, Plaintiff failed to sufficiently plead "copying" because Plaintiff failed to identify any specific instances of copying on Defendants' website.  Thus, the copyright claim does not meet the notice requirement under *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and must be dismissed.

## I.      INTRODUCTION

Both Plaintiff and Defendants operate e-commerce platforms.  Plaintiff operates an "online store that since 2015 has made high quality, high value children's clothing available to the public on its website." D. I. 10 (Mem. in Supp. of *Ex Parte* Mot. for Temp. Restraining Order) at 2. Similarly, Defendants operate an online store where it sells high-quality children's clothing. D.I. 34 (Defendants' Response To Plaintiff's Motion For Preliminary Injunction) at 1.

Plaintiff sued Defendants for copyright infringement of "InterFocus Copyrighted Images" identified in Exhibit 2 of the Complaint.  D.I. 1 (Complaint), ¶ 7.  Exhibit 2 includes 26 copyright

registrations. *See* D.I. 1-4; *see also* D.I. 14 (Letter Regarding Copyright Registration Numbers). Most of the registrations include 750 photographic works, and the total number of asserted images is **15,913**. *Ziyong Li Declaration In Support Of Defendants' Partial Motion To Dismiss* (*Li Decl.*), ¶ 3.

On the other hand, Plaintiff fails to identify the specific accused images. In the Complaint, Plaintiff generally references the accused images as "Defendants' images" or "images on Defendant's website." D.I. (Complaint), ¶ 24. *See* excerpt below:

> 24.    Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, sold, reproduced and/or made derivate works incorporating the InterFocus Copyrighted Images and Designs on Defendants' website. Defendants' images are identical to the InterFocus Copyrighted Images, and InterFocus's Designs, except that the images on Defendant's website are of lower resolution, typical of copying. Such conduct infringes and continues to infringe the InterFocus Copyrighted Images and Designs in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

D.I. 1 (Complaint), ¶ 24. However, the Complaint does not identify what specific images on Defendants' website are accused. Defendants' website currently lists thousands of products. *See* D.I. 33, *Zhixiong (Owen) Liu Declaration* (*Liu Decl.*), ¶¶ 15, 16. Considering each product usually involves more than one product image, the total number of images on Defendants' website is upwards of several thousand.

Plaintiff also attempts to use the term "Counterfeit InterFocus Products" as a shorthand to reference the accused images. D.I. 1 (Complaint), ¶¶ 25, 26. *See* excerpt below:

> 25. Defendants reap the benefits of the unauthorized copying and distribution of the InterFocus Copyrighted Images and Designs in the form of revenue and other profits that are driven by the sale of Counterfeit InterFocus Products depicting by these images.
>
> 26. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating counterfeit and Counterfeit InterFocus Products that are virtually identical to InterFocus Copyrighted Images and Designs.

D.I. 1 (Complaint), ¶¶ 25, 26. However, the Complaint defines "Counterfeit InterFocus Products" as "*products using infringing and counterfeit versions of Plaintiff's copyrighted designs using Plaintiff's copyrighted images*." D.I. 1 (Complaint), ¶2. *See* excerpt below:

> payment in U.S. dollars and has sold products using infringing and counterfeit versions of Plaintiff's copyrighted designs using Plaintiff's copyrighted images (collectively, the "Counterfeit InterFocus Products") to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

D.I. 1 (Complaint), ¶2. In other words, the term "Counterfeit InterFocus Products" is defined by "products using Plaintiff's copyrighted images" and does not provide further information as to which products use Plaintiff's copyright images.

Given the large amount of asserted copyright works and the large number of images on Defendants' website, Plaintiff failed to plead the "copying" of any asserted copyright works.

## II. ARGUMENT

### A. Plaintiff Failed To State A Claim For Copyright Infringement Rule 12(b)(6)

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

With this standard in mind, to state a claim for copyright infringement, a plaintiff must plausibly allege that: "(1) the plaintiff owns a valid copyright; and (2) the defendant **copied** 'constituent elements of the work that are original.'" *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 923 (N.D. Ill. 2013) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991)) (emphasis added).

