UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE DEFENDANTS IDENTIFIED IN SCHEDULE A,<br><br>Defendant. | Case No.: 1:22-cv-2259 |

**DECLARATION OF SANDI GRAHAM IN SUPPORT OF PLAINTIFF'S REPLY FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, TO EXPEDITE THE PRELIMINARY INJUNCTION HEARING, AND TO EXTEND THE OCTOBER 4, 2022 TEMPORARY RESTRAINING ORDER**

**DECLARATION OF SANDI GRAHAM**

I, Sandi Graham, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I have worked in the fashion garment industry for more than twenty years. For more than eight years I was a Director of Merchandising within the Gap Inc. organization, including the Baby Gap and Old Navy divisions. I then became the Chief Merchant for Naartjie Kids, overseeing a large team of merchants and international designers. I have a wide-reaching knowledge of the apparel industry and the key players within the industry. Through my experience, I have become familiar with genuine goods made by various well-known brands and have learned to recognize "fake" or counterfeit goods that purport to be from those same brands.

3. I am currently employed as the Vice President of Design and Merchandising at InterFocus Inc. (the "Plaintiff" or "InterFocus") and I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of InterFocus, including, but not limited to, its trademarks, copyrights, other intellectual property, its design of garments, licensing of intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge except where otherwise stated.

4. It is customary for the online retail industry to regularly rotate products depending on the season or based on success of sales.

5. Defendant copied a large number of InterFocus's images from the PatPat website to sell counterfeit InterFocus products to consumers. Examples of these images provided in

Rosenblum Declaration ISO Motion for TRO are not an exhaustive list of all stolen images. There were more stolen images. I pioneered the designs of the clothing that are "family matching" style so I am familiar with many of the designs. In addition, on October 25, 2022 and on October 26, 2022, legal assistant at Rimon PC, Jenny Houston searched Hibobi.com's website and found additional images that are identical to InterFocus' copyrighted images. Most of these images were not the examples included in the TRO but new ones. *See* Declaration of Jenny Houston. Furthermore, on October 26, 2022, i.e. after Defendants filed their response to Plaintiff's Motion for Preliminary Injunction, To Expedite The Preliminary Injunction Hearing and to Extent the October 4, 2022 Temporary Restraining Order, copyrighted images of InterFocus continued to be present on the Hibobi.com's website. *Id.*

      6.      On October 27, 2022, I became aware that Hibobi Technology Limited ("Hibobi") maintains another website: www.Babiesclotheswholesale.com that contains at least 3 images that are identical to InterFocus' copyrighted images. One of them, Ex. 8B of the Houston Declaration, showed a product that I designed. *Id.*

      7.      One of InterFocus' vendors filed one or more lawsuits against one or more Hibobi entities in China. InterFocus did not file such lawsuits in China. I understand that the initial decision of the Chinese court, referred to by Defendants in their Response to Plaintiff's Motion for Preliminary Injunction at page 1, has been appealed.

      8.      Because Defendants are using copies of InterFocus' copyrighted images to market clothing in competition with InterFocus, it appears from Defendants' website that Defendants' products are identical to the products InterFocus offers on its website. However, InterFocus cannot determine whether, in fact, Defendants' products have the same quality as InterFocus' products. Under these circumstances, InterFocus cannot determine how much business it is

losing to Defendants, cannot determine the identity of Defendants' customers who might have otherwise purchase products from InterFocus, and cannot determine how much market share InterFocus has lost as a result. Moreover, InterFocus cannot determine whether customers, who purchased products from Defendants based in Defendants' misuse of InterFocus' copyrighted images, were dissatisfied with those products and whether any such dissatisfied customers would blame InterFocus, instead of Defendants. In other words, Defendants' misuse of InterFocus' copyrighted images may potentially damage the goodwill and reputation that InterFocus spent years and a significant amount of money to develop.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 28th day of October, 2022 at Mission Viejo, California.

*Sandi Graham* (signature)
Sandi Graham