UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., A California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HANGZHOU HIBABI TECHNOLOGY CO., LTD., and HIBOBI TECHNOLOGY LTD.,<br><br>    Defendants. | Case No.: 1:22-cv-02259<br><br>Hon. Steven C. Seeger |

## PLAINTIFF'S MOTION TO ENTER PROTECTIVE ORDER

    Plaintiff moves for the Court to enter a protective order to facilitate the exchange of confidential information between the parties in this case. Plaintiff's proposed protective order is derived from the standard protective order prescribed by this Court.

    The parties have agreed that this Court should enter a two-tiered protective order. The definition of the first tier, "confidential information," is the standard definition from this Court's prescribed protective order. The parties agree on this definition.

    The parties disagree on the definition of "attorney eyes only information" ("AEO"). Plaintiff submits that AEO designations should be limited to financial information that a party normally maintains as highly confidential. Defendants advocate a broad definition, which, if adopted, would for all intents and purposes enable Defendants to mark any document AEO. A copy of Plaintiff's proposed protective order is attached as Exhibit A. Defendants' proposed protective order is attached as Exhibit B. The disputed paragraph is highlighted in yellow in both Exhibit A

and Exhibit B. Attached as Exhibit C is a proposed Order, which will also be emailed to the Court in a Word version pursuant to the Court's standard procedures.

Under this Court's standard protective order, designated representatives of parties are permitted to view the other party's confidential information for the purposes of this lawsuit only. The standard protective order prohibits the misuse of confidential information. Without access to most information that parties mark "confidential," it would be difficult for their attorneys to advise their clients. Moreover, communications between counsel demonstrates that Defendants are likely to over designate information as confidential or AEO. For example, Defendants demanded that Plaintiff file its reply brief under seal because it included the names of financial institutions and a shipping company with which Defendants conducted business. Defendants did not pursue that demand after counsel for Plaintiff demonstrated that the information had been available on Defendants' website and was included in exhibits filed in support of Plaintiff's motion for a temporary restraining order. Defendants also argued that the names of their licensors were confidential, but did not pursue that argument after counsel for Plaintiff pointed out that the sale of licensed products by Defendants (assuming that they are, in fact, licensed) would reveal the identities of the licensors.

Defendants' proposed broad AEO designation would shield both parties from practically all information that the other side produces. Courts in this District disfavor such broad use of the AEO designation. *See, e.g., NEXT Payment Solutions, Inc. v. CLEAResult Consulting, Inc.*, 2018 WL 3637356 (N.D. Ill. 2018) at * 15 (rejecting defendant's attempt to batch-designate over 76,000 documents as Attorney Eyes Only Information); *R-Boc Representatives, Inc. v. Minemyer*, 1:11-cv-08433 (N.D. Ill., October 29, 2012) (Cole, M.J.) (denying motion to designate invoices and confirmations as AEO but granting motion as to financial information) (Ex. D).

For the reasons set forth above, Plaintiff submits that the AEO designation should be used only for highly confidential financial information that is ordinarily not disclosed to third parties and that Plaintiff's proposed form of protective order should be entered by the Court.

Date:  November 2, 2022

Respectfully submitted,

RIMON, P.C.

/s/ *Eric C. Cohen*
Eric C. Cohen
Ill. ARDC No. 0473685
Rimon P.C.
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Telephone: (984) 960-2860
Email: eric.cohen@rimonlaw.com

Mark S. Lee
Rimon, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: 310.561.5776
Email: mark.lee@rimonlaw.com

Zheng Liu
Rimon P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 382-4546
Email: zheng.liu@rimonlaw.com

Attorneys for Plaintiff, INTERFOCUS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, this document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/ *Eric C. Cohen*
Eric C. Cohen