UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| InterFocus Inc., <br> a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Hangzhou Hibabi Technology Co., Ltd., <br> and Hibobi Technology Ltd., <br><br> Defendants. | Case No. 1:22-cv-02259 <br><br> Hon. Steven C. Seeger |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

    **A.     Attorneys for parties:**

        1.     **Attorneys for Plaintiff**

            Eric C. Cohen (Lead Trial Attorney)
            Rimon P.C.
            980 N. Michigan Ave.
            Suite 1400
            Chicago, IL 60611

            Mark S. Lee
            Rimon, P.C.
            2029 Century Park East, Suite 400N
            Los Angeles, CA 90067
            Telephone: 310.561.5776
            Email: mark.lee@rimonlaw.com

>Zheng Liu
>Rimon P.C.
>800 Oak Grove Ave., Suite 250
>Menlo Park, CA 94025
>Telephone: (650) 382-4546
>Email: zheng.liu@rimonlaw.com

**2. Attorneys for Defendants:**

>Ziyong Li (pro hac vice) (Lead trial attorney)
>Benesch Friedlander Coplan
> & Aronoff LLP
>100 Pine Street, Suite 3100
>San Francisco, CA 94111
>Telephone: (628) 600-2225
>Email: sli@beneschlaw.com

>Kal K. Shah (IL Bar No. 6275895)
>Shandice Sluch (IL Bar No. 6333369)
>Benesch Friedlander Coplan
> & Aronoff LLP
>71 South Wacker Drive, Suite 1600
>Chicago, IL 60606 4637
>Telephone: (312) 212-4949
>Facsimile: (312) 767-9192
>Email: kshah@beneschlaw.com
>Email: ssluch@beneschlaw.com

B. **Basis for Federal Jurisdiction.** The basis for federal jurisdiction is the Copyright Act, 17 U.S.C. § 501 et seq., the Lanham Act, 15 U.S.C. § 1125(a) , and 28 U.S.C. § 1331 (federal question jurisdiction.

.

C. **Short Overview of Case.**

**Plaintiff's Contention:**

Plaintiff InterFocus operates an online store that markets high quality adult and children's clothing on the website Https://us.patpat.com/. Plaintiff has taken professional photos of its products, registered many of them with the U.S. Copyright Office, and uses those photos to sell its products. Defendants are Chinese companies formed by former

2

employees of one of Plaintiff's vendors. Defendants operate a competing website that sells competitive products using copies of images from Plaintiff's website. Plaintiffs contend that Defendants' have engaged in a pattern of copyright infringement and violations of Lanham Act §43(a).

**Defendants' Contention:**

Defendants reserve the right to assert affirmative defenses and counterclaims.

D.     **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

**Plaintiff's Contentions:**

Plaintiff contends that Defendants have engaged in a pattern of copying images from Plaintiff's website to market Defendants' knock-offs of Plaintiff's products. Plaintiff contends that Defendants' use of Plaintiff's copyrighted images violates Plaintiff's rights under the copyright laws, and also violates Plaintiff's rights under Lanham Act §43(a), 15 U.S.C. § 1125(a) by creating a likelihood of confusion as to the source, sponsorship, or affiliation of Defendants with Plaintiff.

**Defendants' Contention:**

Defendants reserve the right to assert affirmative defenses and counterclaims.

E.     **What are the principal factual issues?**
       **Plaintiff's Contentions:**

1. Whether Defendants have copied images from Plaintiff's website to market Defendants' products.

    2. Whether Defendants' use of images copied from Plaintiff's website on Defendants' website to market products that are virtually identical in appearance (but not in quality) has caused a likelihood of confusion.

**Defendants' Contention:**

    Defendants reserve the right to supplement the principal factual issues related to Defendants potential affirmative defenses and counterclaim.

F.    **What are the principal legal issues?**

    **Plaintiff's Contentions:**

    1. Whether Defendants have infringed Plaintiff's rights under the Copyright Act.

    2. Whether Defendants have violated Lanham Act § 43(a) by creating a likelihood of confusion.

    3. Whether Plaintiff is entitled to an injunction preventing Defendants from copying any images from Plaintiff's website, whether registered with the Copyright Office or not, and using such copied images on Defendants' website.

**Defendants' Contention:**

    Defendants reserve the right to supplement the principal legal issues related to Defendants potential affirmative defenses and counterclaim.

