UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Defendants Identified in Schedule A,<br><br>Defendants. | Case No.: 1:22-cv-02259<br><br>Honorable Steven C. Seeger |

**DEFENDANTS' MOTION TO SUPPLEMENT
THE JOINT INITIAL STATUS REPORT**

Defendants apologize to the Court for not providing the requested information regarding affirmative defenses and counterclaims on November 3, 2022. Due to Defendants' on-going evidence gathering efforts, Defendants were unable to adequately respond to the request at that time. Defendants hereby move to supplement relevant portions of the Status Report based on recent investigation.[1]

Defendants retained their counsel on October 18, 2022 and have been investigating the underlying facts and gathering evidence since that time. After Defendants filed the opposition to Plaintiff's motion for a preliminary injunction on October 25, Defendants shifted their effort to collecting and verifying necessary evidence to support their affirmative defenses and counterclaims. Because the due date of Defendants' answer is after the due date of the Joint Initial Status Report, Defendants were still in the process of fact investigation on November 3, 2022,

---

[1] Defendants emailed the draft motion and the Supplemented Initial Status Report to Plaintiff, and Plaintiff objected to this motion.

1

when the Joint Initial Status Report was due. As a result, Defendants were not able to gather the necessary evidence to support all affirmative defenses and counterclaims. *See CCC Information Services Inc. v. Bodyshop Booster, Inc*, Case No. 19-cv-06649, Dkt. 14, Joint Initial Status Report Under Rule 26(f) (February 11, 2022) (the defendant stated "there [were] no counterclaims or affirmative defenses at this time" when the parties filed the Joint Initial Status Report before the Answer was due).

Considering the limited amount of time that was available to Defendants before November 3, Defendants respectfully request the Court grant a motion for leave to enter a Supplemental Joint Initial Status Report, including Defendants' affirmative defenses and counterclaims and relevant information collected to date. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc*., 755 F.3d 832, 837 (7th Cir. 2014) (stating that district court has broad discretion over pretrial discovery rulings); *Jones v. City of Elkhart, Ind*., 737 F.3d 1107, 1115 (7th Cir. 2013) (determining that district courts enjoy extremely broad discretion in controlling discovery).

Defendants' affirmative defenses include 1) consent and implied license; 2) estoppel; 3) fair use; and 4) unclean hands. The counterclaims include 1) copyright infringement; 2) violation of Lanham Act § 43(a), 3) unfair competition; and 4) tortious interference with contracts and business relationships. These affirmative defenses and counterclaims are detailed in the Supplemental Joint Initial Status Report attached as **Exhibit A**. A track changed version is attached as **Exhibit B**.

Dated: November 9, 2022            Respectfully submitted,

*/s/ Ziyong Li*
Kal K. Shah (IL Bar No. 6275895)
Shandice Sluch (IL Bar No. 6333369)
BENESCH FRIEDLANDER COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
Email: kshah@beneschlaw.com
Email: ssluch@beneschlaw.com

Ziyong Li (*pro hac vice*)
BENESCH FRIEDLANDER COPLAN
 & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
Email: sli@beneschlaw.com

*Attorneys for Defendants identified in Schedule A: Hangzhou Hibaby Technology Co., Ltd. and Hibobi Technology Limited*

## CERTIFICATE OF SERVICE

I certify that, on November 9, 2022, a copy of the foregoing ***Defendants' Motion To Supplement Joint Initial Status Report*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Ziyong Li*
Ziyong Li (*pro hac vice*)

*Attorneys for Defendants identified in Schedule A: Hangzhou Hibaby Technology Co., Ltd. and Hibobi Technology Limited*
