# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| InterFocus Inc., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-02259 |
| v. | ) ) ) | Hon. Steven C. Seeger |
| Hangzhou Hibabi Technology Co., Ltd., and Hibobi Technology Ltd., | ) ) ) | |
| Defendants. | ) ) | |

## SUPPLEMENTAL JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). Defendants hereby supplement relevant portions of this Report based on recent investigation. The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

   **A.      Attorneys for parties:**

      1.   **Attorneys for Plaintiff**

         Eric C. Cohen (Lead Trial Attorney)
         Rimon P.C.
         980 N. Michigan Ave.
         Suite 1400
         Chicago, IL 60611

         Mark S. Lee
         Rimon, P.C.
         2029 Century Park East, Suite 400N
         Los Angeles, CA 90067
         Telephone: 310.561.5776
         Email: mark.lee@rimonlaw.com

    Zheng Liu
    Rimon P.C.
    800 Oak Grove Ave., Suite 250
    Menlo Park, CA 94025
    Telephone: (650) 382-4546
    Email: zheng.liu@rimonlaw.com

 **2. Attorneys for Defendants:**

    Ziyong Li (pro hac vice) (Lead trial attorney)
    Benesch Friedlander Coplan
     & Aronoff LLP
    100 Pine Street, Suite 3100
    San Francisco, CA 94111
    Telephone: (628) 600-2225
    Email: sli@beneschlaw.com

    Kal K. Shah (IL Bar No. 6275895)
    Shandice Sluch (IL Bar No. 6333369)
    Benesch Friedlander Coplan
     & Aronoff LLP
    71 South Wacker Drive, Suite 1600
    Chicago, IL 60606 4637
    Telephone: (312) 212-4949
    Facsimile: (312) 767-9192
    Email: kshah@beneschlaw.com
    Email: ssluch@beneschlaw.com

  B.  **Basis for Federal Jurisdiction.** The basis for federal jurisdiction is the Copyright Act, 17 U.S.C. § 501 et seq., the Lanham Act, 15 U.S.C. § 1125(a) , and 28 U.S.C. § 1331 (federal question jurisdiction.

.

  C.  **Short Overview of Case.**

**Plaintiff's Contention:**

  Plaintiff InterFocus operates an online store that markets high quality adult and children's clothing on the website Https://us.patpat.com/. Plaintiff has taken professional photos of its products, registered many of them with the U.S. Copyright Office, and uses

those photos to sell its products. Defendants are Chinese companies formed by former employees of one of Plaintiff's vendors. Defendants operate a competing website that sells competitive products using copies of images from Plaintiff's website. Plaintiffs contend that Defendants' have engaged in a pattern of copyright infringement and violations of Lanham Act §43(a).

**Defendants' Contention:**

This case is about a series of anticompetitive actions Plaintiff took against Defendants, Plaintiff's major competitor. Plaintiff and Defendants are both e-commerce platforms for parent-child products sourced from common suppliers in China, including 1) the public wholesale website www.1688.com, an e-commerce website operated by Alibaba and 2) many factories supplying clothes to both Plaintiff and Defendants. To exclude Defendants from the market in 2020, Plaintiff's Chinese entity sent a letter to certain common suppliers demanding them boycott Defendants.

The present case is another attempt for Plaintiff to exclude competition. Plaintiff's alleged copyrighted works on Defendants' website were either from the public wholesale websites or were uploaded by the factories/suppliers to Defendants' website. Defendants do not intend to infringe Plaintiff's alleged copyrighted works. In fact, after Defendants learned Plaintiff's lawsuit, Defendants immediately removed the accused images and products.

Without good faith efforts to work with Defendants, Plaintiff filed the present case under seal, concealing its non-compete litigation history with Defendants in China, so it could characterize Defendants as strangers and freeze Defendants' accounts for worldwide revenue and disturb Defendants' global logistics. Plaintiff has not suffered any irreparable

3

harm. Any alleged irreparable harm was caused by Plaintiff's own lie-in-wait strategy over the last six months.

On the other hand, based on recently discovered evidence, Plaintiff has also been infringing copyrighted works created by Defendants, including pictures of clothes and bags. Examples are identified below. On information and belief, Plaintiff has been removing infringing pictures from its website since Defendants appeared in this lawsuit, and the actual number of infringing pictures on Plaintiff's website were likely more than two.



---

[1] https://ar.patpat.com/product/Toddler-2pcs-Geo-and-Letter-Print-Long-sleeve-Pullover-Top-and-Pants-Blue-or-Orange-Set-552618.html?language=en&currency=QAR

[2] https://ar.patpat.com/product/Toddler-Kid-Faux-Pearl-Handle-Metal-Lock-Geometry-Lingge-Satchel-Bag-543689.html?language=en

Plaintiff has also engaged in a series of anticompetitive and deceptive practices that harm the customers and its competitors and violated both state and federal laws. Such illegal practices include demanding its suppliers boycott Defendants in 2020 and making misleading statements on its website regarding price reduction. *See* Illinois Uniform Deceptive Trade Practices Act, Sec. 2(a)(11) ("A person engages in a deceptive trade practice when . . . the person: . . . makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions[.]").

