UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., A California Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>HIBOBI TECHNOLOGY LTD; HANGZHOU HIBABY TECHNOLOGY CO. LTD; HANGZHOU HAIBAOBEI TECHNOLOGY CO., LTD; HANGZHOU HIBAO TECHNOLOGY CO., LTD. HIBOBI HOLDINGS, LIMITED, AND HANGZHOU JIULONG TECHNOLOGY CO. LTD.<br><br>       Defendant. | Case No.: 1:22-cv-02259<br><br>Hon. Steven C. Seeger |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff submits the following to comply with this Court's November 17, 2022 order directing the parties to submit supplemental briefing on designated issues.

### I. THIS COURT SHOULD ISSUE A PRELIMINARY INJUNCTION BECAUSE OF THE THREAT OF CONTINUED INFRINGEMENT.

In the November 17 hearing, Defendants admitted infringing the works Plaintiff has identified herein, but argued their infringements do not support a preliminary injunction because they have stopped them. That argument lacks merit for the following reasons.

First, Supreme Court, Seventh Circuit, and Northern District of Illinois case law all reject it. They affirm that a defendant's voluntary cessation of infringing or other illegal

1

conduct does not moot a dispute nor require denial of preliminary injunctive relief, because of the risk that wrongful activity will resume if it is not enjoined.

*United States v. W.T. Grant Co. et al*, 345 U.S. 629, 73 S. Ct. 894 (1953), affirmed a trial court's grant of summary judgment, but ruled the trial court erroneously declined to consider preliminary injunctive relief because defendants had already voluntarily stopped the wrongful conduct, stating:

> "Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct. The purpose of an injunction is to prevent future violations, and, of course, it can be utilized even without a showing of past wrongs. But the moving party must satisfy the court that relief is needed. *The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.*"

73 S. Ct. 894 at 897-98; internal citations omitted and emphasis added.

Relying on *W.T. Grant*, the Seventh Circuit in *Milwaukee Police Assn'n v. Jones*, 192 F. 3d 742 (7th Cir. 1999), vacated and remanded a trial court's denial of a preliminary injunction because, it held, defendant's voluntary actions after suit was filed did not moot the dispute or require denial of the preliminary injunction. The Seventh Circuit ruled that "[t]he necessary determination [in deciding whether to grant or deny a preliminary injunction] is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." 192 F. 3d at 748, citing *W.T. Grant*, 345 U.S. at 633, 73 S. Ct. 894.

Consistent with this principle, courts in this district have granted preliminary injunctions after defendants stopped their copyright or trademark infringement because of the risk that infringement would resume unless enjoined. For example, in *JCW Investments, Inc. v. Novelty, Inc.*, 222 F. Supp. 2d 1030 (N.D. Ill. 2002), the court granted a preliminary injunction barring defendant's copyright infringement and unfair competition even though defendant had stopped selling the allegedly infringing dolls, holding the injunction sought to stop more than mere sales and "defendant may resume selling [infringing dolls]…in the absence of a preliminary injunction." 222 F. Supp. 2d at 1036 and n. 4.

Similarly, *Ty, Inc. v. GMA Accessories, Inc.,* 959 F. Supp. 936, 944 (N.D. Ill. 1997), granted a copyright infringement preliminary injunction and rejected defendant's argument that "'there are no ongoing acts by the defendants for this Court to enjoin'" because Defendant had stopped selling the infringing toy. The *Ty* court found "[t]his argument overlooks the notion that, absent an injunction, GMA may resume selling, manufacturing, or marketing the [infringing] GMA Cow." 959 F. Supp. at 944.

