**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

INTERFOCUS INC., a California Corporation,

Plaintiff,

v.

The Defendants Identified in Schedule A,

Defendants.

Case No.: 1:22-cv-02259

Honorable Steven C. Seeger

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.  TAKE-DOWN SUMMARY ........................................................................................... 1

II.  INJUNCTIVE RELIEF IS MOOT ............................................................................... 2

III.  THE LAW REQUIRES CONSIDERING EQUITY ..................................................... 3

IV.  THE LAW REQUIRES THE HARM BE IMMINENT ................................................ 4

V.  THE LAW REQUIRES A CLEAR SHOWING OF IRREPARABLE HARM .................... 5

VI.  ASSET FREEZE AND STIPULATED BOND ............................................................ 5

## I.  TAKE-DOWN SUMMARY

Defendants have committed to remove accused products and have shifted to a new process as explained below.

To date, Defendants have taken down **all** accused products and images from its website. A master tracking sheet is attached as Exhibit 1.  This sheet is built from Schedule A in Plaintiff's Amended Complaint.  The Amended Complaint represents that "Attached as Schedule A is a table that lists (A) certificates of copyright registration for **each work** that Defendants have infringed."[1]

Defendants added four columns to Schedule A on the right side, all in green:

1. The first column shows the date and time each accused product was taken down.

2. The second column shows the U.S. sales of such accused product.  The total U.S. sales at issue is $2,922.75.

3. The third column shows the initial listing date of such products.  All of them were listed months *before* Defendants were aware of the lawsuit.  None of them was newly listed *after* the Court granted the TRO.

4. A comment column identifying if a product is duplicate.

The Fourth Declaration of Zhixiong Liu in Support of Defendants' Supplemental Brief (*Liu Decl. IV*), ¶ 3.  Exhibit 2 is a detailed version of Exhibit 1.  It includes the screenshots of Defendants' backend website showing the taking down process of each accused product.  *Liu Decl. IV*, ¶ 4. When a product was taken down, all images for that product were also taken down.  *Id*.

On November 18, 11:15 am CT (9:15 am PT), Plaintiff provided two new exhibits not asserted before.  *See* Exhibit 4 (counsel's email correspondence).  Within 90 minutes of the notice, Defendants located and removed them from all their platforms.  *Liu Decl. IV*, ¶ 9.  The total U.S. sales at issue is $4,177.08.  The take down evidence is in Exhibit 3.

---

[1] Exhibit numbers 6, 38, 40 were missing in Plaintiff's Schedule A as it was filed.

To the extent the Court finds injunctive relief is the only reasonable choice, Defendants respectfully request limit the scope of the order to an affirmative or positive injunction. Specifically, to the extent Plaintiff identifies any infringing products and sends a notice to the email address, infringementnotice@hibobi.com, Defendants is obligated to remove the identified products and pictures within 24 hours. *Liu Decl. IV*, ¶ 6.

To the extent the Court considers a broader injunction, Defendants respectfully request an evidentiary hearing regarding Plaintiff's irreparable harm.

## II. INJUNCTIVE RELIEF IS MOOT

Voluntary cessation of conduct moots injunctive relief when "there is no reasonable expectation that the wrong will be repeated." *Nelson v. Miller*, 570 F.3d 868, 882-83 (7th Cir. 2009) *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019); *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 461 (N.D. Ill. 2013). There must be "some **cognizable danger** of recurrent violation, something **more than [a] mere possibility**." *Clark v. Bumbo Int'l Tr.*, No. 15 C 2725, 2017 WL 3704825, at *4 (N.D. Ill. Aug. 28, 2017) (internal citations omitted) (emphasis added). Moreover, the fact that it is "theoretically possible" the defendant will resume the conduct at issue is mere speculation; and the possibility must be supported by evidence, not speculation. *Nelson*, 570 F.3d at 882-83 (7th Cir. 2009) (injunction moot because prison already changed prisoner's diet to comport with his religious beliefs).

Several courts have faced cases with factual circumstances substantially like this case and have found the injunctive relief was not warranted. For example, in *Noodles Dev., LP v. Ninth St. Partners, LLP*, the defendants were charged with trademark infringement. 507 F. Supp. 2d 1030, 1033-38 (E.D. Mo. 2007). In compliance with the TRO, however, they removed and/or changed various items from their restaurants, including all items that in any way referred to or resembled the plaintiff, and returned all the plaintiff's recipes and manuals in their possession. *Id*. Based on

this conduct, the Court found there could be no showing of irreparable harm and denied the request for a preliminary injunction. *Id*.

Similarly, in *Stokely-Van Camp, Inc. v. Coca-Cola Co*., the plaintiff accused the defendant of trademark dilution by running ads comparing its product to the plaintiff's product. 646 F. Supp. 2d 510, 524-25 (S.D.N.Y. 2009). The defendant, however, discontinued the ads and committed not to resume those ads during the pendency of this lawsuit. *Id*. The court rejected as "speculative at best" the plaintiff's argument that the defendant had an "alleged record of following a 'cheat and retreat' strategy" that evinced "bad faith and a likelihood that it will resume the ads." *Id*. The court denied the plaintiff's request for injunctive relief as moot. *Id*.

