IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., <br>       Plaintiff, <br> v. <br> HIBOBI TECHNOLOGY LTD; HANGZHOU HIBABY TECHNOLOGY CO., LTD, A.K.A. HANGZHOU HAIBAOBEI TECHNOLOGY CO., LTD; HANGZHOU HIBAO TECHNOLOGY CO., LTD; and HANGZHOU JIULONG TECHNOLOGY CO. LTD. <br>       Defendants, Counterclaim Plaintiffs <br> v. <br> INTERFOCUS INC., Shenzhen Yingfusi Technology Co., Ltd., INTERFOCUS (BVI) LTD., INTERLOGIC HK LIMITED, SHENZHEN YINGPAI TECHNOLOGY CO. LTD, AND INTERFOCUS CAYMAN LTD. <br>       Counterclaim Defendants | Case No.: 1:22-cv-2259 <br> Hon. Steven C. Seeger <br><br> JURY TRIAL DEMAND |

**DEFENDANT HANGZHOU JIULONG TECHNOLOGY CO. LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant Hangzhou Jiulong Technology Co., Ltd ( "Defendant" or "Jiulong") responds to Plaintiff InterFocus Inc.'s ("InterFocus") First Amended and Supplemental Complaint (Dkt. 53) as follows:

1.  Defendant admits that this Court has original subject matter jurisdiction over the claims in this action.

2.  Defendant admits that for venue purposes it may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). Defendant denies that this Court may properly exercise personal jurisdiction with regard to this matter over Jiulong Technology Co. Ltd. Defendant denies the remaining allegations asserted against it in this paragraph. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

3. Defendant admits that Defendant was formed by former employees of Shenzhen Yingfusi Technology Co., Ltd. Defendant admits that Plaintiff's Amended Complaint purports to seek a preliminary and permanent injunction and enhanced statutory damages in the amount of over $40 million. Defendant is without knowledge or information sufficient to form a belief as to the truth of the following statement: "Plaintiff filed this action to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by infringing Plaintiff's copyrights to sell and/or offer to sell Counterfeit InterFocus Products through a variety of websites" and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 3. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

4. Defendant understands from Plaintiff's Rule 7.1 corporate disclosure statement that Plaintiff InterFocus Inc. is a Delaware company having its principal place of business in Mountain View, California. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 4 and, therefore, denies them.

5. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 and, therefore, denies them.

6. Defendant admits that Exhibit 100 purports to show InterFocus Inc. (Delaware Corporation) on Trademark Registration Nos. 4,989,570 and 4,989,569 and show Shenzhen Yingfusi Technology Co., Ltd. (China Limited Company) on Trademark Registration No. 6,559,059. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 6 and, therefore, denies them.

7. Defendant admits that the United States Copyright Office records show that certain photos were registered under InterFocus Inc. Defendant lacks information or knowledge sufficient

to form a belief as to the remaining allegations contained in Paragraph 7 and, therefore, denies them.

8. Defendant admits that Plaintiff's Amended Complaint states that "Plaintiff outsourced some of its backend services, including management of the patpat.com website, to a China-based vendor Shenzhen Yingfusi Technology Co. Ltd. ("Yingfusi")." Defendant denies the remaining allegations of Paragraph 8.

9. Defendant admits that certain employees of Defendant were from Yingfusi. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 9 and, therefore, denies them.

10. Defendant admits that Defendants identified in Dkt. No. 32 are the following entities: Hangzhou Haibaobei Technology Co., Ltd., Hangzhou Hibao Technology Co., Ltd., Hibobi Technology Limited, and Hibobi Holdings Limited. Defendant admits that it operates www.riolio.com. Defendant admits that Exhibit No. 102 purports to show cease and desist notices sent by patpat. Defendant admits that Exhibit No. 103 and Exhibit No. 105 show Hangzhou Jiulong's address. Defendant admits that Hibobi Technology Limited is the owner of U.S. Trademark "Riolio." Defendant admitted that its Legal Representative is a former Yingfusi employee. Defendant denies the remaining allegations asserted against it in Paragraph 10. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's discoveries and beliefs in Paragraph 13 and, therefore, denies them. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant denies that it targets consumers in this Judicial District and throughout the United States. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 14 and, therefore, denies them.

