UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-2259 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| HIBOBI TECHNOLOGY LTD., ) | |
| HANGZHOU HIBABY ) | |
| TECHNOLOGY CO., LTD., ) | |
| HANGZHOU HAIBAOBEI ) | |
| TECHNOLOGY CO., LTD., ) | |
| HANGZHOU HIBAO ) | |
| TECHNOLOGY CO., LTD., ) | |
| HIBOBI HOLDINGS, LTD., and ) | |
| HANGZHOU JIULONG ) | |
| TECHNOLOGY CO. LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff and three of the six defendants filed a motion to drop a fourth defendant from the case, based on a settlement. The motion for entry of stipulation to voluntarily dismiss and for attorney service (Dckt. No. [93]) is hereby denied without prejudice.

Plaintiff Interfocus reached a settlement with one (and only one) of the six defendants: Hibobi Holdings, Ltd. (for the sake of simplicity, "Defendant #4"). Plaintiff then filed a motion "for entry of stipulation to voluntarily dismiss" under Rule 41. Three other defendants – Hibobi Technology Limited ("Defendant #1"), Hangzhou Hibaby Technology Co., Ltd. ("Defendant #2"), and Hangzhou Hibao Technology Co., Ltd. ("Defendant #3") – joined the motion.

The motion suffers from a few problems. For starters, Rule 41(a) isn't a preferred vehicle for dismissing part of a case. Rule 41(a) is about dismissing an "action" – meaning an

entire case – not a hunk of it. *See* Fed. R. Civ. P. 41(a). Even if Rule 41(a) was a way to trim a case, a stipulation of dismissal and a motion for dismissal are two different things. But the parties filed a motion for entry of a stipulation, which is an amalgamation of two different things. And to top it off, the settling defendant here (Hibobi Holdings, Ltd.) isn't one of the parties that filed the motion. The settling defendant is nowhere to be seen.

Basically, non-settling defendants moved for entry of a stipulation (which isn't a thing) to dismiss one and only one settling defendant (which Rule 41(a) does not allow), and that settling defendant did not join the motion.

The most basic problem involves the use of Rule 41(a), which is probably the favorite rule of most district court judges. Rule 41(a) covers the dismissal of "an action," meaning a case as a whole, not an individual claim or an individual party. *See* Fed. R. Civ. P. 41(a). "An 'action' refers to the whole of the lawsuit." *See Brownback v. King*, 141 S. Ct. 740, 751 (2021) (Sotomayor, J., concurring).

The Seventh Circuit has interpreted Rule 41(a) to apply to the dismissal of an entire case, not bits and pieces. "Although some courts have held otherwise, we've said that Rule 41(a) 'does not speak of dismissing one claim in a suit; it speaks of dismissing "an action" – which is to say, the whole case.'" *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)).

From a textualist perspective, it is hard to avoid the conclusion that "action" means the whole case, not a chunk of it. That conclusion is as easy as (Rules) 1, 2, and 3. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . ."); Fed. R. Civ. P. 2 ("There is one form of action – the civil action."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Rule 41 itself reflects the difference between an action and a claim. Rule 41(a) speaks of an "action," but Rule 41(b) addresses "the action or any claim." *See* Fed. R. Civ. P. 41(a)(1), 41(a)(2), 41(b). So, when Rule 41(a) uses the term "action," it means what it says. An action and a claim are not the same thing.

Consistent with the text, the Seventh Circuit does not view Rule 41(a) as a set of shears for trimming a case, and leaving the rest. As an alternative, the Seventh Circuit has suggested that parties file an amended complaint that drops a claim or drops a party. *See Taylor*, 787 F.3d at 858 ("Rule 41(a) was not the proper vehicle. Instead, the court should have offered Taylor the opportunity to amend his pleadings under Rule 15(a)."); *id.* at 858 n.9 ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead."); *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 n.4 (7th Cir. 2021) ("We again remind parties and district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future.").[1]

The Seventh Circuit's approach shows fidelity to the text of Federal Rules, which is the way to go. *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) ("'We give the Federal Rules of Civil Procedure their plain meaning.'") (quoting *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 540 (1991)). Even so, the text itself creates significant

