IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERFOCUS INC., <br><br> Plaintiff, <br><br> v. <br><br> HIBOBI TECHNOLOGY LTD; HANGZHOU HIBABY TECHNOLOGY CO., LTD, A.K.A. HANGZHOU HAIBAOBEI TECHNOLOGY CO., LTD; HANGZHOU HIBAO TECHNOLOGY CO., LTD; and HANGZHOU JIULONG TECHNOLOGY CO. LTD.; <br><br> Defendants, Counterclaim Plaintiffs, <br><br> v. <br><br> INTERFOCUS INC. and SHENZHEN YINGFUSI TECHNOLOGY CO., LTD.; <br><br> Counterclaim Defendants | Case No.: 1:22-cv-2259 <br> Hon. Steven C. Seeger <br><br> JURY TRIAL DEMAND |

## DEFENDANTS' RESPONSE TO THE COURT'S JUNE 20, 2023 ORDER

Defendants Hibobi Technology Ltd.; Hangzhou Haibaobei Technology Co. Ltd.; Hangzhou Hibao Technology Co., Ltd.; and Hangzhou Jiulong Technology Co., Ltd. (collectively, "Defendants"), through undersigned Counsel, and pursuant to this Court's Order dated June 20, 2023 (Dkt. 123), submit this response to the Court's Entry ordering Defendants to show cause as to why the documents identified in their Motion to Seal (Dkt. 111) should not be unsealed.

In their Motion to Seal, Defendants asked this Court to seal portions of their Opposition to Plaintiff Interfocus Inc.'s ("Plaintiff's") Motion for Summary Judgment ("Opposition") and portions of their Affirmative Statement of Material Facts ("Affirmative Statement") as well as Exhibits 10-11, 15-22, and 28 to their Response to Plaintiff's Statement of Material Facts. Those documents and portions of documents sort into three categories:

1

1. Excerpts from, analyses of, and copies of work-for-hire and copyright assignment agreements between Plaintiff and other entities

    a. Opposition
    b. Affirmative Statement
    c. Exhibit 15 – Defendants Answers to Interrogatories
    d. Exhibits 16 to 21 – Work for Hire Agreement (as produced by Plaintiff)
    e. Exhibit 22 – Dircks Declaration in Opposition to Summary Judgment

2. Identities of famous brand owners from whom Defendants have obtained licenses

    a. Affirmative Statement

3. Documents previously filed under seal in this action

    a. Exhibits 10 to 11 – Motion for Extension of Time and Declaration of Na Fu in Support (Dkt. 98) (Motion to Seal granted at Dkt. 103)
    b. Exhibit 28 – Defendants Opposition to Motion for Preliminary Injunction (Dkt. 34) (Motion to Seal granted at Dkt. 43)

Each of these three categories of documents is properly filed under seal. With respect to the first category, the protective order in this case permits a party to mark as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" any document containing "(b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential . . . " (Dkt. 41 (granted by Dkt. 44) ¶2.) The first category of documents contains excerpts from, analyses of, or copies of copyright assignments/work-for-hire agreements between Plaintiff and other entities. Plaintiff produced the underlying documents and marked them as Confidential, presumably because such agreements constitute the type of commercial and trade secret information it normally keeps from public view. Thus, Defendants, in keeping with that confidentiality designation, properly asked this Court to seal the excerpts from, analyses of, and copies of these agreements that make up the first category of documents.

Similarly, the second category is a single reference in the Affirmative Statement to the identities of the brands with whom Defendants have contracted for licensing rights. These

identities are trade secret and confidential business information properly marked as Confidential under the Protective Order. Defendants licensing relationships are a closely guarded secret in a highly competitive industry. Thus, the reference is properly sealed.

With respect to the third and final category, this Court has already ruled that these documents are properly sealed, and Defendants have sealed them consistently with the Court's prior rulings.

For the reasons set forth above, Defendants request that the documents identified in their Motion to Seal (Dkt. 111) remain sealed.

DATE: July 21, 2023

Respectfully submitted,

By: */s/ Ziyong Li*
Kal K. Shah (IL Bar No. 6275895)
Rebecca Dircks (IL Bar No. 6299438)
Shandice Sluch (IL Bar No. 6333369)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
kshah@beneschlaw.com
rdircks@beneschlaw.com
ssluch@beneschlaw.com

Ziyong Li (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2225
sli@beneschlaw.com

*Attorneys for Defendants Hibobi Technology Ltd.; Hangzhou Hibaby Technology Co., Ltd.; and Hangzhou Hibao Technology Co., Ltd.*

**CERTIFICATE OF SERVICE**

      I certify that, on July 21, 2023, I electronically filed a copy of the foregoing document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

                                                  /s/ *Ziyong Li*
                                                  Ziyong Li

                                                  *Attorneys for Defendants Hibobi Technology Ltd.; Hangzhou Hibaby Technology Co. Ltd.; Hangzhou Haibaobei Technology Co., Ltd.; Hangzhou Hibao Technology Co., Ltd. Hibobi Holdings, Limited, and Hangzhou Jiulong Technology Co. Ltd.*

4