However, without identify any specific images on Defendants website, Plaintiff's allegation of "copying" is no more than a conclusory statement "merely parrot[ing] the statutory language of the claims that they are pleading," which is insufficient according to the binding authority. *Heard v. Becton, Dickinson & Co.*, 524 F. Supp. 3d 831, 838 (N.D. Ill. 2021) (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

As a sister court stated, "to provide defendants fair notice of the claims against them—a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, she must identify the 'specific original work [that] is the subject of the claim' as well as '***by what acts' the defendant infringed the copyright***." *Sharp v. Patterson*, No. 03 CIV. 8772 (GEL), 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) (emphasis added). In *Sharp*, the plaintiff "point[ed] to her copyrighted letters as a whole, and ***conclusorily asserts*** that each of [the accused] novels 'contains copies of creative sequences of words and phrases from' and 'bears a substantial similarity to' her letters." *Id*. *14 (emphasis added). The court found that such conclusory assertion was not sufficient because the plaintiff "does not point specifically to any copying or acts of infringement by [the defendant] in [the accused] books." *Id*. Similarly, Plaintiff

4

only made conclusory assertions that Defendants' images copied Plaintiff's works but failed to "point specifically to any copying." *Id*. Without any specific instances of copying, Plaintiff's copying allegations "merely parrot[s] the statutory language of the claim[]" and are not sufficient for pleading purposes. *Heard*, 524 F. Supp. 3d at 838 (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

In addition, the fact that the Complaint identified 15,913 images also deprives Defendants' right to any meaningful notice as to which images are allegedly infringed. *See Flava Works, Inc. v. Clavio*, No. 11 C 05100, 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012) ("Implicit in the elements . . . is identification of an allegedly-infringed 'work.'") (dismissing the copyright infringement claim for failing to "identify[] the actual work that is being infringed"). As such, Plaintiff has failed to plead the necessary elements for a claim of copyright infringement. Thus, Defendants request the Court dismiss Count I pursuant to Rule 12(b)(6).

### B. The TRO Cannot Cure The Insufficient Pleading

To the extent Plaintiff argues that some specific accused images are identified in the Motion for Temporary Restraining Order, this argument lacks merit. The pleading standard is governed by Federal Rule of Civil Procedure 8. The temporary restraining order is governed by Federal Rule of Civil Procedure 65. Plaintiff cannot rely on information in the temporary restraining order to provide notice for its pleading under Rule 8. *See Hangzhou Chic Intelligent Technology Co., Ltd. et al v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 1-20-cv-05905, D.I. 105 (N.D. Ill., June 28, 2021) (J. Seeger) ("Notice is not a technicality.").

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Copyright Infringement Count (Count I) of the Complaint to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated: October 28, 2022                    Respectfully submitted,

*/s/ Ziyong Li*
Kal K. Shah (IL Bar No. 6275895)
Shandice Sluch (IL Bar No. 6333369)
BENESCH FRIEDLANDER COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Tel: (312) 212-4949
Fax: (312) 767-9192
kshah@beneschlaw.com
ssluch@beneschlaw.com

Ziyong Li (*pro hac vice*)
BENESCH FRIEDLANDER COPLAN
 & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Tel: (628) 600-2225
sli@beneschlaw.com

*Attorneys for Defendants identified in Schedule A: Hangzhou Hibaby Technology Co., Ltd. and Hibobi Technology Limited*

## **CERTIFICATE OF SERVICE**

I certify that, on October 28, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ Ziyong Li*
Ziyong Li (*pro hac vice*)

*Attorneys for Defendants Defendants identified in Schedule A: Hangzhou Hibaby Technology Co., Ltd. and Hibobi Technology Limited*