G.    **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiff seeks statutory damages under 17 U.S.C § 504(c) of $30,000 for the willful copyright infringement of each of 35 copyrighted works, which were registered with the Copyright Office prior to Defendants' willful acts of infringement, for a total of $1,050,000. In the alternative,

Plaintiff seeks its actual damages and any profits of Defendants that are attributable to the infringement. Further, Plaintiff seeks damages under 15 U.S.C. § 1117 in the form of Defendant's profits and Plaintiff's damages and treble damages. Plaintiff also seeks its costs and attorneys' fees.

**Defendants' Contention:**

Defendants reserve the right to seek monetary damages, injunctive relief, attorneys' fees, and other relief that the Court deems just and proper based on Defendants' potential affirmative defenses and counterclaim.

H. **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service**.

**Plaintiff's position**: All defendants were served pursuant to this Court's Order. Dkt. 22 at ¶ 5.

II. **Discovery**

A. **Proposed Discovery Schedule**

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Amendment to the pleadings | December 15, 2022 | June 2, 2023 |
| Service of process on any "John Does" | N/A | N/A |
| Completion of Fact Discovery | March 31, 2023 | December 15, 2023 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain) May 1, 2023 | January 15, 2024 |
| Deposition of Plaintiff's Expert | May 22, 2023 | February 15, 2024 |
| Disclosure of Defendant's Expert Report(s) | June 5, 2023 | March 15, 2024 |
| Deposition of Defendant's Expert | June 19, 2023 | April 15, 2024 |

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) July 24, 2023 | May 15, 2024 |

      **B.**      **How many depositions do the parties expect to take?**

**Plaintiffs Position:** Plaintiff contemplates taking no more than 10 depositions of fact witnesses, including party and non-party witnesses.

**Defendants' Position:** Defendants contemplate taking no more than 10 depositions of fact witnesses, including party and non-party witnesses.

      **C.**      **Do the parties foresee any special issues during discovery?**

      **D.**      **Discovery Plan**.

The parties are engaging in discussions regarding a plan for discovery. Generally, discovery shall proceed on the schedule set forth in part II.A. The parties may submit a proposed order governing electronic discovery later in the case in the event that the parties cannot agree on issues relating to electronic discovery. The parties agree that privileged communications occurring after the date the lawsuit was filed do not need to be logged.

**III.**    **Trial**

      **A.**      **Have any of the parties demanded a jury trial?**

No parties have yet demanded a jury trial.

      **B.**      **Estimate the length of trial.**

Plaintiff believes that the trial should take 2-4 days, including jury selection, if any.

Defendants believe that the trial should take 4-5 days, including jury selection, if any.

IV. **Settlement, Referrals, and Consent**

    A. **Settlement Discussions.**

    No discussions have yet taken place.

    B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

    Plaintiff does not request a settlement conference at this time, as there have not yet been any settlement discussions between the parties.

    C. **Do Parties Consent to Jurisdiction of the Magistrate Judge?**

    At this time, the parties do not consent to jurisdiction of a magistrate judge.

V. **Other**

    A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

The parties request a prompt hearing and ruling on its motion for a preliminary injunction.

    B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Date: November 3, 2022                           Respectfully submitted,

                                                 RIMON, P.C.


                                                 _____/s/ Eric C. Cohen_____
                                                 Ill. ARDC No. 0473685
                                                 Rimon P.C.
                                                 980 N. Michigan Ave., Suite 1400 Chicago,
                                                 IL 60611
                                                 Telephone: (984) 960-2860
                                                 Email: eric.cohen@rimonlaw.com

                                                 Mark S. Lee
                                                 Rimon, P.C.
                                                 2029 Century Park East, Suite 400N
                                                 Los Angeles, CA 90067
                                                 Telephone: 310.561.5776
                                                 Email: mark.lee@rimonlaw.com

                                                 Zheng Liu
                                                 Rimon P.C.
                                                 800 Oak Grove Ave., Suite 250
                                                 Menlo Park, CA 94025
                                                 Telephone: (650) 382-4546
                                                 Email: zheng.liu@rimonlaw.com


                                                 Attorneys for Plaintiff, INTERFOCUS INC.

Date: November 3, 2022

      /s/ /Ziyong Li
Ziyong Li (pro hac vice) (Lead trial attorney)
Benesch Friedlander Coplan
 & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
Email: sli@beneschlaw.com

Kal K. Shah (IL Bar No. 6275895)
Shandice Sluch (IL Bar No. 6333369)
Benesch Friedlander Coplan
 & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
Email: kshah@beneschlaw.com
Email: ssluch@beneschlaw.com

Attorneys for Defendants Hangzhou Hibabi Technology Co., Ltd., )
and Hibobi Technology Ltd.,

## Certificate of Service

I hereby certify that on November 3, 2022, this document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

    /s/ Eric C. Cohen
Eric C. Cohen