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

**Plaintiff's Contentions:**

Plaintiff contends that Defendants have engaged in a pattern of copying images from Plaintiff's website to market Defendants' knock-offs of Plaintiff's products. Plaintiff contends that Defendants' use of Plaintiff's copyrighted images violates Plaintiff's rights under the copyright laws, and also violates Plaintiff's rights under Lanham Act §43(a), 15 U.S.C. § 1125(a) by creating a likelihood of confusion as to the source, sponsorship, or affiliation of Defendants with Plaintiff.

**Defendants' Contention:**

Based on currently available evidence, Defendants will assert four affirmative defenses: 1) consent and implied license, 2) estoppel, 3) fair use, and 4) unclean hands. The consent, implied license, and estoppel defenses are based on Plaintiff's supply of the alleged works to third parties and its knowledge and lack of objection to the use of the alleged copyrighted works by third parties and Defendants, as well as Plaintiff's lie-in-wait strategy that intentionally extended Defendants' use of the alleged copyright works for almost six months. *See ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F. 3d 928, 940 (7th Cir. 2003)

5

("In fact, consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing.") (citation omitted). The fair use defense is based on at least the low creative nature of the asserted copyright and the absence of adverse impact on the potential market for Plaintiff. *See Kienitz v. Sconnie Nation LLC*, 766 F.3d 756,758 (7th Cir. 2014) (the effective use on potential market is "usually" "the most important" factor in determining fair use defense). The unclean hands defense is at least based on Plaintiff's lie-in-wait strategy intentionally delaying Defendants' removal of the asserted works.

Based on currently available evidence, Defendant will assert four counterclaims: 1) copyright infringement, 2) violation of Lanham Act § 43(a), 3) unfair competition, and 4) tortious interference with contracts and business relationships. Defendants' copyright infringement counterclaim is based on Plaintiff's unauthorized use of Defendants' copyrighted works. Examples are identified in Section 1.C above. Defendants' Lanham Act counterclaim is based on Plaintiff's creation of a likelihood of confusion as to the source, sponsorship, or affiliation of Plaintiff with Defendants. Defendants' unfair competition counterclaim is based on misleading information published on Plaintiff's website, including misleading statements concerning Plaintiff's price reduction (*e.g.*, PatPat can generate "80% saving"). Defendants' tortious interference with contracts and business relationships counterclaim is based on Plaintiff's 2020 letter to Defendants' suppliers.

E.   **What are the principal factual issues?**
     **Plaintiff's Contentions:**

1. Whether Defendants have copied images from Plaintiff's website to market Defendants' products.

2. Whether Defendants' use of images copied from Plaintiff's website on Defendants' website to market products that are virtually identical in appearance (but not in quality) has caused a likelihood of confusion.

**Defendants' Contention:**

1. What copyrighted works does Plaintiff assert and whether Plaintiff's copyright is valid, including whether Plaintiff's work-for-hire arrangement is valid.

2. Whether Defendants copied and intentionally infringed Plaintiff's alleged copyrighted works.

3. Whether there are any express or implied licenses between Plaintiff and its suppliers and Defendants and what is the scope of such licenses.

4. The creativity of Plaintiff's copyright and market effect of Defendants' use of Plaintiff's works.

5. Whether Defendants' use of the asserted contents has caused a likelihood of confusion.

6. Whether Plaintiff has copied images from Defendants website to market Plaintiff's products.

7. Whether Plaintiff's use of images copied from Defendant's website on Plaintiff's website to market products has caused a likelihood of confusion.

8. Whether Plaintiff's statements on its website regarding pricing and costs are misleading and deceptive.

9. Whether Plaintiff intentionally and unjustifiably induced and caused third parties to breach the contracts between such third parties and Defendants or prevented Defendants' legitimate expectancy from ripening into a valid business relationship.

10. Damages and harm Defendants suffered from Plaintiff's accused conducts.

F. **What are the principal legal issues?**

**Plaintiff's Contentions:**

1. Whether Defendants have infringed Plaintiff's rights under the Copyright Act.

2. Whether Defendants have violated Lanham Act § 43(a) by creating a likelihood of confusion.

3. Whether Plaintiff is entitled to an injunction preventing Defendants from copying any images from Plaintiff's website, whether registered with the Copyright Office or not, and using such copied images on Defendants' website.