Second, in this case, Defendants' pattern of conduct establishes a "cognizable danger of recurrent violation" that supports a preliminary injunction here. As described in the Amended and Supplemental Complaint it has now verified (Dkt. Nos. 53, 55), Plaintiff first discovered Defendants infringing activity no later than May 2020, and Plaintiff sent repeated cease and desist letters and takedown notices. (Dkt. No. 53 at ¶24 and Exs. 102 and 109 thereto.) Defendants ignored each of Plaintiff's demands, and continued to infringe Plaintiff's copyrighted images. (Dkt. No. 53 at ¶ 25.) Even after Plaintiff filed suit herein, Defendants did not take down the following copyrighted images that were subject of Plaintiff's cease and

3

desist notices until they were forced to do so by this Court's temporary restraining order entered on October 4, 2022:

| Copyright Registration # | Takedown Demand Date | Actual Takedown Date | Exhibits showing actual images |
|---|---|---|---|
| VA0002282229 | 2021/06/30 | 2022/10/21 13:49:15 | 8A-D |
| VA0002289507 | 2021/06/30 | 2022/10/20 16:16:46 | 11A-D |
| VA0002289507 | 2021/06/30 | 2022/10/19 22:33:39 | 36A-D |
| VAu001404114 | 2022/09/30 | 2022/10/15 13:23:18 | 7A-D |

Dkt. No. 53 at ¶ 25.

Although Defendants advised the Court that they had "taken down" their infringing images (*see* Dkt. No. 33 at 8), Plaintiff discovered after filing the Complaint and motion for temporary restraining order that Defendants were infringing InterFocus' copyright in hundreds of additional works (and some of the same works included in the motion for temporary restraining order), sometimes at new online locations Defendants own and control, such as the website viewable at https://www.babiesclotheswholesale.com/ and www.riolio.com as shown in Plaintiff's reply brief supporting motion for preliminary injunction (Dkt No. 38-6 to 38-20) and the First Amended and Supplemental Complaint and Exhibits (Dkt. No. 53, Exs 36D, page 2, 49D, pages 2-11, 65D, 67D and 68D). As recently as

4

November 14, 2022, Plaintiff discovered additional InterFocus Copyrighted Images on one or more of Defendants' websites, which are included in the Amended and Supplemental Complaint**.** *Id*., Exs 58, 67, and 68. By November 17, hearing, the total number of InterFocus Copyrighted Images that had been used by Defendants without permission is, at the minimum, 302. *See* Dkt. No 53. Among them, about 130 images were discovered after the Complaint and TRO were filed, about 70 were discovered after the TRO was issued on October 4, 2022, and about 60 were discovered after Defendants retained current counsel on October 19, 2022. *Id.*

Following the November 17, 2022 hearing and this Court's direction to advise about Defendants' current infringements, Plaintiff discovered that another 6 images on Defendants websites, which brings the total number of InterFocus Images used by Defendants without permission to 308. *See* **Exs[1] 69, 70**. At this Court's direction, Plaintiff Counsel has notified Defendants' Counsel and Defendants Counsel stated that these new ones have been taken down. A summary of all 308 images and accompanying evidence is attached as **Nov. 18 Schedule A**.

Defendants' pattern of conduct, at this point, is clear. They infringe until threatened with judicial process, "stop" infringing specific works when confronted with judicial process, then repeat their infringing conduct with the same works or other works at the same or a different website and continue until they are caught infringing again. Then they "stop" the specified new infringements.

---

[1] The exhibits numbers follow those in the First Amended and Supplemental Complaint (Dkt No. 53) for simpler counting.

Defendants' latest tact is to blame their suppliers. Even if the accused infringing images were provided by their suppliers, "if the prosecution proves that the defendant was 'willfully blind' to the counterfeit nature of the mark, it will have met its burden of showing 'knowledge.'" *United States v. Josefik*, 753 F.2d 585, 589 (7th Cir.1985); *see also*, *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir.2003) ("Willful blindness is knowledge, in copyright law (where indeed it may be enough that the defendant should have known of the direct infringement)...."). "The knowledge element for contributory copyright infringement is met in those cases where a party has been notified of specific infringing uses of its technology and fails to act to prevent future such infringing uses, or willfully blinds itself to such infringing uses." *Flava Works v. Gunter*, 2011 WL 3205399 (N.D. Ill. 2011). In this case, Defendants had received several cease and desist letters from Plaintiff, which they ignored. Upon receiving those letters, Defendants should have investigated their suppliers. To the extent suppliers were copying Plaintiff's copyrighted images, such suppliers should have been controlled or terminated. There is no evidence that they did so. Defendants also argued that they obtained their products from the companies who supplied Plaintiff. That is not true. Plaintiff Counsel has compared Plaintiff's list of suppliers and Defendants' alleged suppliers and found no matches. Declaration of Zheng Liu in support of Plaintiff's InterFocus' Motion for Preliminary Injunction ("Liu Decl."), ¶2. This means that Defendants' infringing images must have been copied from Plaintiff's "patpat" website. Whether it was Defendants or their suppliers who copied the images doesn't matter. The infringing images were used on Defendants' websites to sell knockoff products.