In this case, there is "no reasonable expectation that the wrong will be repeated." Defendants have removed all allegedly infringing images about which they have knowledge. *Liu Decl. IV*, ¶ 5. Defendants have pledged to remove any additional images about which Plaintiff informs them. *Liu Decl. IV*, ¶ 6. Finally, Defendants affirmatively assert in the attached affidavit that they do not intend to use the allegedly infringing images in the future. *Liu Decl. IV*, ¶ 7. Thus, there is no evidence that Defendants will use the images in the future and no reasonable expectation that they will. To assert otherwise is impermissible speculation.

## III.    THE LAW REQUIRES CONSIDERING EQUITY

This Court has held: "An injunction is strong medicine. It is the 'strong arm of equity.'" *Deckers Outdoor Corporation v. Yao Long He*, 2020 WL 1983876 at *1 (N.D. Ill., March 11, 2020) (Judge Seeger). The Court denied an injunctive relief in a similar situation where the relief "would violate the[] equitable principles." *Id.* at *2. In *Deckers*, this Court refused to shut down certain websites ***even after the entry of default*** where the defendants failed to appear.

> On one side of the scale, there are hundreds of thousands of products that do not infringe [the asserted] trademarks. On the other side of the scale, there are 2,328 infringing products that are offered for sale – i.e., the remaining 1%. But Plaintiff

> tells this Court next to nothing about the actual sales of those products. Plaintiff never reveals whether those websites have ever sold a single fake [] product. On this record, there is no reason to believe that the harm from the 1% justifies a ban on the 99%.

*Deckers*, 2020 WL 1983876 at *3. Here, the Plaintiff has identified less than 70 total accused products, while Defendants offered more than 2800 products in the U.S. and 6,800 worldwide. *Liu Decl. IV*, ¶ 8. The accused products are about 2.5% of the total listed U.S. products and 1% of the worldwide products. The relevant U.S. revenue of the accused products is about $7,100. Granting an injunctive relief affecting worldwide software availability and customers would be inconsistent with this Court's *Deckers* decision denying injunction when the defendants chose not to show up.

## IV.    THE LAW REQUIRES THE HARM BE IMMINENT

"Alleged harm that is remote or speculative will not be considered irreparable; rather, the movant must demonstrate that the threatened harm is ***imminent***." 13 Moore's, § 65.22[1][b] at 65.44 (emphasis added). In this Court's order denying a preliminary injunction, this Court quote:

> "Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." . . . "[W]hen a plaintiff is complaining of irreparable injury from a long-established state of affairs, a court may naturally ask why, if the injury is so pressing as to warrant preliminary relief, the plaintiff waited so long before bringing a claim."

*CF Entertainment, Inc. v. Nielsen Company (US), LLC*, 2020 WL 3892988 * 13 (N.D. Ill., July 10, 2020) (Judge Seeger) (internal citation omitted).

Plaintiff has been hoarding the accused pictures captured on Defendants' website since December 23, 2021 and cannot argue the harm is imminent. The chronology of capturing is shown in Li's Declaration (*see* the table). Plaintiff did not file a lawsuit until April 2022. Even for several newly identified pictures in the Amended Complaint, the capture dates were in ***May and June 2022***. *See* Dkt. 53-45 (Ex. 48D), Dkt. 53-47 (Ex. 50D), Dkt. 53-48 (Ex. 51D), Dkt. 53-49 (Ex. 52D), Dkt. 53-50 (Ex. 53D), Dkt. 53-51 (Ex. 54D), Dkt. 53-52 (Ex. 55D). Given that Defendants

4

removed all accused pictures immediately after they learned the lawsuit, the lasting of the accused infringement was a self-inflicted harm due to Plaintiff's delayed service. No harm is imminent.

## V.    THE LAW REQUIRES A CLEAR SHOWING OF IRREPARABLE HARM

Plaintiff failed to prove the irreparable harm by a "clear showing," a burden emphasized by this Court. *See ML Fashion, LLC v. Nobelle GW, LLC,* 2021 WL 170741 at *4 (N.D. Ill., Jan. 19, 2021) (Judge Seeger) ("Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies that 'should not be granted unless the movant, ***by a clear showing***, carries the burden of persuasion.'") (emphasis in original). Here, Plaintiff's own declarant stated that "InterFocus ***cannot determine*** how much business it is losing to Defendants," and "Defendants' misuse of InterFocus' copyright images ***may potentially damage*** the goodwill and reputation" of InterFocus. Dkt. 38-1, *Graham Declaration*, ¶ 8. Granting the injunctive relief based on this speculative evidence would reduce the standard below the "clear showing" required by this Court. *ML Fashion,* 2021 WL 170741 at * (Judge Seeger).

Therefore, Defendants respectfully request the Court deny the motion for preliminary injunction or limit the injunction to an affirmative one ordering Defendants to remove accused products within 24 hours after notice in the future.

## VI.    ASSET FREEZE AND STIPULATED BOND

Parties have agreed that Defendants will post a $200,000.00 bond in lieu of an asset freeze. This moots the part of Plaintiff's motion regarding an asset freeze.

Dated: November 18, 2022

Respectfully submitted,

*/s/ Ziyong Li*

Kal K. Shah (IL Bar No. 6275895)
BENESCH FRIEDLANDER COPLAN
  & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
Email: kshah@beneschlaw.com

Ziyong Li (*pro hac vice*)
BENESCH FRIEDLANDER COPLAN
  & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
Email: sli@beneschlaw.com

*Attorneys for Defendants in Schedule A*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 18, 2022, I electronically filed the

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR**

**PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system, which will

then send a Notification of Electronic Filing ("NEF") to all counsel of record.


*/s/ Ziyong Li*

*Counsel for Defendants in Schedule A*