15. Defendant lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 15 and, therefore, denies them.

16. Defendant denies the allegations asserted against it in Paragraph 16. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

17. Defendant admits that Defendant's website accepted payment in U.S. dollars. Defendant admits that Defendant's website accepted payment via Visa, Master, and American Express credit cards, Diners Club International, JCB, Maestro, OXXO, Checkout.com, Stripe, and/or PayPal. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's allegations regarding "InterFocus' strategies" and Plaintiff's standard regarding a "sophisticated" appearance of a website and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 17. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

18. Defendant denies the allegations of Paragraph 18.

19. These allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

20. Defendant admits that Schedule A purports to show a table that lists (A) certificates of copyright registration for each work asserted by Plaintiff, (B) the corresponding deposit copy submitted with each application to register the copyright (C) the corresponding copyrighted image used by Plaintiff in Plaintiff's website, and (D) the accused image used on certain websites. Defendant lacks information or knowledge sufficient to form a belief as to the allegations regarding the corresponding deposit copy submitted with each application to register the copyright and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 20. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

21. Defendant admits that Plaintiff purports to define the phrase "InterFocus Copyrighted Images" as any copyrighted InterFocus images, including those identified in Schedule A in the Amended and Supplemental Complaint.

22. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 22 and, therefore, denies them.

23. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's awareness and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 23.

24. Defendant admits that Exhibit 109 purports to show several takedown notices sent from Plaintiff to a Hibobi customer service email address on May 29, 2020, June 30, 2021, July 12, 2021, and September 30, 2022. Defendant denies the remaining allegations asserted against it in Paragraph 24. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

25. Defendant lacks information or knowledge sufficient to form a belief as to the information in the Takedown Demand Date column in the table in Paragraph 25 and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 25. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

26. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's discoveries asserted in Paragraph 26 and, therefore, denies them. Defendant denies the remaining allegations asserted against it in Paragraph 26. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

27. Defendant denies the allegations of Paragraph 27.

28. Defendant lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 28 and, therefore, denies them.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. §§ 1115 AND 1117(b))

29. Defendant repeats and realleges its answers to Paragraphs 1-28 as if fully set forth therein.

30. Defendant denies that Plaintiff asserts trademark infringement against Defendant. Defendant denies the allegation in Paragraph 30 to the extent it uses the plural "Plaintiffs" to indicate there is more than one Plaintiff. Defendant lacks information or knowledge sufficient to form a belief as to the distinctiveness of the asserted trademarks and the allegation that "[c]onsumers have come to expect the highest quality from Plaintiffs' products provided under the patpat trademark and logo" and, therefore, denies them. Defendant also lacks information or

6

knowledge sufficient to form a belief as to "the" registered patpat trademark and, therefore, denies it. Defendant denies the remaining allegations asserted against it in Paragraph 30. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

31. Defendant denies the allegation in Paragraph 31 to the extent it uses the plural "Plaintiffs" to indicate there is more than one Plaintiff. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 31 and, therefore, denies them.

32. Defendant denies the allegation in Paragraph 32 to the extent it uses the plural "Plaintiffs" to indicate there is more than one Plaintiff. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 32 and, therefore, denies them.

33. Defendant denies the allegation in Paragraph 33 to the extent it uses the plural "Plaintiffs" to indicate there is more than one Plaintiff. Defendant lacks information or knowledge sufficient to form a belief as to the allegation that "Plaintiffs' United States Registrations for the patpat trademark and logo are in full force and effect" and, therefore, denies it. Defendant denies the remaining allegations asserted against it in Paragraph 33. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## COUNT II
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 et seq AND 501)

37. Defendant repeats and realleges its answers to Paragraphs 1-36 as if fully set forth therein.

38. Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies them.

39. Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, denies them.

40. Defendant lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies them.

41. Defendant denies the allegations asserted against it in Paragraph 41. The remaining allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

## COUNT III
## VIOLATION OF LANHAM ACT SECTION 43(a), 15 U.S.C. 1125(a)

48. Defendant repeats and realleges its answers to Paragraphs 1-47 as if fully set forth therein.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

## RELIEF REQUESTED BY INTERFOCUS INC.

Defendant denies that InterFocus is entitled to any of the relief requested in Plaintiff's prayer for relief.

## GENERAL DENIAL

Any allegation or assertion not specifically responded to herein is denied, and Defendant demands proof of all Plaintiff's claims against them. The allegations asserted against other defendants do not require a response under FRCP 8(b)(1) because they are not "the allegations asserted against [Jiulong]."

## AFFIRMATIVE DEFENSES

54. Subject to the responses above, Defendant alleges and asserts the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE
(Fair Use)

55. On information and belief, the asserted copyright images have not been used by Plaintiff.

56. Plaintiff borrowed elements from other works when it created the asserted InterFocus Copyrighted Images.

57. Plaintiff borrowed elements from public domain when it created the asserted InterFocus Copyrighted Images.

58. Plaintiff did not design the majority of clothes captured in the asserted InterFocus Copyrighted Images.

59. For those clothes designed by Plaintiff, Plaintiff borrowed elements from other works.

60. For those clothes designed by Plaintiff, Plaintiff borrowed elements from the public domain.

61. The creativity of the asserted InterFocus Copyrighted Images is low.

62. The forms of the expression of the asserted InterFocus Copyrighted Images are common in the fashion industry.

63. The forms of the expression of the asserted InterFocus Copyrighted Images are common in the e-commerce industry.

64. The asserted InterFocus Copyrighted Images have intrinsic utilitarian functions.

65. The utilitarian functions in the asserted InterFocus Copyrighted Images are not copyrightable.

66. Certain forms of the expression of the asserted InterFocus Copyrighted Images constitute *scenes a faire*.

67. The products in connection with the asserted InterFocus Copyrighted Images are not popular.

68. Defendant's use of the asserted InterFocus Copyrighted Images has virtually no adverse impact on the potential market for Plaintiff.