---

[1] There may be some internal tension in Seventh Circuit case law on this point. *Taylor* interpreted "an action" to mean "the whole case." *See Taylor*, 787 F.3d at 857. But a more recent case, *Dr. Robert L. Meinders, D.C., Ltd.*, seemingly interpreted "an action" to mean all claims against certain defendants, even though there were other pending claims against other defendants. *See Dr. Robert L. Meinders, D.C., Ltd.*, 7 F.4th at 559 n.4 ("[W]e do not believe that *Taylor* poses a problem here. The parties' stipulation dismissed the 'entire action' *as it related to the United entities* – accordingly, both the entities and all Meinders's claims against them dropped out of the lawsuit when the stipulation was filed.") (emphasis added). Decades ago, the Seventh Circuit recognized that "[i]n the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case." *See Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983).

practical problems for district courts. Unnecessarily. From a pragmatic perspective, the Federal Rules can and should do better.

Filing an amended complaint each time a party settles a claim or drops a party isn't exactly a user-friendly, cost-free exercise. *See generally* Fed. R. Civ. P. 1. Oftentimes, a case is chock-full of claims and parties. Amending a complaint again and again can clog up the docket and create confusion about which complaint is the operative pleading. Imagine a docket with a sixth amended complaint, followed by a seventh amended complaint, followed by an eighth amended complaint, and so on. Heads will start spinning.

An amended complaint requires a step for the district court, too. The Federal Rules require leave of court to file an amended complaint, unless it is early in the case (*i.e.*, in the first 21 days) or unless the other parties consent in writing. *See* Fed. R. Civ. P. 15(a)(1)(B). So, trimming a case through an amended complaint typically requires a motion.

That motion practice may not seem like much, viewed in isolation. And it isn't. But writ large, a district court would encounter lots of motions from settling parties in its entire docket, and after a while, it adds up. When hiking the longest of trails, as every district court judge does, every pound matters. Lugging extra motions takes a toll. Narrowing a case, without unnecessary motion practice, is better for everyone.

Once an amended complaint hits the docket, a non-settling defendant might wonder if it has to file an amended answer. After all, filing an answer to an amended complaint is mandatory, "[u]nless the court orders otherwise." *See* Fed. R. Civ. P. 15(a)(3). Litigants might not want to take the risk of botching something as important as responding to an amended complaint, given the dire consequences. *See* Fed. R. Civ. P. 55.

Uncertainty can lead to unnecessary motion practice or other prophylactic filings by the non-settling defendants. Clarifying that point and putting minds at ease does not happen on its own. It puts work on – you guessed it – the district court.

Maybe that task, viewed in isolation, does not seem like a big deal. And it isn't. But again, small things can add up. Every little task that a district court has to perform is time and energy that the judge cannot spend on something else. By way of illustration, it's not hard for most of us to pick up an oak leaf. But then go into your backyard in October, take a look at your lawn, and grab a rake.

The burdens would multiply if district courts required non-settling defendants to file amended answers in response to amended complaints. Many district courts would do so, even though the amended complaint merely dropped claims and parties. After all, the Federal Rules require responsive pleadings absent leave of court, *see* Fed. R. Civ. P. 15(a)(3), and an amended answer could avoid confusion down the road. (Imagine trying to use an old answer at trial with paragraph numbers that did not line up with the paragraph numbers of the operative complaint. Chaos could ensue.) More pleadings equal more filings equal more burdens equal more expense.

Worse yet, filing an amended complaint creates lots of extra work for the settling parties. Removing allegations about a settling defendant from a complaint can be a time-consuming, expensive process. Imagine if you were plaintiff's counsel and filed a 100-paragraph complaint with four claims against five defendants. And then, imagine doing a line edit and removing any allegations and claims against only defendant #5. (Be glad you're not the associate.)

Maybe there is room for debate about how much work it is to edit and file an amended complaint. But surely there is no debate that it is a whole lot easier to prepare a one-paragraph notice informing a district court that some of the claims or parties have slipped away.

5

Consider one more illustration. Imagine if Plaintiff X filed a 100-paragraph complaint with five claims against Defendants A, B, and C. And imagine if Plaintiff X settled the claims against Defendant A (only), dropping a few of the claims. Under the current regime, Plaintiff X would have to file a motion for leave to file an amended complaint, and then prepare and file the amended complaint itself. Then, the district court would have to rule on that motion. And then, the district court might receive a motion from the non-settling Defendants B and C about whether they need to file an answer. Or maybe they would simply prepare and file amended answers.