**Defendants' Contention:**

1. Whether Defendants' use of the asserted copyrighted works is covered by consent and implied license.

2. Whether Plaintiff cannot enforce its asserted copyrighted works because of estoppel.

3. Whether Defendants' use of the asserted copyright works constitute fair use.

4. Whether Plaintiff cannot assert the copyright claim and Lanham Act claim based on the unclean hands doctrine.

5. Whether Plaintiff has infringed Defendants' rights under the Copyright Act.

6. Whether Plaintiff has violated Lanham Act § 43(a) by creating a likelihood of confusion.

7. Whether Defendants are entitled to an injunction preventing Plaintiff from copying any images from Defendants' website, whether registered with the Copyright Office or not, and using such copied images on Plaintiff's website.

8. Whether Plaintiff's statements regarding the price and cost information on its website constitutes unfair competition.

9. Whether Plaintiff's communications with third parties constitute tortious interference with contracts and business relationships.

G. **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiff seeks statutory damages under 17 U.S.C § 504(c) of $30,000 for the willful copyright infringement of each of 35 copyrighted works, which were registered with the Copyright Office prior to Defendants' willful acts of infringement, for a total of $1,050,000. In the alternative, Plaintiff seeks its actual damages and any profits of Defendants that are attributable to the infringement. Further, Plaintiff seeks damages under 15 U.S.C. § 1117 in the form of Defendant's profits and Plaintiff's damages and treble damages. Plaintiff also seeks its costs and attorneys' fees.

**Defendants' Contention:**

Defendants seek its copyright damages under 17 U.S.C § 504, including actual damages and any profits of Plaintiff that are attributable to the copyright infringement. Because Defendants assert unregistered copyrighted works under Berne Convention, a specific number based on statutory damages is not available. Further, Defendants seek damages under 15 U.S.C. § 1117 in

9

the form of Plaintiff's profits and Defendants' damages and treble damages. In addition, Defendants also seek damages caused by Plaintiff's unfair competition and tortious interference with contracts and business relationships to be proved at trial. Defendants also seek their costs and attorneys' fees. Defendants have lost significant business opportunities because of the boycott caused by Plaintiff. The preliminary ballpark damages estimation based on currently available evidence is between $500,000 and $3,000,000.

  H. **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

    **Plaintiff's position**: All defendants were served pursuant to this Court's Order.

Dkt. 22 at ¶ 5.

## II.  Discovery

 A. **Proposed Discovery Schedule**

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Amendment to the pleadings | December 15, 2022 | June 2, 2023 |
| Service of process on any "John Does" | N/A | N/A |
| Completion of Fact Discovery | March 31, 2023 | December 15, 2023 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain) May 1, 2023 | January 15, 2024 |
| Deposition of Plaintiff's Expert | May 22, 2023 | February 15, 2024 |
| Disclosure of Defendant's Expert Report(s) | June 5, 2023 | March 15, 2024 |
| Deposition of Defendant's Expert | June 19, 2023 | April 15, 2024 |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) July 24, 2023 | May 15, 2024 |

    B.    **How many depositions do the parties expect to take?**

**Plaintiffs Position:** Plaintiff contemplates taking no more than 10 depositions of fact witnesses, including party and non-party witnesses.

**Defendants' Position:** Defendants contemplate taking no more than 10 depositions of fact witnesses, including party and non-party witnesses.

    C.    **Do the parties foresee any special issues during discovery?**

    D.    **Discovery Plan**.

The parties are engaging in discussions regarding a plan for discovery. Generally, discovery shall proceed on the schedule set forth in part II.A. The parties may submit a proposed order governing electronic discovery later in the case in the event that the parties cannot agree on issues relating to electronic discovery. The parties agree that privileged communications occurring after the date the lawsuit was filed do not need to be logged.

**III.**    <u>**Trial**</u>

    A.    **Have any of the parties demanded a jury trial?**

No parties have yet demanded a jury trial.

    B.    **Estimate the length of trial.**

Plaintiff believes that the trial should take 2-4 days, including jury selection, if any.

Defendants believe that the trial should take 4-5 days, including jury selection, if any.

**IV.**    <u>**Settlement, Referrals, and Consent**</u>

    A.    **Settlement Discussions.**

      No discussions have yet taken place.

    B.    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

      Plaintiff does not request a settlement conference at this time, as there have not yet been any settlement discussions between the parties.

    C.    **Do Parties Consent to Jurisdiction of the Magistrate Judge?**

      At this time, the parties do not consent to jurisdiction of a magistrate judge.

V.    **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know?  (Please be brief.)

The parties request a prompt hearing and ruling on its motion for a preliminary injunction.

    B.    Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)

12

Date: November 9, 2022

/s/ *Ziyong Li*
Ziyong Li (*pro hac vice*) (Lead trial attorney)
Benesch Friedlander Coplan
 & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
sli@beneschlaw.com

Kal K. Shah (IL Bar No. 6275895)
Shandice Sluch (IL Bar No. 6333369)
Benesch Friedlander Coplan
 & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Telephone: (312) 212-4949
kshah@beneschlaw.com
ssluch@beneschlaw.com

*Attorneys for Defendants Hangzhou Hibabi Technology Co., Ltd., and Hibobi Technology Ltd.*