6

For the reasons set forth above, nothing except an injunction will stop them from infringing again. Defendants' pattern of conduct and intentional infringement shows there is a "cognizable danger of recurrent violation" that supports entry of a preliminary injunction.

Further, that injunction should prohibit Defendants from copying not only the registered images whose infringement Plaintiff has identified to date, but any and all images posted on Plaintiff's "patpat" website. Plaintiff owns a copyright in those works upon their creation, with or without a registration, and "[o]nce a court has jurisdiction over an action for copyright infringement under section 411, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F. 3d 1146, 1154 n. 1(9th Cir. 2007); *see also*, *CCDB Partners v. DKS Systems, LLC*, 2019 WL 13218559, at *3 (D. Minn. December 12, 2019) ("after establishing the precondition of a registered copyright, a court may grant injunctive relief to prevent future infringement of any copyright, whether registered or unregistered").

Stopping Defendant's infringements of all images on its website is the only way to stop Defendants' infringing conduct, and to relieve Plaintiff, and the Court, of the burden of continuing amendments to the complaint and new motions for preliminary injunction to address new infringements. Plaintiff submits a proposed order of preliminary injunction to that effect concurrent with this brief for that reason.

Finally, since the beginning of this lawsuit, Plaintiff has discovered additional related Defendant entities (now totaling six in China and Hongkong) controlling at least three websites featuring InterFocus Copyrighted Images and InterFocus Designs. It is unclear how many additional entities and websites are out there, controlled by one or more Defendants.

An injunction is critical to stop the infringement of InterFocus intellectual property and protect Plaintiff's legitimate interests.

### II. PLAINTIFF AGREES TO DEFENDANTS' POSTING A BOND OF $200,000 IN LIEU OF THE ACCOUNT FREEZE.

As Defendant should confirm, Plaintiff and Defendants have agreed that Defendants may post a bond of $200,000 in lieu of asset freeze. This moots the part of Paintiff's motion regarding an asset freeze.

### III. CONCLUSION.

For the reasons set forth above, and in the motion in support of a temporary restraining order, Plaintiff submits that this Court should grant Plaintiff's motion for a preliminary injunction.

Date: November 18, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　RIMON, P.C.


　　　　　　　　　　　　　　　　　　　　/s/ Eric C. Cohen_____

　　　　　　　　　　　　　　　　　　　　Ill. ARDC No. 0473685
　　　　　　　　　　　　　　　　　　　　Rimon P.C.
　　　　　　　　　　　　　　　　　　　　980 N. Michigan Ave., Suite 1400
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　　　　　　Telephone: (984) 960-2860
　　　　　　　　　　　　　　　　　　　　Email: eric.cohen@rimonlaw.com

　　　　　　　　　　　　　　　　　　　　Mark S. Lee
　　　　　　　　　　　　　　　　　　　　Rimon, P.C.
　　　　　　　　　　　　　　　　　　　　2029 Century Park East, Suite 400N
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　　　Telephone: 310.561.5776
　　　　　　　　　　　　　　　　　　　　Email: mark.lee@rimonlaw.com

　　　　　　　　　　　　　　　　　　　　Zheng Liu
　　　　　　　　　　　　　　　　　　　　Rimon P.C.
　　　　　　　　　　　　　　　　　　　　800 Oak Grove Ave., Suite 250
　　　　　　　　　　　　　　　　　　　　Menlo Park, CA 94025
　　　　　　　　　　　　　　　　　　　　Telephone: (650) 382-4546
　　　　　　　　　　　　　　　　　　　　Email: zheng.liu@rimonlaw.com


　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff, INTERFOCUS INC.