69. Thus, Plaintiff's copyright claim is barred, in whole or in part because any alleged conduct by Defendant, as set forth in the Amended Complaint, constitutes "fair use" pursuant to applicable copyright law.

### SECOND AFFIRMATIVE DEFENSE
### (Innocent Infringement of Copyright)

70. The accused pictures on Defendant's website came from third parties. On information and belief, the asserted copyright images have not been used by Plaintiff.

71. Defendant did not intend to infringe the asserted InterFocus Copyrighted Images or trademarks.

72. Plaintiff did not mark the asserted copyrighted pictures with a copyright mark ©.

73. To the extent that the fact finder finds Defendant infringes Plaintiff's asserted intellectual property rights, such infringement is innocent.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mark The Asserted Trademarks)

74. Plaintiff failed to sufficiently state a Trademark claim or Lanham Act claim against Defendant.

75. Alternatively, to the extent Plaintiff sufficiently states such claims, Plaintiff failed to give notice of all asserted trademarks according to 15 U.S.C. § 1111 by marking it with the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed within a circle, thus ®, before it filed the First Amended and Supplemental Complaint.

76. Plaintiff is not entitled to recover profits or damages according to 15 U.S.C. § 1111 for the use of the non-marked trademarks before its filing of the First Amended and Supplemental Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

77. Plaintiff's overclaim of copyright and trademark damages are motivated by its intent to exclude Defendant from the market.

78. Plaintiff always intended to exclude Defendant from the market.

79. Plaintiff's claim of damages is not based on Defendant's profits or Plaintiff's loss.

80. Plaintiff chose not to provide infringement notice or takedown notice to Defendant when Plaintiff first identified the use of certain asserted copyrighted works on Defendant's website.

81. Plaintiff chose to conceal the original Complaint from Defendant when Plaintiff first filed this lawsuit in April 2022.

82. Plaintiff chose to conceal its motion for a temporary restraining order from Defendant when Plaintiff filed such motion.

83. Plaintiff knew the contact information of Defendant's management.

84. Plaintiff chose not to provide takedown notices to Defendant's management through such contact information.

85. Plaintiff's choice caused delay of notice of Defendant regarding Defendant's use of certain asserted copyrighted works.

86. Plaintiff intended the delay.

87. Plaintiff's claims are barred, in whole or in part by the equitable doctrines of unclean hands at least because Plaintiff intentionally delayed notice of the lawsuit and intentionally delayed Defendant's removal of the asserted works and trademarks, all of which is part of Plaintiff's unfair competition practices.

## FIFTH AFFIRMATIVE DEFENSE
**(Personal Jurisdiction)**

88. There is no personal jurisdiction over Defendant because on information or belief, there are no sales of the accused products in the United States and exercising personal jurisdiction is inconsistent with the United States Constitution and laws.

## JURY DEMAND

Defendant requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATE: January 20, 2023

Respectfully submitted,

By: /s/ Ziyong Li
Kal K. Shah (IL Bar No. 6275895)
Shandice Sluch (IL Bar No. 6333369)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: kshah@beneschlaw.com
Email: ssluch@beneschlaw.com

Ziyong Li (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
Email: sli@beneschlaw.com

*Attorneys for Defendants Hibobi Technology Ltd; Hangzhou Hibaby Technology Co. Ltd, a.k.a. Hangzhou Haibaobei Technology Co., Ltd; Hangzhou Hibao Technology Co., Ltd.; Hangzhou Jiulong Technology Co., Ltd*

## CERTIFICATE OF SERVICE

I certify that, on January 20, 2023, a copy of the foregoing ***Defendant Hangzhou Jiulong Technology Co. Ltd.'s Answer and Affirmative Defenses to Plaintiff's First Amended and Supplemental Complaint*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Ziyong Li
Ziyong Li (*pro hac vice*)

*Attorney for Defendants Hibobi Technology Ltd;
Hangzhou Hibaby Technology Co. Ltd, a.k.a.
Hangzhou Haibaobei Technology Co., Ltd;
Hangzhou Hibao Technology Co., Ltd.;
Hangzhou Jiulong Technology Co., Ltd*

20740699 v4