In the real world, that's a lot of filings and a lot of work for a lot of people – in only one case in an endless sea of cases. Surely it would be easier and more efficient simply to file a one-paragraph, one-page stipulation of dismissal, and be done with it.

The Federal Rules do not contain a rule that enables a plaintiff to drop a claim or a party, but leave everything else in the case (except by filing an amended complaint). It is unfortunate that the Federal Rules do not pave an easier off-ramp for individual claims and individual parties. After all, once parties have gone to the burden and expense of achieving a settlement and reaching the finishing line, they don't want a lot of additional obstacles in their path.

When it comes to filing federal lawsuits, there aren't a lot of barriers to entry. The filing fee is relatively small for most parties (and the indigent can get it waived). The Federal Rules are permissive when it comes to adding claims and adding parties. It is not hard to bring defendants into a case. It shouldn't be hard to have them leave, either. It should be easy-in, easy-out.

Low barriers to entry should come with low barriers to exit. Instead of adding transaction costs, the Federal Rules should grease the wheels, and make it easy for settling parties to cut the cord and leave the case. From a judicial economy perspective, the status quo is uneconomical.[2]

The need to trim a case can arise in a couple of different scenarios. One scenario involves dropping some, but not all, claims against a single defendant. Imagine wanting to drop Claim 1, but not Claim 2, against Defendant A. Another scenario involves dropping some, but not all, defendants from a case with multiple defendants. Imagine wanting to drop Defendant A, but not Defendants B and C.

On the first issue, there is less disagreement. Most courts agree that Rule 41(a) is not a path to drop some, but not all, claims against a single defendant. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (4th ed. Apr. 2023 update) ("It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims against the defendant . . . ."); *but see Azkour v. Haouzi*, 2013 WL 3972462, at *3 (S.D.N.Y. 2013) (Sullivan, J.) ("[T]he Court joins

---

[2] Other district courts within the Seventh Circuit have called attention to the inefficiencies required by the current text of Rule 41(a). *See, e.g.*, *Vanover v. Air & Liquid Sys. Corp.*, 2022 WL 1136679, at *1 (S.D. Ill. 2022) (Dugan, J.) ("Possibly in recognition of the impracticality or burden of requiring the repeated filing of amended complaints each time a claim against a defendant is settled, some Courts have in the past determined that the interests of judicial economy may weigh in favor of using Rule 41(a) rather than Rule 15(a) to dismiss fewer than all the parties or claims."); *Jose-Nicolas v. Berry*, 2018 WL 1466769 (S.D. Ill. 2018) (Rosenstengel, J.) ("Using Rule 15 to whittle down the defendants or the claims in a case, however, can be inefficient and lead to unnecessary delays and expenses. There are obvious instances – such as when the plaintiff settles with one of multiple defendants or the parties stipulate to the dismissal of a particular defendant or a particular claim – that it would serve no purpose to require the plaintiff to move to amend his complaint, for which leave would be freely granted, and then require the defendant to answer the new complaint. The additional filings would amount to nothing more than busy work that clutters the docket."); *Manuel v. Nalley*, 2017 WL 6593703, at *1 (S.D. Ill. 2017) (Yandle, J.) ("While the Court acknowledges the plain reading of the Rule, it finds that dismissing defendants Char and Howell, rather than ordering amendment of the Complaint, is in the interest of judicial economy considering the posture of this case.").

7

other courts in this Circuit in interpreting Rule 41(a)(1)(A) as permitting the withdrawal of individual claims.").

There is more disagreement among courts when it comes to dropping some, but not all, parties in multi-defendant cases. The prevailing view is that a "voluntary dismissal may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected." *See* 8 James W. Moore *et al.*, Moore's Federal Practice § 41.21[a][3] (3d ed. 2022) (footnote omitted). That is, the dominant view is that a plaintiff can use Rule 41(a) to drop all claims against a particular defendant, even if other defendants would remain in the case.

The First, Third, Fifth, Eighth, and Ninth Circuits appear to take that approach. *See Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980); *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945); *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc); *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1105 (8th Cir. 1999); *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) ("The question presented by this appeal is whether Rule 41(a)(1) allows a plaintiff to dismiss without a court order fewer than all of the named defendants, or whether the Rule is limited to dismissals of the plaintiff's entire case. . . . We agree with the First, Third, Fifth, and Eighth Circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment. . . . Permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with this purpose."). Those courts adopt a more forgiving, pragmatic (and less textual) reading of Rule 41(a) when the dismissal would end all claims against a party.

The Fifth Circuit, for example, has held that "in a multi-defendant suit, the plaintiff may single out a party for dismissal; in those cases only the dismissed defendant need sign the stipulation." *See Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018); *see also*

8

*Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (holding that Rule 41(a) permits a plaintiff to dismiss just one defendant, "even though the action against another defendant would remain pending").

The Second, Sixth, Seventh, and Eleventh Circuits take the other approach. They read "action" in Rule 41(a) to mean what it says, covering the entire case. *See Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953);[3] *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2020) ("It is clear from the text that only an 'action' may be dismissed. There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit – *e.g.*, a particular *claim* – while leaving a different part of the lawsuit pending before the trial court.");[4] *see also EQT Gathering, LLC v. A Tract of Property Situated in Knott County, Ky.*, 2012 WL 3644968, at *1 (E.D. Ky. 2012) (Thapar, J.) ("That interpretation should not be surprising. The law consistently uses the term 'action' to refer to an entire case or controversy. Historically, 'action' and 'suit' both referred to entire

---

[3] That said, there appears to be a groundswell of resistance to *Harvey Aluminum* within the Second Circuit at the district court level, especially in the Southern District of New York. *See, e.g.*, *Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir. 1979) (noting that *Harvey Aluminum* "has not been well received" and that "subsequent cases have almost uniformly either distinguished *Harvey Aluminum,* limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned"); *Mut. Benefit Life Ins. Co. in Rehabilitation v. Carol Mgmt. Corp.*, 1994 WL 570154, at *1 (S.D.N.Y. 1994) (noting that *Harvey Aluminum* "is no longer persuasive authority" as to the meaning of Rule 41); *Azkour v. Haouzi*, 2013 WL 3972462, at *3 (S.D.N.Y. 2013) (Sullivan, J.).

[4] The Eleventh Circuit used to be part of the Fifth Circuit. And there is an older Fifth Circuit opinion that goes the other way and adopts the majority view, and the Eleventh Circuit has not rejected that decision sitting en banc. *See Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). Still, the recent authority from the Eleventh Circuit flows in the direction of the text. *See, e.g.*, *Est. of West v. Smith*, 9 F.4th 1361, 1367 (11th Cir. 2021) (noting that Rule 41(a)(1)(A)(ii) "means precisely what it says" and permits dismissal of "the action itself" and "not specific claims and not specific defendants"); *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1236 (11th Cir. 2020) (Pryor, C.J., concurring) ("[Rule 41(a)] contemplates the voluntary dismissal of 'an action,' which, we have explained, refers to 'the whole case' instead of particular claims.") (citations omitted).

proceedings or cases."). Under that reading, Rule 41(a) is not a vehicle for dismissing some, but not all, parties from a case.

*Federal Practice and Procedure* recognizes that some courts have interpreted "action" to mean the entire case. But the treatise concludes that "the sounder view and the weight of judicial authority are to the contrary." *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (4th ed. Apr. 2023 update). "The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power. Nevertheless, it seems undesirable and unnecessary to invoke inherent power to avoid an artificial limit on Rule 41(a) that results from a highly literal reading of one word in that Rule." *Id.* (footnote omitted).

A recent en banc decision from the Fifth Circuit illustrates the competing approaches to Rule 41(a). The majority confirmed that Rule 41(a) permits a plaintiff to dismiss a defendant, so long as all claims against that defendant are dismissed. *See Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc). The majority recognized that "[o]ne could . . . plausibly construe 'action' under Rule 41(a) to refer only to the entire case and not to individual defendants." *Id.* at 344 (citing *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953)); *see also id.* at 350 (Ho, J., concurring) ("[A]s the majority acknowledges, the dissent presents a plausible theory that our precedents construing Rule 41(a) are wrong as a matter of text."). Even so, the Fifth Circuit stuck with its longstanding precedent that "interpret[s] 'action' to cover individual defendants – thus allowing plaintiffs . . . to use Rule 41(a) to *dismiss individual defendants*." *Id.* at 345 (majority opinion) (emphasis added).

The dissent would have abandoned the court's precedent permitting a plaintiff to dismiss all claims against a defendant. *See id.* at 362–63 (Oldham, J., dissenting). In the dissenters'

view, the Fifth Circuit had "previously misread Rule 41(a)." *Id.* at 362. Circuit precedent had "rejected a textualist approach to Rule 41(a)(1) and pursued instead '[t]he purpose of the Rule.'" *Id.* (alteration in original) (quoting *Plains Growers*, 474 F.2d at 254). For the dissenters, "[t]he text of Rule 41(a) is more than persuasive; it's determinative." *Id.* at 363. And under the Rule, "[a]n 'action' is the entire lawsuit, not just one part of it." *Id.* at 360 (citation omitted).

All of this is a long way of saying that courts have differing views about what the current version of Rule 41(a) allows. Some courts stick to the text, and other courts seem to bend the language for pragmatic reasons. A better approach is simple: improve the text. When courts widely abandon the text of the Federal Rules, maybe the text could use a little TLC.

From a boots-on-the-ground-floor-of-the-judiciary perspective, the Federal Rules should make it easy for litigants – and for district courts – to trim a case. District courts are overrun as it is, without the Federal Rules imposing unnecessary hoops. The Federal Rules should not create transaction costs when parties want to narrow a case. Everyone would benefit from a user-friendly way to allow parties to hit the exits after burying the hatchet.

The dirty little not-so-secret is that district courts often disregard Rule 41(a) and dismiss part of a case. Many district courts dismiss a party or a claim even though Rule 41(a) contemplates dismissal of an entire "action." *See, e.g.*, *ICICI Bank Ltd. v. Doshi*, 2021 WL 6052117, at *1 (S.D.N.Y. 2021) (collecting cases). Sometimes district courts do so by invoking their inherent powers, but usually they just do it. All too often, Rule 41(a) is honored in its breach.

The fact that district courts feel compelled to invoke their inherent powers for pragmatic reasons, instead of invoking Rule 41(a), should tell you something. Rule 41(a) is an obstacle, not a helper. District courts are working, but Rule 41(a) isn't.

11

One possible fix would be to amend Rule 41(a), to change "dismiss an action" to "dismiss an action, a claim, or a party." Or something along those lines. *Cf.* 28 U.S.C. § 1915A (authorizing district courts to prescreen prisoner complaints, and "dismiss the complaint, or any portion of the complaint").

But in the meantime, the text is what it is. And as things stand, based on the plain language of the text, and based on precedent in this Circuit, Rule 41(a) does not contemplate a dismissal of less than all of a case.

Even if Rule 41 did allow a plaintiff to drop a settling defendant from the case, the parties here did not do it the right way. Rule 41(a) paves two paths for dropping an action: a notice of dismissal or a stipulation of dismissal (on the one hand), or a motion and a court order (on the other). Basically, a dismissal under Rule 41(a)(1) is "[b]y the Plaintiff," and does not require court approval. *See* Fed. R. Civ. P. 41(a)(1). But a dismissal under Rule 41(a)(2) is "[b]y Court Order," and requires a motion and an order. *See* Fed. R. Civ. P. 41(a)(2).

The parties here filed a hybrid request. They filed a motion, which sounds like it falls under Rule 41(a)(2). But they asked the Court to "enter the parties' stipulation," which sounds like it falls under Rule 41(a)(1). The parties can ask for Court approval. Or they can file a stipulation. But asking the Court to approve a stipulation, strictly speaking, isn't a thing.

There is one final problem. For whatever reason, three non-settling defendants filed a motion to approve the dismissal of a settling defendant. The settling defendant, Hibobi Holdings, Ltd., is nowhere to be seen. Presumably Hibobi Holdings, Ltd. won't be disappointed to be dropped from the case, but you never know. If Hibobi Holdings, Ltd. wants this Court to do something, then Hibobi Holdings, Ltd. needs to ask.

In sum, if plaintiff wants to drop Hibobi Holdings, Ltd. from the case, then it can do so, but it needs to file an amended complaint. If that step seems like an unnecessary burden, at least the parties can take comfort from the fact that this Court is on the same page.

Date: June 7, 2023

Steven C. Seeger
United States District Judge